IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INACOM CORP., on behalf of all affiliated debtors,<br><br>       Plaintiff,<br><br>  vs.<br><br>TECH DATA CORPORATION,<br><br>       Defendant.<br><br>TECH DATA CORPORATION,<br><br>       Third-Party Plaintiff,<br><br>  vs.<br><br>COMPAQ COMPUTER CORP., ITY CORP., and CUSTOM EDGE, INC.,<br><br>       Third-Party Defendants. | Case No. 04-CV-579 |

## HEWLETT-PACKARD COMPANY'S OPPOSITION TO
## MOTION FOR LEAVE TO FILE AMENDED THIRD PARTY COMPLAINT

MORRIS, NICHOLS, ARSHT & TUNNELL
William H. Sudell, Jr. (Delaware Bar No. 463)
Derek C. Abbott (Delaware Bar No. 3376)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

and

FRIEDMAN DUMAS & SPRINGWATER LLP
Ellen A. Friedman (Admitted *Pro Hac Vice*)
Cecily A. Dumas (Admitted *Pro Hac Vice*)
Gail S. Greenwood (Admitted *Pro Hac Vice*)
Brandon C. Chaves (Admitted *Pro Hac Vice*)
One Maritime Plaza, Suite 2475
San Francisco, CA 94111
(415) 834-3800

April 25, 2005

i.

# TABLE OF CONTENTS

Page

TABLE OF CITATIONS                                                    ii

INTRODUCTION                                                           1

NATURE AND STAGE OF PROCEEDINGS                                        3

SUMMARY OF ARGUMENT                                                    4

STATEMENT OF FACTS                                                     6

LEGAL ARGUMENT                                                         8

    I.      TECH DATA'S MOTION SHOULD BE DENIED BECAUSE THE AMENDED CLAIMS LACK MERIT AND ARE BARRED BY THE STATUTE OF LIMITATIONS.                                                     8

        A.    Tech Data's Proposed Claims Lack Merit.                8

        B.    The Proposed Claims Are Barred By The Statute of Limitations.                                                 11

    II.     TECH DATA'S MOTION TO AMEND IS GOVERNED BY RULE 16(B), WHICH REQUIRES A DEMONSTRATION OF GOOD CAUSE.                                        12

    III.    ABSENT RE-OPENING OF DISCOVERY, HP WILL BE PREJUDICED BY THE PROPOSED AMENDMENT.                       14

CONCLUSION                                                            15

ii.

TABLE OF CITATIONS

Cases                                                                Page(s)

*Cornell & Co. v. Occupational Safety & Health Review Comm'n,*
    573 F. 2d 820 (3rd Cir. 1978)                                14

*Eastern Minerals & Chemicals Co. v. Mahan,*
    225 F. 3d 330 (3rd Cir. 2000)                                 12

*Falkenberg Capital Corp. v. Dakota Cellular, Inc.,*
    925 F. Supp. 231 (Dist. Del. 1996)                            11

*Foman v. Davis,*
    371 U.S. 178 (1962)                                            8

*Hawkins v. Barnes,*
    661 So. 2d 1271 (Fla. App. 1995)                              11

*Johnson v. Mammoth Recreations, Inc.,*
    975 F. 2d 604 (9th Cir. 1992)                                 13

*Journal Publishing Co. v. Am. Home Assurance Co.,*
    771 F. Supp. 632 (S.D.N.Y. 1991)                              14

*Rodgers v. Lincoln Towing Service,*
    771 F. 2d 194 (7th Cir. 1985)                                  8

*S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama, NA,*
    315 F. 3d 533 (5th Cir. 2003)                                 13

Statutes and Other Authorities

11 U.S.C. § 547                                                         3

Fed. R. Civ. P. 15                                                  12, 13

Fed. R. Civ. P. 16                                               5, 12, 13

Fla. F.S.A. § 95.11                                                 11, 12

*Restatement (Second) of Conflict of Laws § 188 (1971)*               11

Tex. Civ. Prac. & Remedies Code § 16.004(c)                           11

1.

