# EXHIBIT C

Case 1:04-cv-00148-GMS    Document 34-4    Filed 04/25/2005    Page 1 of 7

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| INACOM CORP., on behalf of all affiliated debtors,<br><br>    Plaintiff,<br><br>  vs.<br><br>TECH DATA CORPORATION,<br><br>    Defendant.<br><br>TECH DATA CORPORATION,<br><br>    Third-Party Plaintiff,<br><br>  vs.<br><br>COMPAQ COMPUTER CORP., ITY CORP., and CUSTOM EDGE, INC.,<br><br>    Third-Party Defendants. | Case No. 04-CV-579 |

## THIRD-PARTY DEFENDANT HEWLETT-PACKARD COMPANY'S RESPONSES TO DEFENDANT AND THIRD PARTY PLAINTIFF TECH DATA CORPORATION'S FIRST SET OF INTERROGATORIES

Hewlett-Packard Company ("HP"), as successor in interest to Compaq Computer Corp. a/k/a ITY Corp. and Custom Edge, Inc. ("Compaq") hereby submits the following response to Third-Party Plaintiff Tech Data Corporation's ("Tech Data") First Set of Interrogatories.

### GENERAL OBJECTIONS

The following general objections apply to each interrogatory, whether or not specifically repeated in the responses.

1. HP objects to the definitions and instructions accompanying Tech Data's interrogatories to the extent such definitions and instructions seek to impose a greater

burden on HP than allowed in the Federal Rules of Civil Procedure. HP will comply with the Federal Rules of Civil Procedure in responding to Tech Data's interrogatories.

2. HP objects to Tech Data's interrogatories as unreasonably burdensome to the extent they request information: which is equally available to Tech Data; is already in the possession of Tech Data; or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

3. To the extent that Tech Data's interrogatories, or any part thereof, seek information protected against discovery by the attorney-client privilege, work product doctrine, or call for the impressions, conclusions, opinions, legal research, or theories of the attorneys for HP, HP objects thereto and asserts the privilege provided in the foregoing doctrines to the fullest extent permitted by law. Any production of privileged or protected information by HP is inadvertent and is not intended to waive the applicable privilege or protection; and HP reserves the right to seek the return of such privileged or protected information.

4. HP objects to Tech Data's interrogatories to the extent that they assume facts or legal conclusions that have not been adjudged or determined, or about which HP has no knowledge.

5. HP objects to Tech Data's interrogatories to the extent that discovery is ongoing and information responsive to the interrogatories is, or may be, still under investigation. HP's responses are based on information currently known or available to it based on a diligent search and reasonable inquiry. HP reserves the right to amend its responses in light of information subsequently obtained through discovery or otherwise.

6. HP expressly reserves all objections to relevance, authenticity, and admissibility of any documents.

**RESPONSE TO INTERROGATORY NO. 19:**

HP refers to and incorporates its General Objections. HP further objects that the interrogatory is overbroad, vague and ambiguous. HP further objects to this interrogatory on the grounds that it is unduly burdensome and oppressive based on the breadth of the request. HP further objects that the interrogatory is compound, and therefore propounded in an effort to exceed the statutory limit of 25 interrogatories. Subject to and without waiving these objections, HP produces documents herewith pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 20:**

Identify all accounts payable as to which the Third Party Defendants assumed liability pursuant to the Asset Purchase Agreement.

**RESPONSE TO INTERROGATORY NO. 20:**

HP refers to and incorporates its General Objections. Subject to and without waiving these objections, HP produces herewith the Accounts Payable Aging Report dated February 11, 2000 pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 21:**

Identify all correspondence from the Third Party Defendants to the Third Party Plaintiff regarding the obligation to pay accounts payable that the Third Party Defendants assumed to pay pursuant to the Asset Purchase Agreement.

**RESPONSE TO INTERROGATORY NO. 21:**

HP refers to and incorporates its General Objections. HP further objects that the interrogatory is overbroad, vague, and ambiguous for reasons including but not limited to the responsive time period. Subject to and without waiving these objections, HP produces documents herewith pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 22:**

Identify any and all representations or communications by and between the Third Party Defendants and the Third Party Plaintiff regarding the obligation to pay accounts payable pursuant to the Asset Purchase Agreement.

