IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In the Matter of: | |
| INACOM CORPORATION, *et al.*, | Chapter 11<br>Lead Case No.: 00-02426 (PJW)<br>(Jointly Administered) |
| Debtors. | |
| _____/ | |
| INACOM CORPORATION,<br>    Plaintiff,<br>v.<br>TECH DATA CORPORATION,<br>    Defendant.<br>_____/ | Adv.Pro.No. 02-03496 |
| TECH DATA CORPORATION,<br>    Third Party Plaintiff,<br>v.<br>COMPAQ COMPUTER CORPORATION<br>and CUSTOM EDGE, INC.<br>    Third Party Defendants.<br>_____/ | |

## THIRD PARTY COMPLAINT

Tech Data Corporation (hereafter "Tech Data"), Defendant and Third Party Plaintiff, by its undersigned counsel, brings this Third Party Complaint against Compaq Computer Corporation (hereafter "Compaq") and Custom Edge, Inc. (hereafter "Custom Edge"), Third Party Defendants on the following causes of action:

## JURISDICTION AND VENUE

1. Jurisdiction is founded upon 28 U.S.C. § 157 and 28 U.S.C. § 1334.

2. This Court has supplemental jurisdiction over the claims stated herein pursuant to 28 U.S.C. § 1367.

{N0450244_1}

3.   By virtue of the nature of the allegations contained in the Third Party Complaint, this is a core proceeding.

4.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## ALLEGATIONS COMMON TO ALL COUNTS

5.   Tech Data is a Delaware corporation.

6.   Compaq is a Delaware corporation.

7.   Compaq is successor in interest to Custom Edge which was formerly known as ITY Corporation which was a Delaware corporation. Prior to its merger with Compaq, Custom Edge was a wholly owned subsidiary of Compaq.

8.   Inacom Corp. (hereafter "Inacom"), the Plaintiff in the within adversary proceeding, filed a voluntary petition under Chapter 11 of the Bankruptcy Code on June 16, 2000 (hereafter the "Petition Date"), and since the Petition Date, Inacom has remained in possession and control of the assets of the Estate as Debtor and Debtor in Possession.

9.   More than ninety (90) days prior to the Petition Date, on or about January 4, 2000, Compaq, Custom Edge and Inacom entered into a certain "Asset Purchase Agreement" (hereafter the "Asset Purchase Agreement"). A true and correct copy of the Asset Purchase Agreement is attached hereto and marked Exhibit "A" and to be made a part hereof.

10.   In accordance with the terms of the Asset Purchase Agreement, Custom Edge assumed the liability for certain accounts payable of Inacom as part of the consideration for the purchase of the assets of Inacom. As forth on the exhibit to the Asset Purchase Agreement, Inacom's obligations and debts which were owed to Tech

Data were specifically listed as obligations to be assumed by Custom Edge (hereafter the "Assumed Obligations").

11.     On or about February 16, 2000, Compaq over the signature of Bill Francis, Director, Corporate Finance, sent a letter to Tech Data whereby Compaq represented to Tech Data that Custom Edge "assumed the obligation to pay" the Assumed Obligations, and further stated that Compaq would provide the funds necessary to satisfy the Assumed Obligations. A true and correct copy of that letter (hereafter the "Assumption Letter") is attached hereto and marked Exhibit "B" and to be made a part hereof.

12.     In reliance upon the Asset Purchase Agreement and the representations made in the Assumption Letter, and based upon additional representations made to Tech Data, Tech Data continued to (1) provide goods on credit to Custom Edge, as successor in interest to Inacom, and (2) forbore from taking any action to collect the obligations of Inacom that were due to Tech Data which comprised the Assumed Obligations.

13.     At least from the date of the Assumption Letter, if not earlier, Custom Edge and Compaq had liability to Tech Data for the Assumed Obligations.

14.     Compaq succeeded to the obligations and liabilities of Custom Edge through merger, and, by virtue of its correspondence and commitments, obligated itself to indemnify Tech Data from any losses as a result of the obligations assumed from Inacom.

15.     In 2002, Inacom filed the within adversary proceeding and has alleged that during the period of ninety (90) days prior to the Petition Date, it paid part or all of the payment obligations to Tech Data via eight separate checks totaling $4,591, 014.00. In said Complaint, Inacom seeks to recover these amounts as preferential transfers in accordance with 11 U.S.C. § 547.

