UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

04-148 GmS

INACOM CORPORATION, on behalf
of all affiliated debtors,

    Plaintiff,

vs.

TECH DATA CORPORATION,

    Defendant.
_____/

TECH DATA CORPORATION,

    Third-Party Plaintiff,

vs.

COMPAQ COMPUTER CORP.
and CUSTOM EDGE, INC.,

    Third-Party Defendants.
_____/

Case No. 04-CV-579 (GMS)
Bankr. Case No. 00-02426 (PJW)

### TECH DATA CORPORATION'S RESPONSE TO HEWELETT-PACKARD COMPANY'S OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED THIRD-PARTY COMPLAINT

Defendant and Third-Party Plaintiff, TECH DATA CORPORATION ("Tech Data"), by and through its undersigned counsel, hereby responds to the Opposition to Tech Data Corporation's Motion for Leave to File Amended Third-Party Complaint (the "Opposition"), and states as follows:

By this Response, Tech Data respectfully submits that the Motion for Leave to File Amended Third-Party Complaint (the "Motion") should be granted for the following reasons: (1) good and sufficient cause exists to permit this Court to allow the proposed amendments to the Third-Party Complaint; (2) the claims proposed by Tech Data

{N0537901_1}

Corporation have been asserted within the Statute of Limitations period; and (3) none of the parties will be adversely affected or prejudiced as the issues involved.

I. **Good and Sufficient Cause Exists To Permit This Court to Allow the Amendments Proposed by Tech Data Corporation**

Tech Data maintains that the appropriate standard in governing the amendment of its Third-Party Complaint is Rule 15(a) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 15(a) provides that "leave [to amend] shall be freely given when justice so requires....We have noted that the courts have shown a strong liberality ... in allowing amendments under Rule 15(a)." Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989). "Leave should be freely granted unless there is an apparent or declared reason for denial, *e.g.,* undue delay, bad faith, or dilatory motive on the part of the movant; undue prejudice to the opposing party; or futility of the amendment." France Telecom S.A. v. Novell, Inc., 2002 WL 31355255, *1 (D. Del. 2002). There is a general presumption in favor of allowing a party to amend its pleadings. Azarbal v. Medical Center of Delaware, Inc., 724 F. Supp. 279, 281 (D. Del. 1989) (citing Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir.), *cert. denied,* 469 U.S. 871 (1984)).

Hewlett-Packard argues delay as one of its main reasons for denial of the Motion. It was not until Tech Data participated in depositions by Inacom that the need to amend the Third-Party Complaint arose—specifically resulting from the positions taken by Inacom, Compaq, and Custom Edge during the extensive discovery process. Upon learning of the newly discovered factual bases supporting the additional claims and need to add Hewlett-Packard, Tech Data timely moved this Court for leave to amend. Irrespective, "[d]elay, by itself, is not a sufficient reason for a court to deny a motion to amend a complaint." In re Vision Metals, Inc., 311 B.R. 692, 701-702 (Bankr. D. Del.

2004) (denying the motion to amend as futile). "Rather the key factor is whether the nonmoving party will be prejudiced if the amendment to the pleading is allowed." Id.; Cureton v. National Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (holding that "[t]he mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay"). Hewlett-Packard has failed to demonstrate futility, prejudice or undue delay.

Even if the appropriate standard were pursuant to Fed.R.Civ.P. 16(b), as Hewlett-Packard suggests, Tech Data submits that the "good cause" standard is satisfied. *See, e.g.,* Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc., 295 F.Supp.2d 430, 433-434 (D. Del. 2003). In Callaway, a party attempted to amend its counterclaim. Id. at 433. Callaway argued that the court's Scheduling Order precluded Dunlop from amending its counterclaim. Id. The court allowed the amendment finding Callaway's argument unpersuasive. First, Dunlop had alleged that it was unaware of the basis for its negligence claims until the deposition of a Callaway employee on the day after the stipulated deadline for amendments. Id. The court, relying upon the Supreme Court's guidance to the "lower federal courts to heed the liberal policy of amendment embodied in Rule 15(a)," held that Dunlop had demonstrated enough under Fed.R.Civ.P. 16(b) to permit modification of the Order. Id. (citing Foman v. Davis, 371 U.S. 178, 181-82 (1962)). Second, the Scheduling Order had already been modified at least twice for the mutual benefit of both parties. Callaway, 295 F. Supp.2d at 433; *see also* Enzo Life Sciences, Inc. v. Digene Corp., 270 F. Supp.2d 484, 490 (D. Del. 2003) (granting a motion to amend an answer and counterclaim where good cause was demonstrated). In Enzo, the court explained that the Scheduling Order had been modified several times to

serve the interests of the parties and that the amendment was filed soon after the party was able to satisfy the pleading requirements of Rule 9(b). 270 F. Supp.2d at 490.

