UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

INACOM CORP., et al.

  Plaintiffs

  v.

TECH DATA CORP.

  Defendant

Civil Action No. 04-CV-148 (GMS)

INACOM CORP., et al.

  Plaintiffs

  v.

DELL COMPUTER CORP.

  Defendant

Civil Action No. 04-CV-582 (GMS)

INACOM CORP., et al.

  Plaintiffs

  v.

LEXMARK INTERNATIONAL, INC.

  Defendant

Civil Action No. 04-CV-583 (GMS)

DKT. NO. 37
DT. FILED 5|16|05

INACOM CORP., et al.

**Plaintiffs**

v.

INGRAM ENTERTAINMENT INC.

**Defendant**

Civil Action No. 04-CV-593 (GMS)

**OPENING MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
FOR THE COURT TO CONSOLIDATE FOR TRIAL, PURSUANT TO
FRCP 42(a), FOUR ACTIONS PENDING ON THE COURT'S DOCKET**

James F. Harker
Herlihy, Harker & Kavanaugh
1400 North Market Street, Suite 200
P.O. Box 1597
Wilmington, Delaware 19899

Charles M. Tatelbaum
Stephen C. Hunt
Adorno & Yoss, L.L.P.
350 East Las Olas Blvd., 17th Floor
Fort Lauderdale, Florida 33301

Attorneys for Defendant
Tech Data Corp.

Patricia P. McGonigle
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, Delaware 19899

Sabrina L. Streusand
G. James Landon
Texas State Bar No. 11701700
Hughes & Luce, L.L.P.
111 Congress Avenue, Suite 900
Austin, Texas 78701

Attorneys for Defendant
Dell Computer Corp.

Thomas G. Whalen Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel: (302) 425-3307
Fax: (302) 654-5181

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel: (502) 568-9100
Fax: (502) 568-5700

Attorneys for Defendant
Lexmark International, Inc.

Thomas G. Macauley (ID No. 3411)
Zuckerman Spaeder LLP
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, Delaware 19899-1028
Tel.: (302) 427-0400
Fax: (302) 427-8242

Jonathan P. Hersey
Bingham McCutchen LLP
600 Anton Blvd., 18th Floor
Costa Mesa, California 92626

Attorneys for Defendant
Ingram Entertainment Inc.

Dated May 10, 2005

**TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ...................................................................... i

TABLE OF AUTHORITIES .............................................................. ii

I.    INTRODUCTION ............................................................... 1

II.   NATURE AND STAGE OF THE PROCEEDINGS .......................... 1

III.  SUMMARY OF THE ARGUMENT ............................................ 2

IV.   STATEMENT OF FACTS ...................................................... 3

V.    ARGUMENT AND AUTHORITIES ........................................... 5

      A.    Consolidation Of The Actions For Trial Is Appropriate As They
           Involve Common Questions Of Law and Fact ....................................... 5

      B.    Consolidation Of The Actions For Trial Is Appropriate As It Will
           Tend To Avoid Unnecessary Costs And Delay ..................................... 7

      C.    If Consolidation Is Ordered, A Joint Jury Trial Can And Should Be
           Ordered ............................................................................. 8

VI.   CONCLUSION .................................................................. 9

## TABLE OF AUTHORITIES CITED

**Cases**                                                                                    **Page**

*Cedars-Sinai Medical Center v. Revlon, Inc.*, 111 F.R.D. 24 (D. Del. 1986) .......7, 8, 9

*Henry v. Goliger*, 94 F.Supp. 385 (S.D.N.Y. 1950) ........................................................5

*In re Cendant Corp.*, 182 F.R.D. 476 (D.N.J. 1998) .....................................................5

*In re NationsRent, Inc.*, No. 01-11628, 2003 Bankr. LEXIS 738 (Bankr. Del. 2003) ..........................................................................................................................5

*In re Southern Industrial Banking Corp.*, No. 3-83-00372, 1988 Bankr. LEXIS 1641 (Bankr. E.D. Tenn. 1988) ............................................................................5

*Waste Distillation Technology, Inc. v. Toman*, 775 F.Supp. 759 (D. Del. 1991) ..........6

**Rules of Procedure**

*Fed.R.Civ.P. 42(a)*, ......................................................................................................5

*Fed.R.Civ.P. 39(b)*, ...................................................................................................5, 8

