IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INACOM CORP., et al., | Bankruptcy Case No. 00-2426 (PJW) |
| Debtors. | |
| INACOM CORP., on behalf of all affiliated debtors, | Adv. Pro. No. 02-03496 (PJW) |
| | Civil Action No. 1:04-cv-00148-GMS |
| Plaintiff, | |
| vs. | |
| TECH DATA CORPORATION, | |
| Defendant. | |
| TECH DATA CORPORATION, | |
| Third-Party Plaintiff, | |
| vs. | |
| COMPAQ COMPUTER CORP., ITY CORP., and CUSTOM EDGE, INC., | |
| Third-Party Defendants. | |

| | |
|---|---|
| INACOM CORP., on behalf of all affiliated debtors,<br><br>   Plaintiff,<br><br>vs.<br><br>LEXMARK INTERNATIONAL, INC.,<br><br>   Defendant.<br><br><br>LEXMARK INTERNATIONAL, INC.,<br><br>   Third-Party Plaintiff,<br><br>vs.<br><br>COMPAQ COMPUTER CORP., ITY CORP., and CUSTOM EDGE, INC.,<br><br>   Third-Party Defendants. | Civil Action No. 04-CV-583 (GMS) |

**HEWLETT-PACKARD COMPANY'S JOINT OPPOSITION TO LEXMARK'S
AND TECH DATA'S REQUEST FOR TRIAL BY JURY**

        MORRIS, NICHOLS, ARSHT & TUNNELL
        William H. Sudell, Jr. (No. 463)
        Derek C. Abbott (No. 3376)
        Daniel B. Butz (No. 4227)
        1201 N. Market Street
        Wilmington, DE  19899-1347
        (302) 658-9200

        - and -

FRIEDMAN DUMAS & SPRINGWATER LLP
Ellen A. Friedman
Cecily A. Dumas
Gail S. Greenwood
Brandon C. Chaves
One Maritime Plaza, Suite 2475
San Francisco, CA 94111
(415) 834-3800

Attorneys for Third-Party Defendant
Hewlett-Packard Company

July 28, 2005

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CITATIONS | ii |
| NATURE AND STAGE OF PROCEEDING | 1 |
| SUMMARY OF ARGUMENT | 1 |
| STATEMENT OF FACTS | 2 |
| LEGAL ARGUMENT | 4 |
|     I.  THE PROVISION IN THE ASSET PURCHASE AGREEMENT WAIVING A JURY TRIAL IS BINDING ON LEXMARK AND TECH DATA. | 4 |
|     II.  LEXMARK AND TECH DATA FURTHER WAIVED ANY RIGHT TO A JURY TRIAL THROUGH THEIR DELAY IN MAKING A DEMAND. | 5 |
|     III.  LEXMARK AND TECH DATA ARE NOT ENTITLED TO RELIEF FROM THEIR PRIOR WAIVERS OF A JURY TRIAL. | 6 |
| CONCLUSION | 8 |

# TABLE OF CITATIONS

Page(s)

<u>Cases</u>

*Barclays Bank v. Heady Electric Co.*,
    571 N.Y.S.2d 650, 652-653 (N.Y.App.Div. 1991)      4

*Borsack v. Chalk & Vermillion Fine Arts, Ltd.*,
    974 F. Supp. 293, 300 (S.D.N.Y. 1997)      4

*Buhler v. French Woods Festival of Performing Arts*,
    546 N.Y.S.2d 591, 592-593 (N.Y.App.Div. 1989)      4

*Fordham Univ. v. Manufacturers Hanover Trust Co.*,
    145 A.D.2d 332, 333, 534 N.Y.S.2d 993 (1988)      4

*Franklin Nat'l Bank of Long Island v. Capobianco*,
    25 A.D.2d 445, 266 N.Y.S.2d 961 (1966)      5

*Maryland Cas. Co. v. Dep't of General Serv.*,
    489 So. 2d 54 (Fla. Dist. Ct. App. 1st Dist 1986), *review
    dismissed,* 494 So.2d 1151      4

*SEC v. The Infinity Group Co.*,
    212 F.3d 180, 195-196 (3d Cir. 2000)      6

<u>Statutes and Other Authorities</u>

Fed. R. Civ. Proc. 38(b)      5

## NATURE AND STAGE OF PROCEEDING

On June 16, 2000, Inacom Corp. ("Inacom") and its affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. On or about May 15, 2002, Inacom filed numerous complaints to recover preferences, including complaints against Tech Data Corporation ("Tech Data") and Lexmark International, Inc. ("Lexmark").

