# EXHIBIT

SECTION 13.03. *Fees and Expenses*. Except as otherwise provided in this Agreement, all costs and expenses incurred in connection with this Agreement shall be paid by the party incurring such cost or expense. If the Closing occurs, Buyer and Seller shall share equally the cost of obtaining the opinion referenced in Section 10.01(c).

SECTION 13.04. *Successors and Assigns*. The provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns; *provided* that no party may assign, delegate or otherwise transfer any of its rights or obligations under this Agreement without the consent of each other party hereto, except that Buyer may transfer or assign, in whole or from time to time in part, to one or more of its affiliates, the right to purchase all or a portion of the Purchased Assets; but no such transfer or assignment will relieve Buyer of its obligations hereunder.

SECTION 13.05. *Governing Law*. This Agreement shall be governed by and construed in accordance with the law of the State of New York without regard to the conflicts of law rules of such state.

SECTION 13.06. *Jurisdiction*. Except as otherwise expressly provided in this Agreement, the parties hereto agree that any suit, action or proceeding seeking to enforce any provision of, or based on any matter arising out of or in connection with, this Agreement or the transactions contemplated hereby shall be brought in the United States District Court for the Southern District of New York or any New York State court sitting in New York City, so long as such courts shall have subject matter jurisdiction over such suit, action or proceeding, and each of the parties hereby irrevocably consents to the jurisdiction of such courts (and of the appropriate appellate courts therefrom) in any such suit, action or proceeding and irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the laying of the venue of any such suit, action or proceeding in any such court or that any such suit, action or proceeding which is brought in any such court has been brought in an inconvenient forum. Process in any such suit, action or proceeding may be served on any party anywhere in the world, whether within or without the jurisdiction of any such court. Without limiting the foregoing, each party agrees that service of process on such party as provided in Section 13.01 shall be deemed effective service of process on such party.

SECTION 13.07. *WAIVER OF JURY TRIAL*. EACH OF THE PARTIES HERETO HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATED TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

(NY) 05862/066/APA/assetagt.wpd

SECTION 13.08. *Counterparts; Third Party Beneficiaries.* This Agreement may be signed in any number of counterparts, each of which shall be an original, with the same effect as if the signatures thereto and hereto were upon the same instrument. This Agreement shall become effective when each party hereto shall have received a counterpart hereof signed by the other party hereto. No provision of this Agreement is intended to confer upon any person other than the parties hereto any rights or remedies hereunder.

SECTION 13.09. *Entire Agreement.* This Agreement, the Fulfillment Agreement, the Services, Supply and Sales Agreement, the agreements contemplated by Section 7.07 and the Confidentiality Agreement constitute the entire agreement between the parties with respect to the subject matter of this Agreement and supersedes all prior agreements and understandings, both oral and written, between the parties with respect to the subject matter of this Agreement.

SECTION 13.10. *Bulk Sales Laws.* Buyer and Seller each hereby waive compliance by Seller with the provisions of the "bulk sales", "bulk transfer" or similar laws of any state.

SECTION 13.11. *Parent Guarantee.* Parent hereby agrees to guarantee Buyer's obligations to Seller, in accordance with the terms of this Agreement, for payment of the Purchase Price under Article 2 and any indemnification amounts under Section 11.02(b).

SECTION 13.12. *Schedules.* Reference to any Schedule in Article 3 shall be deemed a reference to the applicable section of the disclosure schedule provided by Seller to Buyer on or prior to the date hereof.