IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INACOM CORP., et al., | Bankruptcy Case No. 00-2426 (PJW) |
| Debtors. | |
| INACOM CORP., on behalf of all affiliated debtors, | Case No. 04-CV-148 |
| Plaintiff, | |
| vs. | |
| TECH DATA CORPORATION, | |
| Defendant. | |
| TECH DATA CORPORATION, | |
| Third-Party Plaintiff, | |
| vs. | |
| COMPAQ COMPUTER CORP., ITY CORP., and CUSTOM EDGE, INC., | |
| Third-Party Defendants. | |

**HEWLETT-PACKARD COMPANY'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF ALLEGED GUARANTY BASED ON
FRANCIS LETTER**

Tech Data Corporation ("Tech Data") has sued Hewlett-Packard Company ("HP"), as successor in interest to Compaq Computer Corporation ("Compaq"), as a guarantor based on a February 16, 2000 letter (the "Letter") that Compaq sent to Tech Data in connection with the closing of the asset purchase agreement between Compaq and Inacom Corporation ("Inacom" or "Debtor"). The Letter does not constitute a

guaranty as a matter of law because Tech Data gave no consideration in exchange for the alleged agreement by Compaq to guarantee Inacom's pre-existing obligations to Tech Data. HP requests that the court exclude all evidence relating to the Letter as a purported guaranty.

## STATEMENT OF FACTS

Tech Data is a vendor that sold computer products to Inacom. On January 4, 2000, Inacom and Compaq entered an Asset Purchase Agreement whereby Compaq purchased certain assets of Inacom. As part of the transaction, Compaq assumed the obligation to pay certain of Inacom's liabilities, while other liabilities remained the responsibility of Inacom. Compaq and Inacom have no dispute between them as to what was assumed, and what remained Inacom's liability – in fact all of Tech Data's invoices were paid.

On February 16, 2000, Bill Francis of Compaq sent the Letter to Misty Atchison of Tech Data in connection with the closing of the asset purchase agreement, advising that Compaq's subsidiary had assumed the obligation to pay the outstanding amount on the referenced account payable of Inacom, subject to the terms and conditions of such account. A copy of the Letter is attached as Exhibit A.

After delivery of the Letter, Tech Data continued to look to Inacom for payment of certain of its invoices against which Inacom had cut checks (the "Held Checks"). Inacom filed a petition for bankruptcy on June 16, 2000, and subsequently sued Tech Data for return of the payments made by Inacom on the Held Checks. Tech Data filed a third party complaint against HP on under the theory that the Letter constitutes a guarantee of payment if Tech Data must return the preference payments.

## ARGUMENT

**I.      THE ALLEGED GUARANTY FAILS FOR LACK OF CONSIDERATION.**

    **A.      The Letter is Not Supported by New Consideration.**

"[T]he requirement of consideration for secondary obligations is the same as for contracts generally. *Rest. of the Law of Suretyship and Guaranty (3d)* (ALI 1996) Section 9(1), pp. 9-10. Further, if the secondary obligation is not part of the original exchange for which the obligee bargained, it must be supported by separate consideration. Section 9(2)(a). *See also, United States v. Meadors,* 753 F.2d 590, 597 (7th Cir. 1985).

The purported Letter guaranty was not part of the original bargained-for exchange between Inacom and Tech Data. Tech Data had already extended credit to Inacom as part on the ongoing vendor relationship. There was no reliance on a prospective guaranty by Compaq when Tech Data extended credit and shipped goods to Inacom.

The purported guaranty is not supported by any new consideration. After receipt of the Letter, Tech Data did not extend any new credit to Inacom. It did not forbear from collection of outstanding amounts. To the contrary, Tech Data was paid all outstanding amounts.

    **B.      The Letter Could Not Have Been Reasonably Expected by Compaq to Induce Action or Forbearance on the Part of Tech Data, and Indeed Did Not Induce Action or Forbearance.**

A secondary obligation does not fail for lack of consideration, however, if the secondary obligor should reasonably expect its promise to induce action or

forbearance of a substantial character on the part of the obligee or a third person, and the promise does induce such action or forbearance. *Id.*, Section 9(2)(d).

There is nothing about the Letter that could reasonably be construed to induce reliance by Tech Data on Compaq's guarantee of the Held Checks. The Letter expressly refers to "Account Payable #117403 of Inacom Corporation" and provides assurances that Compaq assumed the obligation to pay "the outstanding amount" on such account reflected in Inacom's records. Since the Held Checks had already been cut, Tech Data could not reasonably be expected to rely on the statement as a guaranty of the Held Checks.

## CONCLUSION

For the foregoing reasons, HP requests that the Court enter an *in limine* order precluding Tech Data from presenting any testimony, documentary evidence, or argument that the Letter constitutes an enforceable guaranty of the amounts that Inacom is attempting to recover as preferences.

## CERTIFICATION OF COUNSEL

Pursuant to Rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, the undersigned hereby certifies that counsel for HP have made a reasonable effort to reach agreement with counsel for Tech Data on the matters set forth in this motion, and have been unable to reach such agreement.

Dated: August 10, 2005

Wilmington, Delaware          MORRIS, NICHOLS, ARSHT & TUNNELL

                              _____
                              William H. Sudell, Jr. (No. 463)
                              Derek C. Abbott (No. 3376)
                              Daniel B. Butz (No. 4227)
                              1201 N. Market Street

{00203947.DOC v 2}                    4

Wilmington, DE 19899-1347
(302) 658-9200

- and -

FRIEDMAN DUMAS & SPRINGWATER LLP
Ellen A. Friedman
Cecily A. Dumas
Gail S. Greenwood
Brandon C. Chaves
One Maritime Plaza, Suite 2475
San Francisco, CA  94111
(415) 834-3800