UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

In re:

INACOM CORPORATION, *et al.*,

   Debtors.
_____/

INACOM CORPORATION, etc.,

   Plaintiff,

v.

TECH DATA CORPORATION,

   Defendant and
   Third Party Plaintiff,

v.

HEWLETT-PACKARD COMPANY,
COMPAQ COMPUTER CORP.,
ITY CORP., and CUSTOM EDGE, INC.,

   Third-Party Defendants.
_____/

Civil Action No. 1:04-cv-00148-GMS

Bankr. Case No. 00-02426 (PJW)
Adv. Pro. No. 02-03496 (PJW)

### THIRD PARTY PLAINTIFF TECH DATA CORPORATION'S
### PROPOSED CHARGE TO THE JURY

Tech Data Corporation, the third party plaintiff herein, respectfully submits the following Proposed Charge to the Jury:

{210346.0002/N0560542_1}

# TABLE OF CONTENTS

## PRELIMINARY INSTRUCTION

INTRODUCTION ..................................................................................................................3
THE PARTIES AND THEIR CONTENTIONS ..................................................................3
DUTIES OF THE JURY .......................................................................................................4
EVIDENCE ............................................................................................................................4
CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY ...........6
SUMMARY OF APPLICABLE LAW .................................................................................6
BURDEN OF PROOF ...........................................................................................................7
CONDUCT OF THE JURY ..................................................................................................7
COURSE OF THE TRIAL ....................................................................................................9
TRIAL SCHEDULE ............................................................................................................10
SUBSTANTIVE INSTRUCTIONS ....................................................................................10
INSTRUCTIONS ON DELIBERATION ...........................................................................19

# PRELIMINARY INSTRUCTIONS

## INTRODUCTION

Members of the jury: Now that you have been sworn, I am now going to give you some preliminary instructions to guide you in your participation in the trial.

## THE PARTIES AND THEIR CONTENTIONS

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

The Plaintiff in this case is Tech Data Corporation ("Tech Data" or "Plaintiff"). After Inacom filed suit against Tech Data to recover certain payments, Tech Data filed a Third-Party Complaint against Compaq Computer Corporation ("Compaq") and ITY Corp., a wholly owned subsidiary of Compaq. ITY Corp. subsequently changed its name to Custom Edge, Inc. and was merged with Compaq. Compaq was the surviving company. Compaq later merged with Hewlett-Packard Company ("HP"). HP is the surviving company and the Defendant in this action because it is the successor in interest for ITY Corp., Custom Edge, Inc. and Compaq.

In this case, Tech Data alleges that Inacom, ITY Corp. and Compaq entered into an Asset Purchase Agreement (the "APA"). As part of the APA, ITY Corp. (now known as HP) agreed to assume responsibility for payment of certain accounts payable of Inacom, including those of Tech Data. Tech Data received a letter from Compaq dated February 16, 2000 in which Compaq confirmed that it had "assumed the obligation to pay all of the outstanding amount" owed on Inacom's accounts with Tech Data. Tech Data alleges that this letter created a binding contract between it and Compaq. Tech Data also contends that it is a third party beneficiary under the APA and that HP additionally guaranteed Inacom's payments to Tech Data. Thus, Tech Data

asserts that if it must repay to Inacom the money that Inacom paid to it, then HP must reimburse Tech Data.

HP alleges that Tech Data is not a third party beneficiary under the APA and denies any obligation to provide indemnification for payments alleged by Inacom against Tech Data.

**DUTIES OF THE JURY**

So, let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. Again, of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.[1]

**EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of witnesses (the testimony of a witness consists of the answers of the witness to questions posed by the attorneys or the court -- you may not ask questions). Evidence will also consist of documents

---

[1] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that the evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.[2]

---

[2] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

{210346.0002/N0560542_1}

**CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY**

You are the sole judges of each witness' credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses.

**SUMMARY OF APPLICABLE LAW**

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements which Plaintiff Inacom must prove to make its case. On breach of contract claims, Tech Data must prove:

    a)    the existence of a contract;

    b)    that defendant breached the contract;

    c)    that Tech Data was injured by the breach.

On the promissory estoppel claims, Tech Data must prove:

a) the existence of a promise;

b) that Tech Data reasonably relied on that promise;

c) that Tech Data took an action or forbearance in reliance on the promise;

d) that defendant should have realized that plaintiff would take some action or forbearance in reliance on the promise;

e) that Tech Data was injured by its reliance on the promise.

