UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:

INACOM CORPORATION, *et al.*,

Debtors.
_____/

INACOM CORPORATION,

Plaintiff,

v.

TECH DATA CORPORATION,

Third-Party Plaintiff,

vs.

HEWLETT-PACKARD COMPANY,
COMPAQ COMPUTER CORP.,
ITY CORP., and CUSTOM EDGE, INC.,

Third-Party Defendants.
_____/

Civil Action No. 1:04-cv-00148-GMS

Bankr. Case No. 00-02426 (PJW)
Adv. Pro. No. 02-03496 (PJW)

### TECH DATA CORPORATION'S RESPONSE TO HEWLETT-PACKARD COMPANY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO TECH DATA CORPORATION'S CLAIMS AS A THIRD-PARTY BENEFICIARY

TECH DATA CORPORATION, the defendant herein (the "Defendant" or "Tech Data"), by and through its undersigned attorneys, hereby responds to Hewlett-Packard Company's ("HP") Motion In Limine to Exclude Evidence Related to Tech Data Corporation's Claims as a Third-Party Beneficiary under the Asset Purchase Agreement between Inacom Corp. ("Inacom") and Compaq.

{210346.0002/N0560605_1}

## STATEMENT OF FACTS

Tech Data hereby incorporates by reference the facts as set forth in its Proposed Findings of Fact and Conclusions of Law as to Its Third Party Complaint.

## ARGUMENT

### I. Hewlett-Packard Has Failed to Show Cause as to Why Evidence of Tech Data as a Third-Party Beneficiary Should Be Excluded

HP has presented no legal authority sufficient to preclude Tech Data's presentation of evidence of its status as a third-party beneficiary to the Asset Purchase Agreement. Long has it been established that under New York law, "it is just and practical to permit the person for whose benefit the contract is made to enforce it against one whose duty it is to pay." *Seaver v. Ransom*, 120 N.E. 639, 640 (N.Y. 1918). Tech Data stands as an intended third-party beneficiary to the Asset Purchase Agreement and, notwithstanding HP's protests, is entitled to present evidence in support of that conclusion at trial.

Opposing counsel would have it that the existence of a provision perhaps best characterized as a non-assignment clause in the Asset Purchase Agreement is 'controlling' and adequate to support its motion *in limine*. And yet, the Southern District of New York has on occasion rejected such a notion, stating that, "[With] the proposition that the existence of a non-assignment clause alone suffices to preclude assertion of intended third-party beneficiary status, the Court cannot agree. After all, it is possible for parties to intend that a third party enjoy enforceable rights while at the same time intending to limit or preclude assignments." *Piccoli A/S v. Calvin Klein Jeanswear Co.*, 19 F. Supp. 157, 164 (S.D.N.Y. 1998). Accordingly, Tech Data's status as third-party

beneficiary is a matter best decided by the trier of fact at a trial upon those facts, rather than presented by HP as a *fait accompli* without regard for the full extent of New York law upon the subject.

### II. Dismissal Based Upon the Hewlett-Packard's Pending Motion Would Be Premature and Unduly Harsh

However the Court may rule upon the pending motion *in limine*, a resulting involuntary dismissal of any of Tech Data's claims would be both a premature and unduly harsh result. *See generally Atkinson v. Way*, 2004 U.S. Dist. LEXIS 16933 (D.Del. 2004). The outcome of HP's motion *in limine* notwithstanding, none of Tech Data's claims should be dismissed without further and adequate proceedings to that effect.

### Conclusion

For the foregoing reasons, Tech Data respectfully requests that this Court deny HP's motion *in limine* seeking to preclude introduction of evidence supporting Tech Data's status as a third-party beneficiary to the Asset Purchase Agreement.

Dated: August 15, 2005

HERLIHY, HARKER & KAVANAUGH

/s/ James F. Harker
James F. Harker (Bar No. 255)
Local Counsel for Defendant
1300 North Market Street, Suite 400
Wilmington, Delaware 19899
Telephone: (302) 654-3111

-and-

ADORNO & YOSS, LLP
Charles M. Tatelbaum
(Admitted Pro Hac Vice)
Stephen C. Hunt
(Admitted Pro Hac Vice)
350 E. Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Telephone: (954) 763-1200
Facsimile: (954) 766-7800
*Attorneys for Third-Party Plaintiff,*
*Tech Data Corporation*