UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:

INACOM CORPORATION, *et al.*,

Debtors.
_____/

INACOM CORPORATION,

Plaintiff,

v.

TECH DATA CORPORATION,

Third-Party Plaintiff,

vs.

HEWLETT-PACKARD COMPANY,
COMPAQ COMPUTER CORP.,
ITY CORP., and CUSTOM EDGE, INC.,

Third-Party Defendants.
_____/

Civil Action No. 1:04-cv-00148-GMS

Bankr. Case No. 00-02426 (PJW)
Adv. Pro. No. 02-03496 (PJW)

## TECH DATA CORPORATION'S RESPONSE TO HEWLETT-PACKARD COMPANY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF A GUARANTY BASED ON FRANCIS LETTER

TECH DATA CORPORATION, the defendant herein (the "Defendant" or "Tech Data"), by and through its undersigned attorneys, hereby responds to Hewlett-Packard Company's ("HP") Motion In Limine to Exclude Evidence of a Guaranty Based on the 'Francis' Letter.

### STATEMENT OF FACTS

Tech Data hereby incorporates by reference the facts as set forth in its Proposed Findings of Fact and Conclusions of Law as to Its Third Party Complaint.

## ARGUMENT

### I. Hewlett-Packard Misapprehended Tech Data's Position, and Its Motion In Limine Should Be Denied

HP presumes in its Motion that Tech Data's position in regards to the 'Francis' letter is that it stands as a secondary obligation and guaranty agreement. Such is an improper characterization of Tech Data's position, which is that the Francis letter evidences an outright contractual assumption of debts owed Tech Data.

Given this fundamental misapprehension on the part of HP, there is no legitimate rationale for granting the motion as requested, and accordingly, HP's motion to exclude evidence of a guaranty should be denied as inapplicable to Tech Data's position in this proceeding.

### II. Regardless of Whether the Francis Letter Constituted an Assumption or a Guaranty, Sufficient Consideration Was Bargained For

HP's assertions aside, it is Tech Data's understanding for the purposes of immediate argument only that legal forbearance as sufficient consideration is irrelevant. Rather, it was the Francis letter of February 16, 2000, obligating Compaq "to pay all of the outstanding amount on the referenced account" which stood as consideration for Tech Data's performance under the contract. *See* Oral Deposition of Ben K. Wells, March 30, 2005; Exhibit 4. And in return for this consideration, Compaq intended to receive value duly bargained for, as Mr. Ben Wells testified at his deposition:

Examination by Mr. Hersey:

Q: So your testimony is that you approved the form of the letter, but you don't know who the letters were sent to?
A: Correct.
Q: And the **reason for the letter was to ensure the continued flow of products** from these vendors that would be necessary to configure Compaq products at Custom Edge?
A: That's correct.

Wells Depo. at 76: 1-9 (emphasis added).

It is thus evidenced that HP's assertion in its pending motion *in limine* is disproved by the facts elicited during discovery, and regardless of how the Francis letter might be characterized, such confusion cannot legitimately serve as a basis by which to preclude Tech Data from offering evidence at trial.

## Conclusion

For the foregoing reasons, Tech Data respectfully requests that the Court deny HP's motion *in limine* seeking to exclude evidence of a guaranty agreement based upon the Francis letter. Whether due to HP's misapprehension of Tech Data's legal position, or as a result of a fundamental misunderstanding as to what constitutes bargained-for consideration, such evidence should rightfully be presented for proper evaluation at trial.

Dated: August 15, 2005

HERLIHY, HARKER & KAVANAUGH

/s/ James F. Harker
James F. Harker (Bar No. 255)
Local Counsel for Defendant
1300 North Market Street, Suite 400
Wilmington, Delaware 19899
Telephone: (302) 654-3111

-and-

ADORNO & YOSS, LLP
Charles M. Tatelbaum
(Admitted Pro Hac Vice)
Stephen C. Hunt
(Admitted Pro Hac Vice)
350 E. Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Telephone: (954) 763-1200
Facsimile: (954) 766-7800
*Attorneys for Third-Party Plaintiff,*
*Tech Data Corporation*