UNITED STATES DISTRICT COURT
THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INACOM CORP., et al., | Bankruptcy Case No. 00-2426 (PJW) |
| Debtors. | |
| INACOM CORP., on behalf of all affiliated debtors, | Adv. Pro. No. 02-03496 (PJW) |
| Plaintiff, | Civil Action No. 1:04-CV-00148 (GMS) |
| vs. | |
| TECH DATA CORPORATION, | |
| Defendant and Third-Party Plaintiff, | |
| vs. | |
| HEWLETT PACKARD CORP., COMPAQ COMPUTER CORP., ITY CORP., and CUSTOM EDGE, INC., | |
| Third-Party Defendants. | |

**TECH DATA CORPORATION'S MOTION IN LIMINE
TO EXCLUDE TESTIMONY OF CHRIS ANDERSON**

Defendant and Third-Party Plaintiff, TECH DATA CORPORATION ("Tech Data") moves this Court for an order *in limine* excluding testimony of Chris Anderson ("Anderson") regarding the factual circumstances pursuant to which Third-Party Defendant, Hewlett-Packard Company ("HP"), successor in interest to Compaq Computer Corp. ("Compaq"), guaranteed obligations of Inacom Corporation ("Inacom or Debtor") to Tech Data.

{210346.0002/N0560713_1}   1

1. On January 24, 2005, HP served its responses to Tech Data's First Set of Interrogatories ("Interrogatories") whereby HP identified that they would be calling as a witness at trial or hearing in this adversary proceeding, Chris Anderson, former Director of Corporate Finance for Compaq.

2. At or about the time that Tech Data produced Mike Zava as a witness, and in the presence of counsel for Defendant/Third-Party Plaintiff, Lexmark International, Inc. ("Lemark"), HP was to have produced Chris Anderson for deposition by Tech Data. That deposition never took place.

3. During the deposition of Jay Samuelson ("Samuelson") in Omaha, Nebraska on March 25, 2005, Chris Anderson was again mentioned, this time by the deponent, as follows:

Examination by Mr. Halliday

Q: To whom at Compaq?
A: "...Chris Anderson"
Q: Is he at Hewlett-Packard?
A: No, he's no longer with them.
Q: What position did he have at that time?
A: As far as I know, he was just - - he was a finance manager. I don't know what his title was.
Q: And what information, specifically, did you transmit to him?
A: It would have been listing of specific liabilities and assets that were part of the negotiations that were underway for the asset purchase agreement.

Samuelson Depo. Tr., 34:2-17

4. Following Samuelson's testimony, Tech Data and Lexmark again requested that counsel for HP produce Chris Anderson for deposition by Tech Data. HP's counsel advised that, if it was possible to arrange for Mr. Anderson to be voluntarily produced, it would be arranged.

5. In light of Samuelson's testimony that Chris Anderson was "...no longer with them," coupled with the fact that HP did not notify counsel of Chris Anderson's availability for deposition, Tech Data relied in good faith upon HP's counsel to produce Chris Anderson and took no further action.

5. Since HP agreed to produce Chris Anderson for deposition but failed to do so, allowing HP to now produce Chris Anderson as a witness at trial would place Tech Data in an unreasonable position of having no knowledge of Chris Anderson's purported testimony due to Tech Data's inability to depose him. It strains the conscience to understand why Mr. Anderson could not voluntarily be produced before, but is now willing to appear some several states away from the Miami home identified by HP in its witness list.

6. Chris Anderson should not be permitted to testify in light of HP's failure to produce him for deposition. HP should not be afforded the ability to present Chris Anderson as a fact witness.

## CONCLUSION

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, together with the foregoing reasons, Tech Data Corporation respectfully requests that the Court grant an *in limine* Order precluding Hewlett-Packard Company from presenting testimony from Chris Anderson.

## CERTIFICATION OF COUNSEL

Pursuant to Rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, the undersigned hereby certifies that counsel for Tech Data Corporation has made a reasonable effort to reach agreement

{210346.0002/N0560713_1}                          3

with counsel for Hewlett-Packard Company on the matters set forth in this Motion, and have been unable to reach such agreement.

Dated: August 15, 2005

        HERLIHY, HARKER & KAVANAUGH

        /s/ James F. Harker
        James F. Harker (Bar No. 255)
        Local Counsel for Defendant
        1300 North Market Street, Suite 400
        Wilmington, Delaware 19899
        Telephone: (302) 654-3111

        -and-

        ADORNO & YOSS, LLP
        Charles M. Tatelbaum
        (Admitted Pro Hac Vice)
        Stephen C. Hunt
        (Admitted Pro Hac Vice)
        350 E. Las Olas Boulevard, Suite 1700
        Fort Lauderdale, FL 33301
        Telephone: (954) 763-1200
        Facsimile: (954) 766-7800

        *Attorneys for Third-Party Plaintiff,*
        *Tech Data Corporation*