INTRODUCTION

Five months after the deadline to amend pleadings and after the close of all fact discovery, Defendant Tech Data Corporation ("Tech Data") now seeks to amend its third-party complaint purportedly to (1) add Hewlett-Packard Company ("HP") as the successor in interest to third party defendants Compaq Computer Corp. ("Compaq") and Custom Edge, Inc., and (2) to address facts that came to light during discovery. Specifically, Tech Data now claims that Compaq is responsible for payment of the amounts represented by its Proof of Claim filed in Inacom Corporation's ("Inacom") bankruptcy. In fact, the amended claims have nothing to do with matters of discovery or factual evidence in this case.[1]

Tech Data's motion to amend should be rejected because, among other reasons, the proposed claims lack merit and are barred by the statute of limitations. Testimony and documents show that Compaq only assumed specific accounts payable of Inacom listed on an accounts payable aging report and purchase order accrual report dated February 11, 2000 ("AP Aging Report"). Tech Data's new theory that Compaq assumed all amounts that Inacom owed to Tech Data is contradicted by its own witnesses. Furthermore, Tech Data has had all of the information necessary to support its new theory since February 16, 2000, almost two years prior to the filing of this case and four years before Tech Data filed its third-party complaint against Compaq. Accordingly, Tech Data's motion to amend should be denied in its entirety. If the Court is inclined to

---

[1]     HP is the legal successor in interest to Compaq and Custom Edge. ITY Corp. d/b/a Custom Edge, Inc. was a wholly-owned subsidiary of Compaq. Effective May 3, 2002, Compaq became a wholly-owned subsidiary of HP and was subsequently merged into HP.

2.

allow the proposed amendment, discovery must be re-opened to allow Compaq to investigate the basis of Tech Data's Proof of Claim amounts and reconcile such figures with the assumed liabilities set forth on the AP Aging Report.

3.

## NATURE AND STAGE OF PROCEEDINGS

On June 16, 2000, Inacom filed a petition for Chapter 11 bankruptcy. On May 16, 2002, Inacom filed a complaint against Tech Data seeking avoidance and recovery of approximately $4.6 million of allegedly preferential transfers under 11 U.S.C. § 547.

On April 9, 2004, Tech Data filed its answer and third-party complaint against Compaq and its subsidiary, Custom Edge, Inc. Tech Data's third-party complaint seeks recovery from Compaq of all preferential payments for which Tech Data may ultimately be found liable. (Complaint, ¶ 16 and damage prayer). The complaint does not seek amounts set forth in Tech Data's Proof of Claim against Inacom, filed June 27, 2000.

On October 4, 2004, this Court entered a Scheduling Order setting a deadline for the filing of motions to amend of November 18, 2004. (Scheduling Order, ¶ 1; Exh. A to the Greenwood Declaration). Based on an agreed amendment to the Scheduling Order, the deadline for completion of fact discovery was March 31, 2005. (Amended Scheduling Order, ¶ 1a; Exh. B to the Greenwood Declaration). The parties have engaged in extensive discovery, involving thousands of pages of written discovery and numerous depositions including ten depositions during the last two weeks of March before the close of discovery. Expert discovery is scheduled over the next several months in preparation for trial on October 17, 2005. (Scheduling Order, ¶ 8).

4.

## SUMMARY OF ARGUMENT

1.     Tech Data's motion to amend its third-party complaint should be denied because the proposed claims lack merit.  Tech Data's new legal theory that Compaq agreed to assume all liabilities of Inacom, without regard to invoices or the Asset Purchase Agreement between Compaq and Inacom, is contradicted by the evidence -- most specifically by notes and documents prepared by Tech Data's own witnesses. Under the Asset Purchase Agreement, Compaq agreed to assume only certain accounts payable of Inacom as reflected on the AP Aging Report.  The AP Aging Report does not reflect, and Compaq did not assume, all amounts set forth on Tech Data's Proof of Claim for $929,187.11 as it now alleges, nor did it assume Held Checks that were to be paid to Tech Data subsequent to the asset purchase transaction.  The overwhelming evidence of the case demonstrates that Tech Data was well aware of the separate obligations and amounts due from each of Compaq and Inacom.

2.     Tech Data's motion to amend should also be denied because the proposed claims are barred by the applicable statute of limitations.  The invoices that are the subject of Tech Data's Proof of Claim, which Tech Data now seeks from HP, date back to August 1997.  Even assuming the limitation period was extended based on an alleged letter agreement from Compaq to assume the payables, the statute began to run no later than February 16, 2000, and all claims are now barred.

3.     Tech Data's motion to amend should also be denied because it was filed more than five months after the deadline established by the Court's Scheduling Order.  Tech Data fails to demonstrate good cause to amend the complaint pursuant to

5.