**RESPONSE TO INTERROGATORY NO. 22:**

HP refers to and incorporates its General Objections. HP further objects that the interrogatory is overbroad, vague and ambiguous, including but not limited to the responsive time period. Subject to and without waiving these objections, HP refers to its Response to Interrogatory No. 21, above, and produces documents herewith pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 23:**

Identify any and all representations or communications by and between the Third Party Defendants and the Plaintiffs regarding the obligation to pay accounts payable pursuant to the Asset Purchase Agreement.

**RESPONSE TO INTERROGATORY NO. 23:**

HP refers to and incorporates its General Objections. HP further objects that the interrogatory is overbroad, vague and ambiguous, including but not limited to the responsive time period. Subject to and without waiving these objections, HP states that Third Party Defendants and the Plaintiffs exchanged numerous communications prior to execution of the Asset Purchase Agreement in connection with the negotiation of such agreement, all of which are consistent with and memorialized in the Asset Purchase Agreement. Under the Asset Purchase Agreement, Compaq assumed and was responsible for all items on the accounts payable aging report and the purchase order accrual report dated February 11, 2000 from all third-party vendors except those specifically excluded by the Asset Purchase Agreement. To the best of HP's knowledge, with the exception of the Asset Purchase Agreement and all documents related thereto, there are no communications

between Third Party Defendants and the Plaintiffs specifically regarding the obligation to pay accounts payable pursuant to the Asset Purchase Agreement.

**INTERROGATORY NO. 24:**

Identify all actions that you have taken to locate documents pertinent to the Third Party Complaint and your Answer, including the Asset Purchase Agreement and all records of communications between you and the Plaintiff regarding the accounts payable to the Third Party Plaintiff.

**RESPONSE TO INTERROGATORY NO. 24:**

HP refers to and incorporates its General Objections. HP further objects that the interrogatory seeks information that is protected by the attorney work product doctrine. HP further objects that the interrogatory is not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 25:**

Identify all electronic records, including meta files, pertinent to the Third Party Complaint and your Answer, including the Asset Purchase Agreement and all records of communications between you and the Plaintiff regarding the accounts payable to the Third Party Plaintiff.

**RESPONSE TO INTERROGATORY NO. 25:**

HP refers to and incorporates its General Objections. HP further objects that the interrogatory is overbroad, vague and ambiguous insofar as it purports to seek all electronic files pertaining to this adversary proceeding. HP further objects that the interrogatory seeks information that is not in its possession, custody, or control to the extent that the interrogatory seeks information regarding Tech Data's complaint. HP further objects to this interrogatory on the grounds that it is unduly burdensome and oppressive based on the breadth of the request. Subject to and without waiving these objections, HP produces documents herewith pursuant to Federal Rule of Civil Procedure 33(d).

or other representatives." HP further objects that the interrogatory is burdensome and oppressive based on its over breadth, for reasons including but not limited to the fact that the interrogatory seeks identification of knowledgeable persons from both the Plaintiff and the Third Party Defendants regarding allegations in the Third Party Complaint as well as HP's Answer. HP further objects on the grounds that this interrogatory is burdensome and oppressive because it exceeds the statutory limit of 25 interrogatories imposed by Federal Rule of Civil Procedure 33(a).

Dated: January 21, 2005              FRIEDMAN DUMAS & SPRINGWATER LLP

By: _____
Ellen A. Friedman (Admitted *Pro Hac Vice*)
Cecily A. Dumas (Admitted *Pro Hac Vice*)
Derrick N. D. Hansen (Admitted *Pro Hac Vice*)
One Maritime Plaza, Suite 2475
San Francisco, CA 94111
Telephone: (415) 834-3800
Facsimile: (415) 834-1044

and

MORRIS, NICHOLS, ARSHT & TUNNELL
William H. Sudell, Jr.
Derek C. Abbott
1201 N. Market Street
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

Attorneys for Third-Party Defendant
Hewlett-Packard Company