16. While Tech Data does not believe that Inacom has appropriate standing or can form a basis for any claim for relief against Tech Data under 11 U.S.C. § 547 or otherwise, to the extent this Court finds that Tech Data is obligated to return any of the payments received from Inacom, Compaq and Custom Edge are liable to Tech Data.

## COUNT I
### (Breach of Contract Against Custom Edge)

17. All of the allegations contained in paragraphs 1 through 16 of this Complaint are hereby incorporated by reference in this Count I.

18. The payment obligations to Tech Data were expressly assumed by Custom Edge in the Asset Purchase Agreement.

19. Custom Edge and Compaq represented in the Asset Purchase Agreement that Custom Edge had assumed the payment obligations, and that Compaq would provide the funds to pay these obligations.

20. Tech Data is a third party beneficiary of Custom Edge's assumption of the payment obligations under the terms of the Asset Purchase Agreement.

21. Tech Data acted in reliance of the contractual obligations of Custom Edge and Compaq. Tech Data is a third party beneficiary to the obligations of Custom Edge and Compaq.

22. By failing to pay and satisfy the payment obligations, Custom Edge has breached its obligations to Tech Data.

WHEREFORE, Tech Data prays this Court to enter a judgment against Custom Edge for:

(a) any and all amounts that may be found to be due by Tech Data to Inacom in the within adversary proceeding;

(b) all attorney's fees and costs incurred by Tech Data in defending the adversary proceeding brought by Inacom as well as in bringing this Third Party Complaint; and

(c) such other and further damages as are appropriate.

## COUNT II
### (Breach of Contract Against Custom Edge)

23. All of the allegations contained in paragraphs 1 through 16 of this Complaint are hereby incorporated by reference in this Count II.

24. The payment obligations to Tech Data were expressly assumed by the Custom Edge in the Assumption Letter.

25. The Assumption Letter created a valid and binding contractual agreement by and between Custom Edge and Tech Data.

26. By failing to pay and satisfy the payment obligations, Custom Edge breached its obligations to Tech Data under the Assumption Letter.

WHEREFORE, Tech Data prays this Court to enter a judgment against Custom Edge for:

(a) any and all amounts that may be found to be due by Tech Data to Inacom in the within adversary proceeding;

(b) all attorney's fees and costs incurred by Tech Data in defending the adversary proceeding brought by Inacom as well as in bringing this third party action; and

(c) such other and further damages as are appropriate.

## COUNT III
### (Breach of Contract Against Compaq)

27. All of the allegations contained in paragraphs 1 through 16 of this Complaint are incorporated by reference in this Count III.

28. In the Asset Purchase Agreement, Compaq guaranteed the payment of the obligations due to Tech Data, including the payment obligations.

29. Custom Edge and Compaq represented in the Asset Purchase Agreement that Custom Edge had assumed the payment obligations, and that Compaq would provide the funds to pay these obligations.

30. Tech Data is a third party beneficiary of Compaq's contractual agreements to fund the payment of the debts due to Tech Data by Inacom, including the payment obligations.

31. By failing to pay and satisfy the payment obligations pursuant to its agreements, Compaq has breached its obligations to Tech Data as third party beneficiary of the Asset Purchase Agreement.

32. Tech Data relied upon the agreements of Compaq in continuing to do business with Custom Edge, and in forbearing from taking any action against Inacom.

WHEREFORE, Tech Data prays this Court to enter a judgment against Compaq for:

(a) any and all amounts that may be found to be due by Tech Data to Inacom in the within adversary proceeding;

(b) all attorney's fees and costs incurred by Tech Data in defending the adversary proceeding brought by Inacom as well as in bringing this third party action; and

(c) such other and further damages as are appropriate.

## COUNT IV
### (Claim for Indemnity Against Custom Edge)

33. All of the allegations contained in paragraphs 1 through 16 of this Complaint are incorporated by reference in this Count IV.

34. The payment obligations were expressly assumed by Custom Edge in the Asset Purchase Agreement and in the Assumption Letter.

35. As the primary obligor for the payment obligations, Custom Edge is a guarantor of any payments on those obligations by Inacom, and a guarantor of any obligations of Inacom that are not ultimately satisfied.