Similarly, Tech Data timely moved for leave to amend upon discovering new factual circumstances resulting from positions taken by Inacom and Compaq during the discovery process. Moreover, the Scheduling Order has been amended previously for the benefit of all parties. Pursuant to either Fed.R.Civ.P. 15(a) or 16(b), Tech Data has demonstrated good cause.

## II.    The Claims Proposed by Tech Data Corporation Have Been Asserted Within the Statute of Limitations Period

Tech Data's proposed claims have been asserted well within the applicable statute of limitations period. The proposed claims asserted by Tech Data (specifically, for account stated, goods sold and delivered, and claim of indemnity) arise from the Asset Purchase Agreement dated January 4, 2000, between Compaq and Inacom ("APA"). In accordance with the APA, Custom Edge assumed the liability for certain accounts payable of Inacom as part of the consideration for the purchase of the assets of Inacom. Inacom's obligations and debts owed to Tech Data were specifically listed as obligations to be assumed by Custom Edge (the "Assumed Obligations').

On or about February 16, 2000, Compaq sent a letter to Tech Data agreeing that Custom Edge assumed the obligation to pay the Assumed Obligations to Tech Data (the "Assumption Letter"). In reliance upon the APA, Assumption Letter, and additional representations made to Tech Data, Tech Data continued to provide goods on credit to Custom Edge, as successor-in-interest to Inacom and forbore from taking any action to collect upon the Assumed Obligations of Inacom which were due to Tech Data.

Compaq succeeded to the obligations and liabilities of Custom Edge through merger, and, by virtue of its correspondence and commitments, obligated itself to indemnify Tech Data from any losses as a result of the Assumed Obligations from Inacom. Hewlett-Packard succeeded to the obligations and liabilities of Compaq through merger. By operation of agreement and operation of law, Hewlett-Packard obligated itself to assume all of the obligations of indemnity and otherwise to Tech Data from Compaq and Custom Edge.

Contrary to Hewlett-Packard's meritless arguments, the governing law pursuant to Section 13.05 of the APA is clearly New York Law, which has a six-year statute of limitations period for express or implied actions based upon contract. *Section 13.05, Asset Purchase Agreement dated January 4, 2000, between Compaq and Inacom*; NY CPLR 213(2). Because the statute of limitations period for Tech Data's proposed claims is a six-year period, Tech Data is well within the applicable statute of limitations period and not barred from asserting the proposed claims.

### III. None Of The Parties Will Be Adversely Affected Or Prejudiced As The Issues Involving The Account Between Tech Data And Inacom, As Well As Inacom's Obligations By Compaq And Custom Edge, Have Been The Subject Of Extensive Discovery.

Counsel for Compaq and Custom Edge have extensively questioned the Rule 30(b)(6) witnesses of Tech Data at their depositions with respect to the proposed claims at issue. None of the parties will be adversely affected or prejudiced if Tech Data were permitted to amend its Third-Party Complaint. The need to amend the Third-Party Complaint, in fact, arose from the positions taken by Inacom, Compaq, and Custom Edge during the discovery process.

For the foregoing reasons, Tech Data Corporation respectfully requests that this Court grant its Motion for Leave to File Amended Third-Party Complaint; and for other relief as deemed just and proper.

Dated: May 2, 2005

      /s/ James F. Harker
HERLIHY, HARKER & KAVANAUGH
James F. Harker (Bar No. 255)
Local Counsel for Defendant
1300 North Market Street, Suite 400
Wilmington, Delaware 19899
Telephone: (302) 654-3111

-and-

ADORNO & YOSS, LLP
*Attorneys for Defendant and Third-Party Plaintiff, Tech Data Corporation*

By:   /s/ Charles M. Tatelbaum
     Charles M. Tatelbaum
     (Admitted Pro Hac Vice)
     Stephen C. Hunt
     (Admitted Pro Hac Vice)
     350 E. Las Olas Boulevard
     Suite 1700
     Fort Lauderdale, FL 33301
     Telephone: (954) 763-1200
     Facsimile: (954) 766-7800

## CERTIFICATE OF SERVICE

On May 2, 2005, I caused a true and accurate copy of the within *Response to Hewlett-Packard Company's Opposition to Motion for Leave to File Amended Third-Party Complaint* to be served to be served *via **U.S. mail*** and ***electronic mail transmission*** upon the following parties:

To: William H. Sudell, Jr., Esq.  
Derek C. Abbott, Esq.  
Morris, Nichols, Arsht & Tunnell  
1201 N. Market Street  
Wilmington, DE 19899-1347  
Facsimile (302) 658-3989  
dabbott@mnat.com  
wsudell@mnat.com  

Ellen A. Friedman, Esq.  
Brandon Chaves, Esq.  
Cecily A. Dumas, Esq.  
Friedman Dumas & Springwater LLP  
One Maritime Plaza, Suite 2475  
San Francisco, CA 94111  
Facsimile (415) 834-1044  
efriedman@friedumspring.com  
bchaves@friedumspring.com  
cdumas@friedumspring.com  

/s/ James F. Harker