**Bankruptcy Code Provisions**

*11 U.S.C. § 547*, ...........................................................................................................3

*11 U.S.C. § 547(b)*, .......................................................................................................6

*11 U.S.C. § 547(b)(3)*, ..................................................................................................2

*11 U.S.C. § 547(c)(2)* ...................................................................................................6

*11 U.S.C. § 550* .............................................................................................................3

## I. INTRODUCTION

Defendants Tech Data Corp. ("Tech Data"), Dell Computer Corp. ("Dell"), Lexmark International, Inc. ("Lexmark") and Ingram Entertainment Inc. ("Ingram") (collectively "Defendants"), pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), move the Court to consolidate for trial the four actions referenced in the caption of this memorandum on the grounds that the actions involve common questions of law and fact, and consolidation will result in a savings of the Court's time and the litigants' time and money. In important respects, all of the parties to this litigation have proceeded as if the cases were de facto consolidated. Depositions have been undertaken on a consolidated basis, discovery issues have been addressed by the respective constituencies on a consolidated basis, the plaintiffs have each retained expert witnesses on the issue of solvency that are common to each defendants' case, and whose opinions rely upon the consolidated facts of the various actions. This memorandum is tendered by Defendants in support of the motion.

## II. NATURE AND STAGE OF THE PROCEEDINGS

On June 28, 2004, the Court's order was entered withdrawing the reference to the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") of a number of adversary proceedings brought by Plaintiff InaCom Corp. ("InaCom") in its bankruptcy case.[1] The adversary proceedings where the reference to the Bankruptcy Court was withdrawn include the four separate proceedings brought by InaCom against Defendants. Each of the former adversary proceedings is now pending as a separate action on the Court's docket.

---

[1]  In re InaCom Corp., et al., Bankr. Case No. 00-2426 (PJW).

On September 27, 2004, the Court held a telephonic scheduling conference in eight of the former adversary proceedings brought by InaCom where the reference to the Bankruptcy Court had been withdrawn. Included were the actions against Defendants. During the conference, Defendants' attorneys advised the Court that they believed the actions brought against them by InaCom should be consolidated.

Following the telephonic scheduling conference, on October 4, 2004, the Court entered a scheduling order scheduling various pretrial deadlines and the eight former adversary proceedings — including the four actions brought by InaCom against Defendants — for trial on October 17, 2005.

The deadline for discovery has now passed and the actions brought by InaCom against Defendants remain scheduled for trial on October 17, 2005. Defendants believe it is now proper to move the Court to consolidate for trial the four actions brought by InaCom against Defendants.

### III. SUMMARY OF THE ARGUMENT

InaCom asks that the Court avoid as preferential the payments made by InaCom to Defendants within 90 days of the filing of its bankruptcy petition. This is the gravamen of the complaint filed by InaCom in each of the four actions against Defendants. The parties have cooperated in discovery as if the actions had been consolidated. Defendants have together retained the same experts to testify as to InaCom's solvency.[2]

Under the circumstances, the four actions involving common issues of law and fact, Defendants respectfully submit that the Court should exercise its discretion and order the consolidation for trial of the actions brought by InaCom against Defendants.

---

[2]    To avoid a payment as a preferential transfer, the payment must have been made while the debtor is insolvent. 11 U.S.C. § 547(b)(3). Defendants each allege in their answers to InaCom's complaint that it was solvent during the 90 day period before the filing of its bankruptcy petition.

2

### IV. STATEMENT OF FACTS

Prior to its bankruptcy, InaCom was a "leading single-source provider of information technology products and technology management services to primarily Fortune 1000 clients." (InaCom Complaint ¶ 1). Defendants were each vendors to InaCom.

On June 16, 2000, InaCom filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code with the Bankruptcy Court. In May 2002, InaCom filed a number of adversary proceeding complaints against those that had received payments from InaCom within the ninety-day period preceding the filing of its bankruptcy petition. Included among the defendants to these adversary proceedings were Defendants.

InaCom alleges in its virtually identical complaints against Defendants that it made payments to Defendants during the ninety-day period preceding the filing of its petition. (InaCom Complaint ¶ 7). InaCom asked the Bankruptcy Court to "avoid" the payments and order Defendants to repay, pursuant to 11 U.S.C. §§ 547 and 550, the money they received from InaCom during the ninety-day period.