Both Lexmark and Tech Data filed third-party complaints (the "Lexmark Third Party Complaint" and the "Tech Data Third Party Complaint," respectively) against Compaq Computer Corporation and its subsidiary ITY Corp. ("Compaq") seeking reimbursement if they are found liable to return a preference. On January 8, 2003, Hewlett-Packard Company ("HP"), as successor in interest to Compaq, filed its answer to Lexmark's third-party complaint, and on June 21, 2004, HP filed its answer to Tech Data's third party complaint. Neither Lexmark nor Tech Data made a jury demand within the time specified under Rule 38(b) of the Federal Rules of Civil Procedure.[1]

Pursuant to the Court's Scheduling Order entered on October 4, 2004, a five-day bench trial is set to commence on October 17, 2005.

## SUMMARY OF ARGUMENT

Both Lexmark and Tech Data have sued HP on the theory that they are third party beneficiaries of an Asset Purchase Agreement between Inacom and Compaq, pursuant to which Compaq purchased certain assets and assumed certain liabilities of

---

[1] Lexmark filed a motion on February 9, 2005 seeking relief from its prior waiver of a jury trial; Tech Data recently filed a joinder in Lexmark's motion, but seeks a jury only with respect to trial on its third party complaint.

2.

Inacom. Lexmark and Tech Data contend that HP breached its obligations to them under the Asset Purchase Agreement by failing to pay the liabilities that Inacom paid and now seeks to recover. HP disputes the right of Lexmark and Tech Data to enforce the terms of the Asset Purchase Agreement because the agreement contains a provision to the effect that there are no intended third party beneficiaries. The only parties that may enforce the Agreement are the signatories thereto.[2]

The Asset Purchase Agreement also contains a provision pursuant to which the parties thereto knowingly and expressly waived their right to a jury trial in any dispute arising under the agreement. Neither Inacom nor HP, as Compaq's successor, would have the right to a jury in a dispute under the Asset Purchase Agreement. The contractual jury waiver is fully enforceable against both the parties and any purported third party beneficiaries. Tech Data and Lexmark cannot pick and choose contractual provisions they want to enforce and ignore the obligation to be bound by others.

## STATEMENT OF FACTS

Compaq and Inacom were parties to that certain Asset Purchase Agreement dated as of January 4, 2000 (the "Asset Purchase Agreement"). The Asset Purchase Agreement was entered into by and between Inacom and certain of its affiliates, and Compaq and its affiliate ITY Corp.

Section 13.08 of the Asset Purchase Agreement provides as follows:

SECTION 13.08. *Counterparts; Third-Party Beneficiaries.*
. . . No provision of this Agreement is intended to confer

---

[2] HP will request a ruling from the Court on the enforceability of the "no third party beneficiary" clause in the agreement at the appropriate time.

upon any person other than the parties hereto any rights or remedies hereunder.

Section 13.07 of the Asset Purchase Agreement provides as follows:

SECTION 13.07. *WAIVER OF JURY TRIAL.* EACH OF THE PARTIES HERETO HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATED TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

Finally, Section 13.05 of the APA provides that the laws of the State of New York govern the rights of the parties there under.[3]

The Lexmark Third Party Complaint alleges that HP breached the Asset Purchase Agreement, and that Lexmark, as a third party beneficiary of the agreement, may recover damages. Lexmark Third Party Complaint, First Claim for Relief. The Tech Data Third Party Complaint similarly seeks damages as a third party beneficiary for breach of the Asset Purchase Agreement. Tech Data Third Party Complaint, Count I.[4]

---

[3] Copies of the pages of the Asset Purchase Agreement containing the provisions referred to herein are attached hereto for the Court's convenience. A complete copy of the Asset Purchase Agreement is attached to the Third Party Complaint of Lexmark.

[4] Although both Lexmark and Tech Data also claim to rely on letters delivered by Compaq as the basis of a separate breach of contract, HP contends that neither letter constitutes a contract as a matter of law. HP will seek a ruling from the Court on this question of law at the appropriate time. Even assuming that the letters may be construed to form a contract, they are related to HP's obligations under the Asset Purchase Agreement, and therefore, as discussed below, the contractual jury trial waiver in the Asset Purchase Agreement still controls.

4.

LEGAL ARGUMENT

I. THE PROVISION IN THE ASSET PURCHASE AGREEMENT WAIVING A JURY TRIAL IS BINDING ON LEXMARK AND TECH DATA.

Under New York law, contract provisions waiving a jury trial are valid and enforceable unless an adequate basis to deny enforcement is set forth by the challenging party. *Fordham Univ. v. Manufacturers Hanover Trust Co.*, 145 A.D.2d 332, 333, 534 N.Y.S.2d 993 (App. Div. 1988) (bank did not abandon contractual jury waiver rights by not asserting waiver until close of discovery; case was not on jury trial calendar and plaintiff not prejudiced by delay in asserting contractual waiver); *Barclays Bank v. Heady Electric Co.*, 571 N.Y.S.2d 650, 653 (App. Div. 1991) (rejecting defendants' contentions that waiver should be set aside because defendants neglected to read the waiver provisions).