## BURDEN OF PROOF

As I told you during the voir dire, this is a civil case. Here the Plaintiff has the burden of proving each alleged preference by what is called a preponderance of the evidence.[3] Should the Plaintiff do so, Defendant will similarly have the burden of proving its defenses to each alleged preference by a preponderance of the evidence. That means the Plaintiff on each claim, and the Defendant on its defenses to each claim, has to produce evidence which, considered in the light of all the facts, leads you to believe that their claim or defense is more likely true than not. To put it differently, if you were to put the parties' evidence on opposite sides of a scale, the evidence supporting each claim or defense would have to make the scale tip somewhat on their side.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

## CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

---

[3] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

{210346.0002/N0560542_1}

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day. And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

## COURSE OF THE TRIAL

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors. The remaining stages are:

(1)  These preliminary instructions to you;

(2)  Opening statements which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence. The lawyers are not required to make opening statements at this time or they may defer this opening until it is their turn to present evidence.

(3)  The presentation of the evidence which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

(4)  My final instructions on the law to you;

(5)  The closing arguments of the lawyers which will be offered to help you make your determination; and, finally,

(6)  Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

{210346.0002/N0560542_1}

9

**TRIAL SCHEDULE**

Though you have heard me say this during the *voir dire*, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take _____ (___) days to try. We will normally begin the day at 9:00 A.M. promptly. We will go until 1:00 P.M. and, after a one hour break for lunch, from 2:00 P.M. to 4:30 P.M. There will be a fifteen minute break at 11:00 A.M. and another fifteen minute break at 3:15 P.M. The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. On that day, the proceedings might last beyond 5:00 P.M. We will post a copy of this schedule for your convenience in the jury deliberation room.

<b>SUBSTANTIVE INSTRUCTIONS</b>

**I. HP'S LIABILITY TO TECH DATA UNDER THE APA**

    **A.    Breach of Contract**

    1.    You must first determine whether a contract existed between ITY Corp., Compaq and Inacom. The New York Uniform Commercial Code governs contracts for the sale of goods.[4] A contract for the sale of goods may be made in any manner sufficient to show agreement[5] but a contract for the sale of goods for $500 or more is not enforceable unless there is some writing sufficient to indicate that a contract for the sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker.[6]

        a.    If you find that the APA represented a written agreement between ITY Corp., Compaq and Inacom, you must find that contract existed between the parties.

        b.    If you find that the APA did not represent a written agreement between ITY Corp., Compaq and Inacom, you must find that a contract did not exist between the parties.

QUESTION __: Did the APA constitute a valid written contract between ITY Corp., Compaq and Inacom?

---

[4]    N.Y. CLS UCC § 2-102
[5]    N.Y. CLS UCC § 2-204
[6]    N.Y. CLS UCC § 2-201

{210346.0002/N0560542_1}

_____ YES – Please proceed to Question \_\_\_.

_____ NO – Please proceed to Instruction No. \_\_\_\_.

_____
FOREPERSON

2. If you find that a contract existed between ITY Corp., Compaq and Inacom, you must then determine whether the written agreement was intended by the parties to be the final expression of their agreement.[7] When determining whether the parties intended a writing to be a final expression of their agreement, you should determine the intention of the parties from all circumstances, including their language and other conduct.[8]

QUESTION \_: Did the parties intend the APA to be the final expression of their agreement?

_____ YES – Please proceed to Question \_\_\_.

_____ NO – Please proceed to Instruction No. \_\_\_\_.

_____
FOREPERSON

3. If you find that the APA was the final expression of the agreement between ITY Corp., Compaq and Inacom, you must then determine whether HP, as successor in interest for ITY Corp., Custom Edge, Inc. and Compaq, has breached the contract. A breach of contract occurs when a party fails to perform the acts promised in the contract. The plaintiff must prove the defendant's breach by a preponderance of the evidence. Tech Data claims that HP breached the contract by failing to remit payment to Tech Data for those accounts payable owed by Inacom to Tech Data.

a. If you find that HP's failure to pay Inacom's accounts payable owing to Tech Data is in violation of the terms of the APA, you must find in favor of Tech Data and against HP.

b. If you find that HP did not violate the terms of the APA by failing to make payment on Inacom's accounts payable owing to Tech Data, you must find in favor of HP and against Tech Data.

---

[7]    N.Y. CLS UCC § 2-202

[8]    *Amer Indus. Technologies v. Aero Tec Lab.*, 1994 U.S. Dist. LEXIS 6233, \*59 (D. Del., 1994).

{210346.0002/N0560542_1}

11

QUESTION __:    Did Compaq violate the terms of the APA by failing to make payment on Inacom's accounts payable owing to Tech Data?

_____ YES – Please proceed to Question __.


_____ NO – Please proceed to Instruction No. ____.



_____
FOREPERSON

    4.    If you find that HP, as successor in interest for ITY Corp., Custom Edge, Inc. and Compaq, has breached the contract, you must then determine whether HP's breach of contract damaged Tech Data. The plaintiff must prove that the defendant's breach damaged it by a preponderance of the evidence. Tech Data claims that HP damaged it by failing to remit payment to Tech Data for those accounts payable owed by Inacom to Tech Data.

    a.    If you find that HP's breach of contract damaged Tech Data, you must find in favor of Tech Data and against HP.

    b.    If you find that HP's breach of contract did not damage Tech Data, you must find in favor of HP and against Tech Data.