Fed. R. Civ. P. 16(b), including any explanation for its delay in bringing new claims against the defendants.

4.     Finally, Tech Data's motion to amend its third-party complaint should be denied because Compaq will be prejudiced absent a reopening of discovery. In the event that the Court is inclined to grant Tech Data's motion, discovery should be re-opened for the limited purpose of allowing Compaq to investigate Tech Data's $929,187 Proof of Claim and to seek a reconciliation from Inacom or Tech Data of the Proof of Claim amounts (i.e., underlying invoice numbers and amounts) as compared to the AP Aging Report.

6.

## STATEMENT OF FACTS

On January 4, 2000, Compaq and Inacom entered into an Asset Purchase Agreement ("APA") whereby Compaq agreed to purchase certain assets related to Inacom's distribution division. Compaq also agreed to assume certain of the accounts payable of Inacom related to third-party vendors, including Tech Data, as set forth on the AP Aging Report exchanged between the parties. (*See* HP's Response to Interrogatory Nos. 20, 23, and excerpts from the AP Aging Report, attached as Exhs. C and D to Greenwood Declaration).

On February 16, 2000, the date the asset sale closed, Compaq's Corporate Finance Director Bill Francis sent a letter to Mike Zava of Tech Data ("Bill Francis Letter") advising that Compaq had purchased certain Inacom assets and had assumed the obligation to pay the outstanding amount on the referenced Tech Data account, Account Payable #102598. This account consisted of approximately $4.1 million of designated unpaid invoices that Inacom owed Tech Data. (*See* AP Aging Report, p. 1141). Not until Tech Data's motion to amend did Tech Data even suggest that Compaq had any liability for the Proof of Claim amounts, let alone make any demand or attempt to collect them from Compaq.

On May 16, 2002, Inacom sued Tech Data for preferential payments it had received from Inacom prior to the bankruptcy. In turn, Tech Data brought third-party claims against Compaq alleging indemnity as a third-party beneficiary under the APA between Inacom and Compaq, and breach of contract based on the Bill Francis Letter. (Complaint, ¶¶ 10-14). Tech Data claims that the Bill Francis Letter was an assumption by Compaq of all outstanding accounts payable (*id.,* ¶ 11), including amounts that were

7.

not on the AP Aging Report because Inacom had already written a check that was being held by the Treasury Department for release subsequent to the asset sale ("Held Checks"). HP is prepared to demonstrate at trial that Compaq only assumed the specific accounts payable listed on the AP Aging Report and nothing else.

Tech Data apparently realizes that its contention that Compaq assumed all accounts payable is inconsistent with the fact that Tech Data has always pursued certain obligations from Inacom, including the $929,187.11 set forth in its Proof of Claim filed more than four years ago. (*See* Zava Depo. and Proof of Claim attached thereto; Exh. E to Greenwood Declaration). Despite never having attempted to collect these amounts from Compaq or Custom Edge, Tech Data's proposed amended complaint now recasts its theory of liability to argue that all obligations of Inacom were assumed by Compaq, including not just Held Checks, but the Proof of Claim amounts. (Tech Data Motion, p. 3). The proposed amended complaint is no longer limited to the alleged preference payments sought by Inacom from Tech Data. Tech Data has added six new common count claims against HP, Compaq, and Custom Edge for alleged accounts stated and goods sold and delivered, and a claim against HP for indemnity. (Proposed Amended Complaint, ¶¶ 24-67).[2]

---

[2]    Tech Data's Motion to Amend fails to include a black-lined copy of the amended pleading as required by Del. Local Rule 15.1. Whether intentional or by oversight, the absence of a black-lined complaint obfuscates the extent to which Tech Data seeks to change the allegations and the damages that are at issue.

<u>LEGAL ARGUMENT</u>

I.    TECH DATA'S MOTION SHOULD BE DENIED BECAUSE THE AMENDED CLAIMS LACK MERIT AND ARE BARRED BY THE STATUTE OF LIMITATIONS.

Tech Data recognizes that the granting of leave to amend rests within the discretion of the court and is based on factors including undue delay, bad faith, undue prejudice to the party, and futility of the amendment. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Rodgers v. Lincoln Towing Service,* 771 F. 2d 194, 204 (7th Cir. 1985)(denial of amendment affirmed where proposed amendment lacked merit) (cited by Tech Data). Tech Data's motion to amend should be denied because it fails on at least three of these four criteria: the amendment is futile because the proposed claims are overwhelmingly contradicted by the evidence and are barred by the applicable statute of limitations; Tech Data has waited too long to bring these purportedly "new" claims; and the late amendment will prejudice HP.