36. The Assumption Letter created a valid and binding contractual agreement by and between Tech Data and Custom Edge, pursuant to which Custom Edge agreed to pay to Tech Data the payment obligations.

37. By suffering or permitting Inacom to pay the payment obligations to Tech Data, notwithstanding the obligations of Custom Edge to do so, Custom Edge placed itself in a surety position owing direct indemnity to Tech Data for any failure by Inacom to fully satisfy the payment obligations. To the extent that Inacom satisfied the obligations of Custom Edge, Custom Edge received a concurrent benefit.

38. By virtue of its various agreements and actions, Custom Edge is obligated to indemnify Tech Data in the event of any recovery obtained by Inacom in the within adversary proceeding or otherwise, and all cost of defense incurred by Tech Data in opposing the Inacom claims and asserting this third party action.

WHEREFORE, Tech Data prays this Court to enter a judgment against Custom Edge for:

(a) any and all amounts that may be found to be due by Tech Data to Inacom in the within adversary proceeding;

(b) all attorney's fees and costs incurred by Tech Data in defending the adversary proceeding brought by Inacom as well as in bringing this third party action; and

(c) such other and further damages as are appropriate.

## COUNT V
### (Claim of Indemnity Against Compaq)

39. All of the allegations contained in paragraphs 1 through 16 of this Complaint are incorporated by reference in this Count IV.

40. The payment obligations were expressly assumed by Compaq in the Asset Purchase Agreement and in the Assumption Letter.

41. As the primary obligor for the payment obligations, Compaq is a guarantor of any payments on those obligations by Inacom, and a guarantor of any obligations of Inacom that are not ultimately satisfied.

42. The Assumption Letter created a valid and binding contractual agreement by and between Tech Data and Compaq, pursuant to which Compaq agreed to pay to Tech Data the payment obligations.

43. By suffering or permitting Inacom to pay the payment obligations to Tech Data, notwithstanding the obligations of Compaq to do so, Compaq placed itself in a surety position owing direct indemnity to Tech Data for any failure by Inacom to fully satisfy the payment obligations. To the extent that Inacom satisfied the obligations of Compaq, Compaq received a concurrent benefit.

44. By virtue of its various agreements and actions, Compaq is obligated to indemnify Tech Data in the event of any recovery obtained by Inacom in the within adversary proceeding or otherwise, and all cost of defense incurred by Tech Data in opposing the Inacom claims and asserting this third party action.

WHEREFORE, Tech Data prays this Court to enter a judgment against Compaq for:

(a) any and all amounts that may be found to be due by Tech Data to Inacom in the within adversary proceeding;

(b) all attorney's fees and costs incurred by Tech Data in defending the adversary proceeding brought by Inacom as well as in bringing this third party action; and

(c) such other and further damages as are appropriate.

Dated: December \_\_\_\_, 2003.

                           HERLIHY, HARKER & KAVANAUGH

                           By: _____
                              James F. Harker (Bar No. 255)
                              Local Counsel for Defendant
                              1300 North Market Street, Suite 400
                              Wilmington, Delaware 19899
                              302-654-3111 (Telephone)
                                  and
                              ADORNO & YOSS, P.A.
                              Attorneys for Defendant
                              Charles M. Tatelbaum
                              Florida Bar No.: 177540
                              Stephen C. Hunt
                              Florida Bar No.: 191582
                              350 E. Las Olas Boulevard
                              Suite 1700
                              Fort Lauderdale, FL  33301
                              Telephone: (954) 763-1200
                              Facsimile: (954) 766-7800

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a true and accurate copy of the forgoing Motion for Leave to File Third Party Complaint was furnished via first class mail, with fully pre-paid postage affixed thereto, upon all parties listed below on this ____ day of December, 2003.

_____
James F. Harker

**SERVICE LIST**

| | |
|---|---|
| Christopher J. Lhulier<br>Pachulski Stang, et al.<br>919 N. Market Street, 16th Floor<br>Wilmington, DE 19899 | Jason W. Staib<br>Blank Rome LLP<br>1201 Market Street, Ste. 800<br>Wilmington, DE 19801 |
| Daniel J. Anker<br>Park Plaza, 1100 Lovering Ave., #20<br>Wilmington, DE 19806 | Joseph J. McMahon Jr.<br>Office of the U.S. Trustee<br>844 King Street, Ste. 2313<br>Wilmington, DE 19801 |