Defendants each filed answers to InaCom's complaints denying the allegations that they had received preferential payments. In addition, Defendants each alleged in their answers that the payments they received from InaCom during the ninety-day period were not preferential because (1) InaCom was solvent at the time the individual payments were made and (2) InaCom had made the payments in the ordinary course of its business.

Two of the defendants, Tech Data and Lexmark, each filed a third-party complaint against Compaq Computer Corporation ("Compaq") and ITY Corp., a wholly owned subsidiary of Compaq. ITY Corp. subsequently changed its name to Custom Edge, Inc. and was merged with Compaq. Compaq was the surviving company. Compaq, after the occurrence of the

3

matters at issue here, merged with Hewlett-Packard Company ("HP"). HP is the surviving company. HP is the successor in interest for ITY Corp., Custom Edge, Inc. and Compaq. Both

## Tech Data's and Lexmark's third-party complaints remain pending against HP, the surviving

entity and successor in interest.

In their respective third-party complaints, Tech Data and Lexmark each allege that on January 4, 2000, Compaq, Custom Edge, Inc. and InaCom entered into an agreement ("Asset Purchase Agreement"). Pursuant to the terms of the Asset Purchase Agreement, Custom Edge assumed liability for certain of InaCom's accounts payable, including those of Tech Data and Lexmark. On February 16, 2000, Bill Francis, Compaq's Director of Corporate Finance, sent letters to Tech Data and Lexmark confirming that Compaq had "assumed the obligation to pay all of the outstanding amount" owed on InaCom's accounts with these vendors. In their third-party complaints, Tech Data and Lexmark contend that if they must repay to InaCom the money that InaCom paid to them, then HP must make payment to them.

During August 2004, Defendants began coordinating their defense efforts.[3] A principal purpose of the coordination was to cooperate in obtaining expert assistance and testimony regarding the insolvency issue presented in their preference cases. Such experts were jointly retained by Defendants in November 2004.

During the telephonic scheduling conference on September 27, 2004, the same conference at which Defendants' attorneys advised the Court that consolidation of the actions was appropriate, Lexmark's attorney also advised the Court that, the reference to the Bankruptcy

---

[3]        Defendants are the defendants from whom InaCom seeks the largest recoveries in its underlying preference actions. InaCom asserts that it is entitled to recover approximately $4,600,000 from Tech Data, $7,600,000 from Dell, $2,900,000 from Lexmark and $1,100,000 from Ingram for a total of approximately $16,200,000.

4

Court having been withdrawn, it was considering moving for a trial by jury. On February 9, 2005, Lexmark filed a motion requesting a jury trial pursuant to Fed. R. Civ. P. 39(b).

Throughout the course of discovery in the four actions, Defendants have continued to work together in an effort to reduce costs and avoid delay. They have, as a group, worked with InaCom and HP to schedule the depositions of party and non-party witnesses, and to coordinate the production of documents by parties and non-parties to avoid unnecessary duplication of effort and expense.

## V. ARGUMENT AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 42(a), the Court has discretion to consolidate actions pending before it "involving a common question of law or fact" and it "may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

### A. Consolidation Of The Actions For Trial Is Appropriate As They Involve Common Questions Of Law And Fact

Fed. R. Civ. P. 42(a) does not require that actions be identical before they are consolidated. *In re Cendant Corp.*, 182 FRD 476, 478 (D.N.J. 1998). Rather, after considering the relevant factors, a court should grant a motion to consolidate if there are common questions of law or fact in the cases. *In re NationsRent, Inc.*, 2003 Bankr. LEXIS 738, *4 (Bankr. Del. 2003).

Common questions of law or fact exist in actions to recover preferential payments where the debtor's solvency at the time of the allegedly preferential payments is challenged by all the creditors. *See, e.g., Henry v. Goliger*, 94 F.Supp. 385, 386 (S.D.N.Y. 1950); *In re Southern Industrial Banking Corporation*, 1988 Bankr. LEXIS 1641 (Bankr. E.D. Tenn. 1988) (ruling on motion for summary judgment on the issue of insolvency in a consolidated preference action where creditors challenged debtor's insolvency during the preference period). Courts have found

5

that consolidation is proper where the parties' claims are not identical if the suits involve an identical factual setting, the same witnesses, documents and exhibits. *Waste Distillation Technology, Inc. v. Toman*, 775 F.Supp. 759, 761 (D. Del. 1991). Thus, consolidation is appropriate even where the parties seeking consolidation assert different claims or defenses.