A non-signatory who claims third-party beneficiary status under a contract is bound by all of the provisions of the contract. *Borsack v. Chalk & Vermillion Fine Arts, Ltd.*, 974 F. Supp. 293, 300 (S.D.N.Y. 1997) (alleged third party beneficiary of license agreement bound by arbitration provision, and not entitled to trial in a court of law); *Buhler v. French Woods Festival of Performing Arts*, 546 N.Y.S.2d 591, 592-593 (App. Div. 1989) (third party beneficiary bound by venue provision in contract). Simply put, a third party beneficiary's right to enforce a contract cannot rise higher than the rights of the contracting party through whom he claims. *Maryland Cas. Co. v. Dep't of General Serv.*, 489 So.2d 54 (Fla. Dist. Ct. App. 1st Dist. 1986), *review dismissed*, 494 So.2d 1151.

Finally, the waiver in the Asset Purchase Agreement also bars a jury on Lexmark and Tech Data's related claims under the purported letter agreements. The right

to a jury trial may be waived in an instrument other than the agreement upon which the action is founded. *Franklin Nat'l Bank of Long Island v. Capobianco*, 25 A.D.2d 445, 266 N.Y.S.2d 961 (App. Div. 1966) (guarantor was not entitled to jury trial notwithstanding the fact that the guaranty contained no waiver because the underlying loan agreement contained a jury waiver); *Barclays Bank v. Heady Electric Co.*, 571 N.Y.S.2d at 964-965 (defendants were not entitled to a jury on their tort counterclaims for wrongful repossession because the loan agreement upon which the bank's enforcement was based contained a jury waiver). The letters sent by Compaq to Lexmark and Tech Data were simply confirmations of the terms of the Asset Purchase Agreement and should be construed as part of the same overall transaction in which the parties agreed to a jury waiver.

Although HP strongly disputes that Tech Data and Lexmark have any third-party beneficiary rights whatsoever, they cannot have it both ways – if they want to request damages for breach of the Asset Purchase Agreement and related agreements, they must be bound by the contractual jury waiver.

II.  LEXMARK AND TECH DATA FURTHER WAIVED ANY RIGHT TO A JURY TRIAL THROUGH THEIR DELAY IN MAKING A DEMAND.

Rule 38(b) of the Federal Rules of Civil Procedure provides:

**Demand**. Any party may demand a trial by jury of any issue triable of right by jury by (1) service upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue . . .

In this case Lexmark would have had to demand a jury no later than February 2003, and Tech Data no later than July 2004.

Under Rule 38(d), the consequence of the failure to file a timely demand is waiver ("The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of a trial by jury.").

Lexmark and Tech Data both waived a jury trial by their failure to comply with Rule 38.

III. LEXMARK AND TECH DATA ARE NOT ENTITLED TO RELIEF FROM THEIR PRIOR WAIVERS OF A JURY TRIAL.

The first waiver is a contractual one which Lexmark and Tech Data cannot overcome. The second waiver occurred through Lexmark's and Tech Data's delay in seeking relief from their procedural waivers under Rule 38(d).

Although the court in its discretion may order a jury as to any or all issues pursuant to Rule 39(b) of the Federal Rules of Civil Procedure,[5] none of the criteria considered by the courts are present here: (1) whether the issues are suitable for a jury; (2) whether granting the motion would disrupt the schedule of the court or adverse party; (3) whether any prejudice would result to the adverse party; (4) how long the party delayed in bringing the motion; and (5) the reasons for the failure to file a timely demand. *SEC v. The Infinity Group Co.*, 212 F.3d 180, 195-196 (3d Cir. 2000).

None of these factors support an exercise of discretion in these circumstances. First, both parties are attempting to enforce an agreement that contains an unequivocal waiver of a jury right. Second, these cases are set for a five-day bench trial – along with three other consolidated cases. It will simply not be possible to complete the trial of the preference cases, and then impanel two juries to hear the third party claims in the time allotted for trial. Third, the delay of over a year by both parties does not

---

[5] Rule 39(b) of the Federal Rules of Civil Procedure provides in part: ". . . notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trail by jury of any or all issues."

constitute simple "excusable neglect." Instead, the court should view these jury demands for exactly what they are – last minute calculated efforts to extract improper settlement leverage over HP by causing delay and raising the cost to try the cases. Relief from the waivers should not be granted.

8.

## CONCLUSION

For the reasons set forth above, the motions for trial by jury of both Lexmark and Tech Data should be denied.

Dated: July 28, 2005
       Wilmington, Delaware

                MORRIS, NICHOLS, ARSHT & TUNNELL

                William H. Sudell, Jr. (No. 463)
                Derek C. Abbott (No. 3376)
                Daniel B. Butz (No. 4227)
                1201 N. Market Street
                Wilmington, DE 19899-1347
                (302) 658-9200

                - and -

                FRIEDMAN DUMAS & SPRINGWATER LLP
                Ellen A. Friedman
                Cecily A. Dumas
                Gail S. Greenwood
                Brandon C. Chaves
                One Maritime Plaza, Suite 2475
                San Francisco, CA 94111
                (415) 834-3800