QUESTION __:    Did HP's breach of contract damage Tech Data?

_____ YES – Please proceed to Question __.


_____ NO – Please proceed to Instruction No. ____.



_____
FOREPERSON

    B.    **Assumption of the Payment Obligation**

    1.    If you find that HP did not breach the APA by failing to pay Inacom's accounts payable owing to Tech Data, you must next determine whether HP assumed the obligation to make payments to Tech Data on behalf of Inacom. Where a party to a contract agrees to make payment to an entity not a party to that contract and subsequently mails a letter to the non-party

agreeing to make payment to it, the party to the contract has assumed the obligation to make payment to the non-party.[9]

    a.    If you find that HP as successor in interest for Compaq assumed the obligation to make payment on Inacom's accounts payable owing to Tech Data, then you must find any liability of Compaq to be the liability of Inacom.

    b.    If you do not find that HP as successor in interest for Compaq assumed the obligation to make payment on Inacom's accounts payable owing the Tech Data, then you must find that any liability of Inacom is not the liability of Compaq.

QUESTION _____: Did Compaq assume the obligation to make payment on Inacom's accounts payable owing to Tech Data?

_____ YES – Please proceed to Question \_\_.

_____ NO – Please proceed to Instruction No. \_\_\_\_.

_____
FOREPERSON

### C. Tech Data Was a Third Party Beneficiary Under the APA

1.    One of the propositions that the plaintiff must prove is that the plaintiff is entitled to enforce the contract as a beneficiary.

To establish that it is entitled to enforce the contract as a beneficiary, the plaintiff has the burden to prove by a preponderance of the evidence that the original parties to the contract intended the plaintiff to be a direct beneficiary and not just an incidental beneficiary.[10] Although you may consider all of the circumstances surrounding the original parties at the time they entered into the contract, the plaintiff must prove that the contract terms themselves contain some clear indication that the original parties intended the plaintiff to be a direct beneficiary.[11]

    a.    The claim by Tech Data against HP arises from the contractual relationship between ITY Corp., Compaq and Inacom. If you find from a preponderance of the evidence that the original parties to the contract intended Tech Data to be a direct beneficiary of the contract

---

[9] *RCA Corp. v. Columbia Pictures Industries, Inc.*, 425 N.Y.S.2d 250, 251-252 (1980)

[10] Robert E. Kehoe, Jr., Jury Instructions for Contract Cases, Vol. 1, Ch. 5.02 (1995).

[11] *Id.*

and the Tech Data's loss and damage flowed from defendant's breach of this contract, then you shall find in favor of Tech Data against HP as successor in interest for ITY Corp., Custom Edge, Inc. and Compaq.

      b.    If you find from a preponderance of the evidence that that the original parties to the contract did not intend Tech Data to be a direct beneficiary of the contract, then you shall find in favor of HP as successor in interest for ITY Corp., Custom Edge, Inc. and Compaq against Tech Data.

QUESTION _____: Did ITY Corp., Compaq and Inacom intend Tech Data to be a direct beneficiary of the APA?

_____ YES – Please proceed to Question \_\_.

_____ NO – Please proceed to Instruction No. \_\_\_\_.

                                                                   FOREPERSON

QUESTION _____: Did Tech Data's loss and damage flow from defendant's breach of this contract?

_____ YES – Please proceed to Question \_\_.

_____ NO – Please proceed to Instruction No. \_\_\_\_.

                                                                   FOREPERSON

      **II.**    **February 16, 2001 Compaq Letter**

    **A. Breach of Contract**

      1.    You must first determine whether Compaq's February 16, 2000 letter to Tech Data constituted a contract. To determine whether the parties entered into a contractual agreement, it is necessary to look to the objective manifestations of the intent of the parties as

gathered by their express words and deeds.[12] Additionally, the Statute of Frauds requires that promises guaranteeing the payment of a corporation's liability be in writing and signed by the promisor.

      a.    If you find that (1) Compaq intended to enter into a contractual agreement with Tech Data under which Compaq would fund Custom Edge's accounts payable and Custom Edge would assume payment of the existing and future debts owed to Tech Data by Inacom and (2) that Compaq's February 16, 2000 letter satisfies the Statute of Frauds, then you must find that a valid contract existed between Compaq and Tech Data.

      b.    If you do not find that (1) Compaq intended to enter into a contractual agreement with Tech Data under which Compaq would fund Custom Edge's accounts payable and Custom Edge would assume payment of the existing and future debts owed to Tech Data by Inacom, or (2) if you do not find that Compaq's February 16, 2000 letter satisfies the Statute of Frauds, then you must find that no contract existed between Compaq and Tech Data.