A.    <u>Tech Data's Proposed Claims Lack Merit</u>.

Contrary to Tech Data's contention in its moving papers, the amended claims are not the result of any admissions during discovery. (Tech Data Motion, p. 2: "In the process of the discovery with Compaq and Custom Edge, it has come to light that Compaq and Custom Edge (and ultimately, HP) admits to having assumed all obligations of Inacom to Tech Data except those that were represented by certain "held checks."). Tech Data evidently misunderstands HP's contention regarding Compaq's assumed liabilities.

9.

HP has never admitted to having assumed all obligations of Inacom to Tech Data except Held Checks. HP unequivocally responded to interrogatories on the subject as follows:

Interrog. 20:  Identify all accounts payable as to which the Third Party Defendants [Compaq and Custom Edge] assumed liability pursuant to the Asset Purchase Agreement.

Response:  HP refers to and incorporates its General Objections. Subject to and without waiving these objections, HP produces herewith the Accounts Payable Aging Report dated February 11, 2000 pursuant to Federal Rule of Civil Procedure 33(d).

Interrogatory Response No. 20; *see also* Response No. 23. The interrogatory responses and an electronic copy of the AP Aging Report were served three months ago, and witnesses have confirmed that Compaq assumed only the amounts specified on the AP Aging Report.

Discovery from Tech Data's own witnesses demonstrates that Tech Data was fully aware that Compaq was not assuming all liabilities of Inacom. The notes of Mike Ward, Senior Credit Manager for Tech Data, are replete with references to a specific "Compaq balance" of funds owed versus an "Inacom balance" of funds owed. Mr. Ward's testimony that after receipt of the Bill Francis Letter on February 16, 2000, "Tech Data was no longer relying on Inacom to pay its debts" (Ward Depo., 66:17-22) is contradicted by his contemporaneous daily notes on the Inacom account:

3/16/00    Mike Ward spoke with Roger Richter . . . Mike Ward noted to Roger that at this time, **$4.555MM was still due from Inacom and $2.1MM was still due from Compaq on the pre-closing invoices.**

Ward Depo. Exh. 1; Exh. F to Greenwood Declaration.

Similarly, an email on March 7, 2000 from Mr. Ward to his supervisor, Michael Zava, reports the following:

10.

> The balance due from Inacom on 2/17/00, the date of the closing was $15,315,168. The balance now due is $6,795,847.54. . . .
>
> The balance to be paid from Compaq was $6,835,761.83. We have received $4,595,284.50 from Compaq. This leaves a balance of $2,240,477.33 due from Compaq.

(*See* Email from Ward to Zava dated 3/17/00; Exh. G to Greenwood Declaration).

The evidence to date demonstrates that Tech Data never thought that Compaq had assumed all obligations of Inacom. Michael Zava, Tech Data's Vice President of Credit and Consumer Services for the Americas, testified that Tech Data never made a demand on Compaq/HP for payment of the Proof of Claim amounts. (Zava Depo., 157:22- 158:21). Mr. Zava has twenty years of experience working for Tech Data, collecting and reconciling accounts throughout the United States, Canada, and Latin America. He is the person most knowledgeable regarding accounts receivable and collections. (*Id.,* 68: 9-12). Mr. Zava signed Tech Data's Proof of Claim stating that Inacom, not Compaq, owed $929,187.11 based on unpaid receivables as of the date of Inacom's bankruptcy petition. (*Id.*, 41:23- 42:14 and Proof of Claim).

Tech Data cannot credibly claim that it was relying on Compaq to pay all outstanding accounts payable based on the Bill Francis Letter or otherwise. Tech Data never tried to collect the Proof of Claim amounts from Compaq because it never believed that Compaq had assumed all debts of Inacom -- until its lawyers developed this revisionist strategy five years later. This amendment to the complaint is purely a legal ploy -- Tech Data is trying to conform its actions to match its new story. The new allegations do not reflect the reality of the asset purchase transaction or the evidence.