The claims contained in the complaints filed by InaCom against Defendants are identical, excepting the amount that InaCom seeks to recover. Among the common questions of law and fact is that regarding the alleged insolvency of InaCom at the time it made the transfers to Defendants that it seeks to avoid under 11 U.S.C. § 547(b). If InaCom was not insolvent at the time of the allegedly preferential transfers to Defendants an essential element of its claim against each is missing and InaCom cannot prevail. Defendants have jointly retained experts to analyze InaCom's alleged insolvency during the preference period and these experts will testify on behalf of each defendant at trial. Dell, Lexmark and Ingram will each also be asserting an ordinary course of business defense under 11 U.S.C. § 547(c)(2), a defense that arises from questions of fact common to each. Thus, no confusion or prejudice will result from trying these claims or defenses in a consolidated proceeding.

Tech Data and Lexmark both filed a third-party complaint against Compaq and Custom Edge, Inc. The claims raised by Tech Data and Lexmark in their respective third-party complaints are identical. Each allege that Custom Edge, Inc. assumed liability for certain of InaCom's accounts payable, including Tech Data and Lexmark. Tech Data and Lexmark both received an identical letter from Compaq in which it "assumed the obligation to pay all of the outstanding amount" owed on InaCom's accounts with Tech Data and Lexmark. Whether HP, successor in interest to Compaq and Custom Edge, Inc., is obligated to repay Tech Data and

6

Lexmark if they are found to owe money to InaCom, is a common question of law and fact.[4] Thus, consolidation of the actions for trial, insofar as the actions brought by InaCom against Tech Data and Lexmark each include the same third-party complaint, is appropriate and will avoid the unnecessary delay and expense that would be incurred if these actions were tried separately.

### B. Consolidation Of The Actions For Trial Is Appropriate As It Will Tend To Avoid Unnecessary Costs And Delay

In determining whether a motion to consolidate is appropriate, a court should not only consider the existence of common questions of law and fact but must also "balance the savings of time and effort gained from consolidation against the inconvenience, delay, or expense that might result from simultaneous disposition of the separate actions." *Cedars-Sinai Medical Center v. Revlon, Inc.*, 111 F.R.D. 24, 23 (D. Del. 1986).

Consolidating these four actions for trial will save the parties and the court time, effort and expense while also guarding against the entry of the conflicting judgments. Information pertaining to InaCom's insolvency during the preference period will need only be presented once, preventing witnesses from being called to testify on four separate occasions. With respect to the third-party complaints, consolidation will allow Tech Data and Lexmark to share certain trial costs while preventing InaCom and HP from needlessly incurring repetitive expenses. Consolidation benefits this Court by freeing up its docket and lessening its operating costs. Resolution of these actions separately would waste time, energy and money. No inconvenience, delay or expense has resulted from the coordinated efforts of Defendants to date and there is no indication that the simultaneous trial of these actions will either.

---

[4]     As previously stated, HP is the successor in interest and has assumed the liability of Compaq and Custom Edge, Inc.

### C. If Consolidation Is Ordered, A Joint Jury Trial Can And Should Be Ordered

The preference actions filed by InaCom against Dell, Lexmark and Ingram are accompanied by a right to trial by jury because these defendants did not file or otherwise submit a proof of claim to InaCom's bankruptcy estate. Currently before the Court is Lexmark's motion for the Court to order a trial by jury pursuant to Fed.R.Civ.P. 39(b).[5] Dell and Ingram will, in the very near future, file motions for a jury trial of the actions brought against them by InaCom.

Tech Data, on July 5, 2000, filed a contingent proof of claim against InaCom's bankruptcy estate. Thus, by operation of case law, Tech Data may be deemed to have waived its right to a trial by jury of InaCom's complaint. However, Tech Data does have a right to a trial by jury of its third-party complaint against HP and intends to move the Court for a jury trial as to the third party action. In addition, where actions are consolidated for trial, and there is a right to a jury trial in one of the actions, the consolidated actions together should be tried by jury. Accordingly, that one of the four defendants, Tech Data waived its right to a trial by jury of the complaint brought against it by InaCom, but not of its third-party complaint against HP, does not weigh against consolidation because Dell, Lexmark and Ingram did not waive their right to a trial by jury.