QUESTION __: Did Compaq intend to enter into a contractual agreement with Tech Data?

_____ YES – Please proceed to Question __.

_____ NO – Please proceed to Instruction No. \_\_\_\_.

_____
FOREPERSON

QUESTION __: Does the February 16, 2000 letter to Tech Data comply with the Statute of Frauds?

_____ YES – Please proceed to Question __.

_____ NO – Please proceed to Instruction No. \_\_\_\_.

_____
FOREPERSON

---

[12] *Flores v. Lower East Side Service Center, Inc.*, 795 N.Y.S.2d 494 (N.Y. 2005)

{210346.0002/N0560542_1}

2. If you find that a valid contract existed between Compaq and Tech Data, you must next determine whether Compaq breached its February 16, 2000 contract with Tech Data. A party breaches a contract it fails to perform a term of the contract. Tech Data alleges that Compaq's failure to pay the amounts outstanding on Inacom's account with Tech Data constitutes a breach.

a. If you find that Compaq's failure to pay the amounts outstanding on Inacom's account with Tech Data constitutes a breach of the February 16, 2000 contract, then you must find that HP as successor in interest to Compaq is liable to Tech Data in the amount that Tech Data was adjudged liable to Inacom.

b. If you find that Compaq's failure to pay the amounts outstanding on Inacom's account with Tech Data was not a breach of contract, then you must find that HP as successor in interest to Compaq is not liable to Tech Data under this claim.

QUESTION __: Did Compaq breach its contract with Tech Data by not paying the amounts outstanding on Inacom's account with Tech Data?

_____ YES – Please proceed to Question __.

_____ NO – Please proceed to Instruction No. ____.

_____
FOREPERSON

QUESTION __:    Did HP's breach of contract damage Tech Data?

_____ YES – Please proceed to Question __.

_____ NO – Please proceed to Instruction No. ____.

_____
FOREPERSON

**B.    Promissory Estoppel**

1.    A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.[13] A promise is a manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made.[14] Tech Data alleges that in its February 16, 2001 letter Compaq informed Tech Data that Compaq would be funding Custom Edge's "A/P accounts" and that "Custom Edge, Inc. also assumed the obligation to pay all of the outstanding amount" on the Tech Data account. Compaq denies the allegation.

    a.    If you find from the evidence that Tech Data reasonably relied upon the statements or the conduct of Compaq and Custom Edge by continuing to supply product to Inacom and that defendant should have reasonably expected its statements and conduct to induce action or forbearance on the part of Tech Data, resulting in damage to Tech Data, then you must find any liability of Compaq and Custom Edge to be the liability of HP as Compaq's successor in interest.

    b.    If you find from the evidence that Tech Data did not reasonably rely upon the statements or the conduct of Compaq and Custom Edge in continuing to supply product to Inacom or that defendant should not have reasonably expected its statements and conduct to induce action or forbearance on the part of Tech Data, resulting in damage to Tech Data, then you must find in favor of Defendant.

QUESTION _____: Does the language of Compaq's February 16, 2001 letter evince a promise by Compaq that Custom Edge would assume payment of the existing and future debts owed to Tech Data by Inacom?

_____ YES – Please proceed to Question __.

_____ NO – Please proceed to Instruction No. ____.

 

_____
FOREPERSON

QUESTION _____: Should defendant have reasonably expected its statements and conduct to induce action or forbearance on the part of Tech Data?

---

[13] *Martin-Senour Paints v. Delmarva Venture Corp.*, 1988 Del. Super. LEXIS 93, *4 (Del. Super. 1988), citing to Restatement (Second) of Contracts § 90(1).

[14] *Id.* at *7, citing to Restatement (Second) of Contracts § 2(1).

_____ YES – Please proceed to Question \_\_.

_____ NO – Please proceed to Instruction No. \_\_\_\_.

_____
FOREPERSON

QUESTION _____: Did Tech Data in fact rely on the promise in continuing to supply product to Inacom?

_____ YES – Please proceed to Question \_\_.

_____ NO – Please proceed to Instruction No. \_\_\_\_.

_____
FOREPERSON

QUESTION _____: Did Tech Data's reasonable reliance on the promise cause damage to Tech Data?

_____ YES – Please proceed to Question \_\_.

_____ NO – Please proceed to Instruction No. \_\_\_\_.

_____
FOREPERSON

## INSTRUCTIONS ON DELIBERATION

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about conduct during trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.[15]

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible whether in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.[16]

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may know retire to the jury room to conduct your deliberations.[17]

---

[15] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

[16] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

[17] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

{210346.0002/N0560542_1}

19