B.    The Proposed Claims Are Barred By The Statute of Limitations.

Tech Data's proposed claims should be rejected for the additional reason that they are barred by the applicable statute of limitations. The new common count claims for accounts stated and goods sold and delivered are governed by Florida or Texas law.[3] *See generally Restatement (Second) of Conflict of Laws § 188 (1971). See also* Tex. Civ. Prac. & Remedies Code § 16.004(c) (4 years); and Fla. F.S.A. § 95.11(3)(k) (4 years). The statute of limitations applicable to Tech Data's proposed claims to recover the Proof of Claim amounts is four years under either statute, and has now run.

The statute of limitations on an action for an account stated generally accrues when payment is due. *See, e.g., Hawkins v. Barnes,* 661 So. 2d 1271, 1272 (Fla. App. 1995) (action on open account barred; four-year limitation period accrued from the date of the last item purchased). Unless the parties have agreed otherwise, payment on an account is due immediately. The purpose of establishing statutes of limitations is to promote a prompt resolution of controversies and protect defendants from stale claims and the risk of injustice. *Id.*

---

[3]    Delaware applies the "most significant relationship" approach of the Restatement of Conflict of Laws to resolve choice of law issues sounding in contract when no choice of law is specified by the parties. *Falkenberg Capital Corp. v. Dakota Cellular, Inc.,* 925 F. Supp. 231, 235 (Dist. Del. 1996). Under the Restatement, the factors to be taken into account in determining the "most significant relationship" are: the place of contracting, the place of negotiation of the contract, the place of performance, the location of the subject matter of the contract, and the domicil, residence, nationality, place of incorporation and place of business of the parties. Restatement (Second) of Conflict of Laws § 188 (1971). Applying the Restatement factors, the Bill Francis Letter was written in Texas and sent to Florida. Payment was to be made to Tech Data in Florida. The subject matter of the contract is accounts payable, an intangible, without location. The relevant parties are located in Texas (Compaq), Florida (Tech Data), and Nebraska (Inacom).

Tech Data now seeks payment from HP for invoices dating back to August 1997 and extending through July 2000, as set forth on its Proof of Claim. Assuming *arguendo* that Compaq assumed liability for payment of the outstanding invoices reflected on Tech Data's Proof of Claim, every invoice is more than four years old. The common count claims are all barred. Likewise, assuming Tech Data's new claims are based on the Bill Francis Letter, the statute of limitations began to run on February 16, 2000 and expired no later than February 16, 2005. Fla. F.S.A. § 95.11(2)(b). This controversy is a perfect example of why public policy supports time limits on filing a legal claim. Tech Data filed its Proof of Claim in the Inacom bankruptcy more than four years ago, without ever seeking payment from Compaq. The invoices are certainly stale and there is a risk of injustice to Compaq if evidence is unavailable. Under any applicable statute of limitations, Tech Data's proposed claims are legally barred.

II.    TECH DATA'S MOTION TO AMEND IS GOVERNED
       BY RULE 16(B), WHICH REQUIRES A DEMON-
       STRATION OF GOOD CAUSE.

Tech Data argues that it should be granted leave to amend its complaint under Fed. R. Civ. P. ("Rule") 15(a) and the public policy of liberal amendment. Tech Data ignores the fact that once a court has filed a pretrial scheduling order, establishing motion and discovery cut-offs and a trial date, the federal rules require "good cause" in order to first modify the scheduling order before amending the complaint.

Rule 16(b) provides, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." *See Eastern Minerals & Chemicals Co. v. Mahan,* 225 F. 3d 330, 340 (3rd Cir. 2000) (denial of motion to amend affirmed under Rule 16(b) where

13.

plaintiff sought to add claims six months after deadline without stating what led to the claims or why they could not have been pled earlier. *See also S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama, NA,* 315 F. 3d 533 (5th Cir. 2003) (Rule 16(b) governs amendment of pleading once scheduling order issued; denial of motion to amend affirmed regarding amendment proposed three months after cut-off); *Johnson v. Mammoth Recreations, Inc.,* 975 F. 2d 604, 608 (9th Cir. 1992) (plaintiff failed to demonstrate good cause to amend four months after amendment cut-off; denial of motion to amend affirmed).