Federal courts vigilantly safeguard the constitutional right of a litigant to have a single jury decide factual questions common to separate cases. *Cedars-Sinai Medical Center v. Revlon, Inc.*, 111 F.R.D. 24, 32 (D. Del. 1986). In *Cedars-Sinai*, the plaintiff sought to consolidate its two actions for infringement and requested a joint jury trial even though it had waived its right to trial by jury in one of the actions. *Id.* at 25-28. Where two cases are consolidated and one is accompanied by a right to a jury trial and the other is not, the problem of having two different tries of fact, "engaged in deciding, at least to some extent, common issues of fact and in applying

---

[5]        While InaCom has objected to Lexmark's request for a jury trial, HP has not.

common rules of law" arises. *Id.* at 32. In such situations, the United States District Court for the District of Delaware has held that a court may properly grant a joint jury trial in both cases to avoid violating a party's Seventh Amendment right to trial by jury. *Id.* Where the jury is the trier of fact on common issues of fact, it should be the sole determiner of those issues. *Id.*

## VI. CONCLUSION

For the foregoing reasons, the Defendants' motion for the court to consolidate these actions and submit the common questions of fact and law to a single jury should be granted.

Dated: May 10, 2005

Respectfully submitted,


James F. Harker
Herlihy, Harker & Kavanaugh
1400 North Market Street, Suite 200
P.O. Box 1597
Wilmington, Delaware 19899

and

Charles M. Tatelbaum
Stephen C. Hunt
Adorno & Yoss, L.L.P.
350 East Las Olas Blvd., 17th Floor
Fort Lauderdale, Florida 33301

Attorneys for Defendant
Tech Data Corp.


Thomas G. Whalen Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel:  (302) 425-3307
Fax:  (302) 654-5181

and

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel:  (502) 568-9100
Fax:  (502) 568-5700

Attorneys for Defendant
Lexmark International, Inc.


Patricia P. McGonigle (P3/26)
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, Delaware 19899

and

Sabrina L. Streusand
G. James Landon
Texas State Bar No. 11701700
Hughes & Luce, L.L.P.
111 Congress Avenue, Suite 900
Austin, Texas 78701

Attorneys for Defendant
Dell Computer Corp.


Thomas G. Macauley (ID No. 3411)
Zuckerman Spaeder LLP
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, Delaware  19899-1028
Tel.: (302) 427-0400
Fax: (302) 427-8242

and

Jonathan P. Hersey
Bingham McCutchen LLP
600 Anton Blvd., 18th Floor
Costa Mesa, California 92626

Attorneys for Defendant
Ingram Entertainment Inc.

X:\Bankruptcy\Lexmark - 4155\Inacom - 111997\ELP\Consolidation Memo draft.doc

## CERTIFICATE OF SERVICE

Thomas G. Whalen, Jr. hereby certifies that on May 10, 2005 a true and correct copy of

the foregoing *OPENING MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR*

*THE COURT TO CONSOLIDATE FOR TRIAL, PURSUANT TO FRCP42(a), FOUR ACTIONS*

*PENDING ON THE COURT'S DOCKET* was served upon the following counsel of record, each

via regular United States first class mail:

William H. Sudell, Jr., Esquire
Derek C. Abbott, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, Delaware 19899-1347

and

Cecily Dumas, Esquire
Friedman Dumas & Springwater, LLP
One Maritime Plaza, Suite 2475
San Francisco, California 94111

*Counsel for Third-Party Defendant*
*Compaq Computer Corporation*


Elio Battista, Esquire
Blank Rome LLP
1201 North Market Street, Suite 800
Wilmington, Delaware 19801-4226

and

Earl M. Forte, Esquire
Blank Rome LLP
One Logan Square
18th & Cherry Streets
Philadelphia, Pennsylvania 19103-6998

*Counsel for Statutory Committee*
*of Unsecured Creditors of InaCom Corp.*


Laura Davis Jones, Esquire
Sandra McLamb, Esquire
Pachulski, Stang, Ziehl, Young,
   Jones & Weintraub P.C.
919 North Market Street, 16th Floor
Wilmington, Delaware 19899

and

Andrew W. Caine, Esquire
Jeffrey P. Nolan, Esquire
Pachulski, Stang, Ziehl, Young,
   Jones & Weintraub P.C.
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067

*Counsel for Plaintiff*
*InaCom Corp.*


Thomas G. Whalen, Jr.

SL1 539524v1/04907.003