In *Mammoth Recreations, Inc.,* 975 F. 2d 604, the court explained that good cause under Rule 16(b) is not coextensive with the inquiry into pleading amendment under Rule 15(a). Rule 16(b) focuses on the diligence of the party seeking amendment, as opposed to liberal amendment under Rule 15 which focuses on bad faith. *Id.* at 609. Under Rule 16(b), the amending party must affirmatively demonstrate good cause for bringing a belated amendment. Prejudice to the opposing party is a distinct and additional reason to deny a motion to amend. *Id.*

Tech Data filed its motion to amend almost five months after the scheduled cut-off. Scheduling Order, ¶ 1. Tech Data's summary motion fails to explain the belated amendment, other than to suggest that "in the process of discovery" Compaq has somehow admitted to assuming all obligations of Inacom except Held Checks. (Tech Data Motion, p. 2). Compaq adamantly denies any such admission, and denies that discovery has anything to do with the claim. Tech Data received copies of all relevant documents, including the APA and the Bill Francis Letter, early in this litigation. Tech Data's motion should be rejected because the proposed amendment is simply a new legal

14.

theory devised by lawyers attempting to avoid the inconsistencies of their case. Tech Data has failed to demonstrate good cause, or any cause, for not raising such a theory prior to the deadline for amending pleadings and prior to the discovery deadline.

III.    ABSENT RE-OPENING OF DISCOVERY, HP WILL BE PREJUDICED BY THE PROPOSED AMENDMENT.

Tech Data's motion to amend also ignores the obvious fact that discovery closed on March 31, 2005. Tech Data's motion should be denied for the additional reason that absent a re-opening of discovery, HP will be unduly prejudiced by the proposed claims. *See, e.g., Cornell & Co. v. Occupational Safety & Health Review Comm'n,* 573 F. 2d 820, 823 (3rd Cir. 1978) (prejudice to the non-moving party is the touchstone for denial of an amendment under Rule 15); *Journal Publishing Co. v. Am. Home Assurance Co.,* 771 F. Supp. 632, 637 (S.D.N.Y. 1991) (court may reopen discovery on limited basis regarding newly raised matters to alleviate prejudice).

Under the Asset Purchase Agreement, Compaq only assumed accounts payable reflected on the AP Aging Report. (*See* Interrogatory Response Nos. 20, 23, and AP Aging Report). Tech Data's proposed amendment necessitates re-opening discovery for the limited purpose of allowing Compaq to obtain information from Tech Data and Inacom regarding amounts set forth on Tech Data's Proof of Claim in order to reconcile them against the AP Aging Report. In particular, the Proof of Claim reflects amounts due based on debit memos, credit memos, and invoices dating back to August 1997. HP does not currently have any information regarding the debit and credit memos that are sought by Tech Data, or the invoices upon which they are based. Accordingly, in the event that the Court grants Tech Data's motion to amend, HP requests that the Court re-open discovery into the Proof of Claim for HP's benefit and to avoid undue prejudice.

15.

## CONCLUSION

Tech Data's motion to amend its third-party complaint against HP is nothing more than a belated legal ploy to avoid the weaknesses of its case. The motion should be denied because the proposed claims are not supported by evidence, and are in fact contradicted by Tech Data's own documents and witnesses. Following the asset purchase transaction between Compaq and Inacom, Tech Data was well aware that Compaq only assumed specific obligations and accounts payable consistent with the AP Aging Report -- not including amounts now sought based on Tech Data's Proof of Claim. At this late date, the proposed claims are legally barred.

In addition to the fact that the proposed claims lack merit, Tech Data's motion to amend was filed without any explanation or showing of good cause months after the Scheduling Order deadline, and the proposed claims will prejudice HP absent additional discovery. For the foregoing reasons, HP respectfully requests that the Court deny the motion to amend. Alternatively, in the event that the Court is inclined to grant Tech Data's amendment, HP requests that discovery be re-opened on a limited basis to allow HP to properly investigate the Proof of Claim amounts in connection with its defense.

MORRIS, NICHOLS, ARSHT & TUNNELL

William H. Sudell, Jr. (Delaware Bar No. 463)
Derek C. Abbott (Delaware Bar No. 3376)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

16.

and

FRIEDMAN DUMAS & SPRINGWATER LLP
Ellen A. Friedman (Admitted *Pro Hac Vice*)
Cecily A. Dumas (Admitted *Pro Hac Vice*)
Gail S. Greenwood (Admitted *Pro Hac Vice*)
Brandon C. Chaves (Admitted *Pro Hac Vice*)
One Maritime Plaza, Suite 2475
San Francisco, CA  94111
(415) 834-3800

April 25, 2005

461995