# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

In re:

INACOM CORPORATION, *et al.*,

      Debtors.

_____/

INACOM CORPORATION, etc.,

      Plaintiff,

v.

TECH DATA CORPORATION,
      Defendant and
      Third Party Plaintiff,

v.

HEWLETT-PACKARD COMPANY,
COMPAQ COMPUTER CORP.,
ITY CORP., and CUSTOM EDGE, INC.,

      Third-Party Defendants.

_____/

Civil Action No. 1:04-cv-00148-GMS

Bankr. Case No. 00-02426 (PJW)
Adv. Pro. No. 02-03496 (PJW)

## [PROPOSED] FINAL PRE-TRIAL ORDER

This matter having come on before the court at a pretrial conference held pursuant to Fed.R.Civ.P ("Rule") 16, and Andrew W. Caine of Pachulski, Stang, Ziehl, Young, Jones & Weintraub, 919 Market Street, 17th Floor, Wilmington, Delaware, (302) 652-4100, having appeared as counsel for plaintiff Inacom Corporation, as represented by the duly authorized Plan Administrator ("Plaintiff", "Inacom" or "Debtor"), Charles Tatelbaum and Stephen C. Hunt, of Adorno & Yoss, L.L.P., 350 East Las Olas Blvd., Suite 1700, Ft. Lauderdale, FL 33301, (954) 763-1200 having appeared as counsel for defendant Tech Data Corporation ("Defendant" or

"Tech Data") and James F. Harker, of Herlihy, Harker & Kavanagh, 1300 North Market Street, Suite 400, Wilmington, Delaware 19899, (302) 654-3111, Local Counsel for Tech Data ("Defendant" or "Tech Data") (collectively, Plaintiff and Defendant are referred to herein as the "Parties"), the following actions were taken:

I       **STATEMENT OF THE NATURE OF THE ACTION AND BASIS FOR FEDERAL JURISDICTION.**

1.      This is an action for avoidance and recovery of alleged preferential transfers under 11 U.S.C. §§ 547 and 550, and the Court has jurisdiction over the parties and claims set forth in this matter pursuant to 28 U.S.C. § 1334(b).  Venue is proper pursuant to 28 U.S.C. § 1409.  This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Jurisdiction and venue are not disputed.

2.      This is an adversary proceeding initiated under 11 U.S.C. § 547 against the Defendant for receipt of preferential transfers.  The reference of this matter was withdrawn to this Court from the United States Bankruptcy Court for the District of Delaware in September 2004.

II      **PROCEDURAL POSTURE**

3.      Plaintiff InaCom Corp. and its related debtors each filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") on June 16, 2000 (the "Petition Date").

4.      Plaintiff filed a Complaint for Avoidance and Recovery of Preferential Transfers (the "Complaint") on May 20, 2002 against Defendant.  Plaintiff filed a First Amended Complaint for Avoidance and Recovery of Preferential Transfers (the "Complaint") on June 5,

2002 against Defendant. Defendant filed its Answer And Affirmative Defenses on April 9, 2004. No counter-claims have been asserted though Defendant did file a proof of claim in the Debtor's bankruptcy estate.

## III    STIPULATIONS AND STATEMENTS OF FACT.

5.    The following stipulations and statements were submitted and are attached to and made a part of this order:

### A.    Uncontested Facts

### General Background

6.    In or about November, 1999, Inacom was in the business of providing of information technology products and technology management services to primarily Fortune 1000 clients. Inacom distributed its products and services through a marketing network of approximately ninety (90) business centers throughout the United States. Inacom was in two basic lines of business; computer hardware and peripherals distribution (the "Distribution Business") and a related technology service and configuration business (the "Service Business"). Through these businesses, Inacom delivered personal computer and related information technology products to businesses together with related support services.

7.    Tech Data is a corporation formed under the laws of the State of Florida, with its principal place of business located at 5350 Tech Data Drive, Clearwater, Florida. Tech Data sells computer products and peripherals, as well as a variety of other electronic products.

8.    For a period of some years prior to the Petition Date, Inacom purchased product from Tech Data whereby Tech Data would ship product to Inacom on credit.

9.    In early December, 1999, Inacom reached an agreement in principle for sale of the assets of the Distribution Business to Compaq Computer Corporation ("Compaq"). On January 4, 2000, Inacom signed an Asset Purchase Agreement (the "APA"), and certain related operational agreements, with Compaq and its acquisition subsidiary ITY Corp., subsequently known as Custom Edge, Inc. (also referred to collectively, as "Compaq").

10.    The Asset Purchase transaction closed on February 16, 2000. In general, in exchange for $369.5 million, Compaq purchased the inventory, supply agreements, customer contracts, leases, furniture, fixtures and equipment of the Distribution Business, and assumed certain related outstanding liabilities. Compaq hired essentially all of the Debtors' employees and management personnel associated with the Distribution Business, and maintained operations from the same business premises.

11.    Prior to filing bankruptcy, Inacom attempted to sell the remaining Service Business.

12.    On June 16, 2000 (the "Petition Date"), Inacom and a number of related entities (the "Debtors") filed petitions under Chapter 11 of the Bankruptcy Code.

**The Parties' Relationship and the Challenged Transfers**

13.    Within the 90 days prior to the Petition Date (March 17-June 16, 2000), the Debtors made payments to Tech Data in the amount of $4,608,313.97 (the "Transfers"), which are more specifically described in Exhibit "A" attached hereto at Tab 1. .

14.    The Transfers were received by, and conferred a material benefit upon Tech Data.

15.    All of the Transfers were made in reference to specific invoices issued to Inacom by Tech Data for its products previously sold, delivered, and accepted by Inacom, which invoices are identified on Tab 2. Tech Data does not stipulate that Inacom was indebted to Tech Data on account of these invoices at the time that the Transfers were made.

16.    All of the Transfers were payments from funds on hand in the Debtors' bank accounts.

17.    Defendant was the initial transferee of the Transfers.

**B.    Contested Issues of Fact and Law to be Litigated**

The parties' respective Proposed Findings of Fact and Conclusions of Law were filed concurrently with the submission of this Pretrial Order. To the extent not otherwise stipulated in this Pretrial Order, all proposed findings of fact and conclusions of law are contested. The ultimate issues in dispute are as follows:

- Inacom Contends:

    a.    Debtors were insolvent at all relevant times during the preference period, and Defendant cannot rebut the presumption of insolvency provided in 547(f);

    b.    All of the Transfers were made to Defendant for its benefit as a creditor of the Debtors, on account of antecedent debt owing from the Debtors to Defendant;

    c.    The Transfers enabled Defendant to receive more than it would if the case were under chapter 7, the Transfers had not been made,

and Defendant received payment of the outstanding debt to the extent provided by the Bankruptcy Code;

d.     Defendant did not give subsequent new value to the Debtors' pursuant to Bankruptcy Code Section 547(c)(4); and

e.     The relief requested in the Complaint should not be denied, in whole or in part, based upon any other defense;

f.     Neither Defendant nor any other party was an intended third party beneficiary to the APA, which specifically provides as such;

g.     None of the invoices paid by the Transfers were assumed in the APA, of which Defendant was clearly and expressly aware in correspondence that it authored;

h.     There was never any writing between Inacom, Defendant and Compaq relieving Inacom of responsibility to satisfy outstanding invoices to Defendant;

i.     With respect to additional factual and legal contentions, Plaintiff refers to its Proposed Findings of Fact and Conclusions of Law, filed concurrently herewith.

- Tech Data Contends:

a.     The Transfers were not made to or for the benefit of a creditor, within the meaning of Section 547(b)(1) of the Bankruptcy Code;

b.     The Transfers were not made for or on account of an antecedent debt owed by the transferor debtor before such transfers were made, within the meaning of Section 547(b)(2) of the Bankruptcy Code;

c.     The Transfers were not made while the transferor debtor was insolvent, within the meaning of Section 547(b)(3) of the Bankruptcy Code;

d.     The relief requested in the Complaint should be denied, in whole or in part, because the Transfers did not enable Tech Data to receive more than it would have received if the case were a chapter 7 case, if the Transfers had not been made, and if Tech Data received payment of such debt to the extent provided by the Bankruptcy Code;

e.     Inacom is not entitled to the recovery of any alleged Transfers pursuant to Section 550 of the Bankruptcy Code;

f.     Tech Data was a direct, intended third party beneficiary of the APA. If Tech Data was not an intended third party beneficiary of the APA, it was an implied third party beneficiary of the APA;

g.     The APA was, among other things, a contract for the sale of goods, within the meaning of Article 2 of the Uniform Commercial Code;

h.     The APA selected New York law as the applicable law for the APA;

i.    The APA satisfies the requirements of the statute of frauds under applicable law, including New York law;

j.    The APA satisfies the requirements of the parol evidence rule under applicable law, including New York law, to bar the use of external evidence in interpretation of the contract;

k.    The Francis Letter relates back to the APA and confirms that HP had assumed Inacom's account payable obligations to Tech Data, and also acts as an independent contract between HP and Tech Data;

l.    Tech Data has satisfied its burden of rebutting the presumption of insolvency, and shifted the burden of proof on insolvency to Inacom, which Inacom cannot prove;

m.    Inacom is incapable of establishing a prima facie case for Tech Data's liability under Section 547(b) of the Bankruptcy Code;

n.    Inacom is not entitled to recover damages from Tech Data pursuant to Section 547 of the Bankruptcy Code, nor is it entitled to recover damages pursuant to any other legal or equitable theory;

o.    With respect to additional factual and legal contentions, Tech Data respectfully refers the Court to its Proposed Findings of Fact and Conclusions of Law, filed concurrently herewith.

## IV    WAIVER OF CLAIMS AND DEFENSES

18.    Inacom does not waive any claims.

19.     Tech Data hereby waives the defenses previously stated as its First Affirmative Defense (contemporaneous exchange for new value), Second Affirmative Defense (subsequent new value), Third Affirmative Defense (ordinary course of business), Fourth Affirmative Defense (no dividend to creditors), Eighth Affirmative Defense (reasonably equivalent value), and Twelfth Affirmative Defense (standing), but expressly reserves the remaining Affirmative Defenses set forth in its Answer. Tech Data conditionally waives its Sixth Affirmative Defense (limitations), but only insofar as that applies affirmative defense applies to Inacom's Complaint for damages under Section 547 of the Bankruptcy Code, and preserves the defense for all other purposes.

20.     Tech Data does not waive any of its claims against third party defendant HP.

## V     EXHIBITS

21.     Attached hereto at Tab 2 and Tab 3 are the schedules, submitted by Plaintiff and Defendant, respectively, of all exhibits (except for rebuttal exhibits), including documents, summaries, charts and other items expected to be offered in evidence and any demonstrative evidence to be offered during trial, along with corresponding statements of any objections to the authenticity thereof.

## VI     POTENTIAL WITNESSES

22.     Attached hereto at Tab 4 and Tab 5 are lists submitted by Plaintiff and Defendant, respectively, of the names of the potential witnesses to be called by each party, with a corresponding statement of any objections to calling, or to the qualifications of, any witness identified on the other party's list.

## VII    EXPERT WITNESSES

23.    As this matter is not proceeding as a jury trial, the parties have not attached agreed statements setting forth the qualifications of their expert witnesses in a form that may be read to the jury at the time that the expert witness takes the stand. Attached hereto at Tabs 6 and 7 are lists submitted by Plaintiff and Defendant, respectively, of the names of the potential expert witnesses to be called by each party, with a corresponding statement of any objections to calling, or to the qualifications of, any witness identified on the other party's list. Tech Data will be providing concurrently herewith a statement regarding its expert witnesses in a form that may be read to the jury, to which Inacom has not given its agreement.

## VIII    DEPOSITIONS TO BE READ INTO EVIDENCE

24.    Attached hereto at Tab 8 and Tab 9 are lists submitted by Plaintiff and Defendant, respectively, of all depositions, or portions thereof, (except those used for impeachment or rebuttal), which the parties reserve the right to read into evidence, and corresponding statements of objection thereto.

## IX    ITEMIZED STATEMENT OF SPECIAL DAMAGES

25.    Plaintiff seeks the avoidance and recovery of the payments listed on Exhibit "A" attached at Tab 1. Plaintiff seeks prejudgment interest from the date of the filing of the Complaint.

## X    JURY/NON-JURY TRIAL – FINDINGS AND CONCLUSIONS

26.    This action has been and is set for a bench trial. Lexmark Data filed a Motion For The Court To Order A Trial By Jury (the "Motion"), to which Tech Data joined, and to which Plaintiff filed opposition. Lexmark's Motion is currently pending on the Court's

docket. Since the action currently sits as a non-jury trial, each party shall separately file proposed Findings of Fact and Conclusions of Law concurrently with the submission of this Pretrial Order. Defendant intends to submit currently with this Pre-trial Order its proposed trial brief, jury instructions and verdict form.

## XI      HISTORY AND STATUS OF SETTLEMENT NEGOTIATIONS

27.     The parties have met and conferred in good faith in an attempt to settle the action prior to the submission of the Joint Pre-Trial Order. On July 12 and 13, 2005, the Parties engaged in a mediation before the Hon. Roger Whelan (U.S.B.C. – Ret.), but could not reach an agreed resolution. The possibility of settlement of this case has, and continues to be discussed between the parties.

## XII     COMPLETION OF DISCOVERY

28.     Inacom has agreed to allow further limited depositions of Laz Krikorian (Inacom's former Controller) and Thomas Fitzpatrick (Inacom's former CFO) on September 14 and 15, 2005. Discovery has otherwise been completed, including the depositions of expert witnesses. Absent good cause shown, no further discovery shall be permitted.

## XIII    MOTIONS IN LIMINE

29.     A list of any motions *in limine* filed by the Parties concurrent with the submission of this Pretrial Order are attached at Tab 10 and Tab 11, respectively.

## XIV     TYPE AND LENGTH OF TRIAL

30.     Depending on the outcome of rulings on pending motions and motions *in limine*, as well as the number of witnesses called to testify, the trial could take 2-5 days.

31.    Also pending before this Court are three related, additional preference actions brought by, or on behalf of, Inacom: Civil Case No. 04-CV-593 (GMS), against Ingram Entertainment, Inc. ("Ingram"); Civil Case No. 04-CV-583 (GMS), against Lexmark International, Inc. ("Lexmark"); and Civil Case No. 04-CV-582 (GMS), against Dell Computer Corporation. ("Dell"). These three cases, as well as the instant case, are set for pre-trial conference before the Court on September 19, 2005 and for trial on the merits on October 17, 2005.

32.    On May 10, 2005, Lexmark, Dell, Ingram, and Tech Data filed a Joint Motion for the Court to Consolidate for Trial ("Motion to Consolidate"), moving the Court to consolidate the four cases for trial. On May 20, 2005, Inacom filed a response to the Motion to Consolidate, indicating that it did not oppose a joint evidentiary hearing on the issue of solvency. In addition to seeking consolidation of the actions, Dell, Lexmark and Ingram have filed Motions Requesting a Jury Trial. Tech Data filed a separate joinder to the Motions Requesting a Jury Trial. The Motion to Consolidate and the Defendants' requests for jury trial are pending.

## XV    CONTROLLING EFFECT OF PRETRIAL ORDER

This Order will control the course of the trial and may not be amended except by consent of the Parties and the Court, or by order of the Court to prevent manifest injustice.

Date: _____

_____
The Honorable Gregory M. Sleet
United States District Judge

| PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB, P.C. | ADORNO & YOSS, LLP |
|---|---|
| Laura Davis Jones, Esq.<br>Sandra McLamb, Esq.<br>Pachulski, Stang, Ziehl, Young,<br>    Jones &Weintraub, P.C.<br>919 North Market St., 16th Floor<br>Wilmington, Delaware 19899<br>              Tel.: (302)652-4100<br>And | Charles M. Tatelbaum<br>(Admitted *Pro Hac Vice*)<br>Stephen C. Hunt<br>(Admitted *Pro Hac Vice*)<br>350 E. Las Olas Boulevard, Suite 1700<br>Fort Lauderdale, FL  33301<br>Telephone: (954) 763-1200<br>Facsimile:   (954) 766-7800<br><br>And |
| Andrew W. Caine, Esq.<br>Jeffrey P. Nolan, Esq.<br>Pachulski, Stang, Ziehl, Young,<br>Jones &Weintraub, P.C.<br>10100 Santa Monica Blvd., 11th Floor<br>Los Angeles, California 90067<br>Tel.: (310) 277-6910 | HERLIHY, HARKER & KAVANAUGH<br>James F. Harker (Bar No. 255)<br>1300 North Market Street, Suite 400<br>Wilmington, Delaware 19899<br>Telephone:  (302) 654-3111 |
| Counsel for Plaintiff<br>InaCom Corp. | Counsel for Defendant,<br>Tech Data Corporation |

TAB 1

LIST OF TRANSFERS
EXHIBIT A

INACOM/TECH DATA 'S LIST OF TRANSFERS

| Pmt Date | Pmt Clrd | Pmt Amt | Pmt No. |
|----------|----------|---------|---------|
| 3/27/00 | 4/3/00 | $8,060.31 | 686205 |
| 3/28/00 | 4/4/00 | $380.26 | 686352 |
| 3/29/00 | 4/4/00 | $1,955.80 | 686742 |
| 3/30/00 | 4/10/00 | $204.76 | 687052 |
| 4/3/00 | 4/11/00 | $197.94 | 687601 |
| 4/4/00 | 4/13/00 | $874.96 | 687798 |
| 4/6/00 | 4/17/00 | $696.41 | 688240 |
| 4/10/00 | 4/17/00 | $520.68 | 688659 |
| 4/11/00 | 4/21/00 | $532.23 | 688915 |
| 4/12/00 | 4/18/00 | $529.35 | 689163 |
| 4/19/00 | 4/25/00 | $750.00 | 690276 |
| 4/21/00 | 4/28/00 | $1,322.09 | 690832 |
| 4/28/00 | 5/5/00 | $1,275.00 | 692129 |
| 2/3/00 | 3/22/00 | $1,026,316.45 | 708391 |
| 2/8/00 | 3/24/00 | $1,334,959.01 | 709697 |
| 2/10/00 | 3/30/00 | $2,194,094.75 | 710575 |
| 3/1/00 | 3/20/00 | $26,762.00 | 713908 |
| 3/15/00 | 3/27/00 | $1,300.00 | 716417 |
| 3/22/00 | 4/7/00 | $1,850.00 | 717552 |
| 4/26/00 | 5/4/00 | $5,423.17 | 722237 |
| 5/10/00 | 5/18/00 | $308.80 | 723342 |
| | TOTAL | $4,608,313.97 | |

# TAB 2

## LIST OF INVOICES REFERENCED IN TRANSFERS

TAB 3

INACOM'S EXHIBITS

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| a. | June 5, 2002 | First Amended Complaint for Avoidance and Recovery of Preferential Transfers | |
| b. | April 9, 2004 | Defendant Tech Data, Corporation's Answer and Affirmative Defenses In Response To The Plaintiff Inacom Corporation's First Amended Complaint, And Third Party Complaint | |
| c. | February 3, 2000 | Check #708391 for $1,026,316.45 | Irrelevant, cumulative evidence, FRE 402, 403 |
| d. | February 8, 2000 | Check #709697 for $1,334,959.01 | Irrelevant, cumulative evidence, FRE 402, 403 |
| e. | February 10, 2000 | Check #710575 for $2,194,094.75 | Irrelevant, cumulative evidence, FRE 402, 403 |
| f. | March 1, 2000 | Check #713908 for $26,762.00 | Irrelevant, cumulative evidence, FRE 402, 403 |
| g. | March 15, 2000 | Check #716417 for $1,300.00 | Irrelevant, cumulative evidence, FRE 402, 403 |
| h. | March 22, 2000 | Check #717552 for $1,850.00 | Irrelevant, cumulative evidence, FRE 402, 403 |
| i. | March 27, 2000 | Check #686205 for $8,060.31 | Irrelevant, cumulative evidence, FRE 402, 403 |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| j. | March 28, 2000 | Check #686352 for $380.26 | Irrelevant, cumulative evidence, FRE 402, 403 |
| k. | March 29, 2000 | Check #686742 for $1,955.80 | Irrelevant, cumulative evidence, FRE 402, 403 |
| l. | March 30, 2000 | Check #687052 for $204.76 | Irrelevant, cumulative evidence, FRE 402, 403 |
| m. | April 3, 2000 | Check #687601 for $197.94 | Irrelevant, cumulative evidence, FRE 402, 403 |
| n. | April 4, 2000 | Check #687798 for $874.96 | Irrelevant, cumulative evidence, FRE 402, 403 |
| o. | April 6, 2000 | Check #688240 for $696.41 | Irrelevant, cumulative evidence, FRE 402, 403 |
| p. | April 10, 2000 | Check #688659 for $520.68 | Irrelevant, cumulative evidence, FRE 402, 403 |
| q. | April 11, 2000 | Check #688915 for $532.23 | Irrelevant, cumulative evidence, FRE 402, 403 |
| r. | April 12, 2000 | Check #689163 for $529.35 | Irrelevant, cumulative evidence, FRE 402, 403 |
| s. | April 19, 2000 | Check #690276 for $750.00 | Irrelevant, cumulative evidence, FRE 402, 403 |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| t. | April 21, 2000 | Check #690832 for $1,322.09 | **Irrelevant, cumulative evidence, FRE 402, 403** |
| u. | April 26, 2000 | Check #722237 for $5,423.17 | **Irrelevant, cumulative evidence, FRE 402, 403** |
| v. | April 28, 2000 | Check #692129 for $1,275.00 | **Irrelevant, cumulative evidence, FRE 402, 403** |
| w. | May 10, 2000 | Check #723342 for $308.80 | **Irrelevant, cumulative evidence, FRE 402, 403** |
| x. | February 8, 2000 through May 10, 2000 | Tech Data Payment Invoice Application | **Irrelevant, cumulative evidence, FRE 402, 403** |
| y. | February 2000 | Telephone log entry of Michael Ward | |
| z. | February 9, 2000, correspondence | Tech Data letterhead | |
| aa. | February 2000 | Redacted February 9, 2000 correspondence | |
| bb. | February 11, 2000 | Transmittal from D Guenthner to M. Ward | |
| cc. | November 18, 2004 | M Ward AR Note Management(Exhibit #1 to Deposition of M Ward) | |
| dd. | June 27, 2000 | Tech Data Proof of Claim | |
| ee. | February 11, 2000 | Dave Guenthner to Michael Ward | |
| ff. | February 16, 2000 | Nancy Pearson letter | |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| gg. | | Demonstrative-Chart of payments to major vendors | **Unqualified expert opinion based on unreliable principles and methods.  FRE 403, 702 Irrelevant, cumulative evidence, FRE 402, 403** |
| hh. | | Bridge demonstrative charts/graphs | **Unqualified expert opinion based on unreliable principles and methods.  FRE 403, 702 Irrelevant, cumulative evidence, FRE 402, 403** |
| ii. | | Demonstrative-OCB charts & graphs for Ingram | **Irrelevant, cumulative evidence, FRE 402, 403** |
| jj. | May 10, 2000 | Treasury Released Checks by Date | **Hearsay.  FRE 802. Authenticity. FRE 901.** |
| kk. | | Liquidation analysis (Exhibit H to Disclosure Statement) | **Hearsay.  FRE 802.** |
| ll. | | Updated liquidation analysis from Gilmour | **Hearsay.  FRE 802. Authenticity, FRE 901.** |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| mm. | | Demonstrative- make-up of outstanding unsecured creditors | **Unqualified expert opinion based on unreliable principles and methods. FRE 403, 702 Irrelevant, cumulative evidence, FRE 402, 403.** |
| nn. | April 27, 2000 | Bank presentation | |
| oo. | May, 2000 | Blackstone Confidential Information Memorandum | **Hearsay. FRE 802. Authenticity, FRE 901.** |
| pp. | February 28, 2000-July 25, 2000 | Inacom Board of Directors Minutes | |
| qq. | May 24, 2000 | E-mail from Al Karsnia to Ben Wells | **Hearsay. FRE 802. Authenticity, FRE 901.** |
| rr. | | Compaq/CTY Asset Purchase Agreement | |
| ss. | March 15, 2000 | Accounts Payable Schedule as of 2/12/00 and attached AP register | |
| tt. | February 16, 2000 | Compaq Computer Corp Revolving Credit Facility Commitment Letter | |
| uu. | | Services, Supply and Sales Agreement | |
| vv. | | Separation and Sharing Agreement | |
| ww. | | Service Level Agreement | |
| xx. | February 16, 2000 | Intercreditor Agreement among Deutsche Bank, Compaq and IBM Credit | |
| yy. | | 3rd Amendment/Waiver among Inacom, Banks, IBM Credit | |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| zz. | | 4th Amendment/Waiver among Inacom, Banks, IBM Credit | |
| aaa. | | 5th Amendment/Waiver among Inacom, Banks, IBM Credit | |
| bbb. | | 6th Amendment/Waiver among Inacom, Banks, IBM Credit | |
| ccc. | March 24, 2000 | Oshlo memo to Fitzpatrick re accessing Compaq credit facility | Irrelevant, FRE 402, Hearsay. FRE 802. Authenticity, FRE 901. |
| ddd. | April 4, 2000 | Oshlo memo to Fitzpatrick re status of held checks and revolver | Irrelevant, FRE 402, Hearsay. FRE 802. Authenticity, FRE 901. |
| eee. | April 27, 2000 | Anderson/Wavro letter to Fitzpatrick re collections on receivables owned by Compaq | Irrelevant, FRE 402, Hearsay. FRE 802. Authenticity, FRE 901. |
| fff. | April 28, 2000 | Notice of Borrowing from Inacom to Deutsche Bank | |
| ggg. | May 16, 2000 | Wavro letter to Fitzpatrick waiving a portion of the Compaq commitment letter | Irrelevant, cumulative evidence, FRE 402, 403, Hearsay. FRE 802. Authenticity, FRE 901. |
| hhh. | May 26, 2000 | Letter from Wood and Cheever to Anderson re misdirected funds | Hearsay. FRE 802. Authenticity, FRE 901. |
| iii. | | Debtors' Disclosure Statement | Irrelevant, cumulative evidence, FRE 402, 403, Hearsay, FRE 802 |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| jjj. | March 14, 2000 | Gagliardi e-mail to Winkler complaining about no incremental service revenue | **Hearsay. FRE 802. Authenticity, FRE 901.** |
| kkk. | | Complaint-Custom Edge v. Inacom, etal | |
| lll. | April 18, 2000 | Hansen e-mail to Oshlo et al re split of AR receipts | **Hearsay. FRE 802. Authenticity, FRE 901.** |
| mmm. | May 17, 2000 | Inacom press release | |
| nnn. | May 17, 2000 | Moody's press release | |
| ooo. | May 9, 2000 | Fax to Gagliardi from Robert M. Wood, Jr. Leverage Finance Group | **Hearsay. FRE 802. Authenticity, FRE 901.** |
| ppp. | | Demonstrative-supporting Fitz narrative | **Unqualified expert opinion based on unreliable principles and methods. FRE 403, 702 Irrelevant, cumulative evidence, FRE 402, 403** |
| qqq. | | First Amendment to Asset Purchase Agreement | |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| rrr. | June 2, 2000 | Asset Purchase Agreement (unexecuted) by and between Compucom and Marlin | **Document is not sufficiently identified to permit inspection and objection. Failure to disclose. FRCP 26, 33, 34 & 37(c); FRE 403, Hearsay. FRE 802. Authenticity. FRE 901.** |
| sss. | June 19, 2000 | Affidavit of Thomas J. Fitzpatrick in Support of First Day Orders | |
| ttt. | February 3, 2000 | Summary Act vs. Bud | **Document is not sufficiently identified to permit inspection and objection. Failure to disclose. FRCP 26, 33, 34 & 37(c); FRE 403, Hearsay. FRE 802. Authenticity. FRE 901.** |
| uuu. | March 27, 2000 | Inacom Press release | |
| vvv. | May 2000 | Blackstone Project Adams Debtor in Possession Model report | **Document is not sufficiently identified to permit inspection and objection. FRCP 26, 33, 34 & 37(c); FRE 403, Hearsay. FRE 802. Authenticity. FRE 901.** |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| www. | March 24, 2000 | A/P Weekly Balancing to A/P Aging Report | Hearsay. FRE 802. Authenticity. FRE 901. |
| xxx. | January 1, 2000 | Jay Samuelson e-mail to Chris Anderson | Hearsay. FRE 802. Authenticity, FRE 901. |
| yyy. | May 27, 2000 | Kevin Edwards e-mail to Mike Hall | Hearsay. FRE 802. Authenticity, FRE 901. |
| zzz. | April 28, 2000 | Paul Hatfield memorandum to mailing list | Hearsay. FRE 802. Authenticity, FRE 901. |
| aaaa. | December 9, 1999 | Roberta Conklin email re Inacom Update | Hearsay. FRE 802. Authenticity, FRE 901. |
| bbbb. | April 26, 2000 | Minutes of Inacom Board of Directors Meeting | |
| cccc. | June 14, 2000 | Bill Wavro letter to Fitzpatrick and attached statement | Hearsay. FRE 802. |
| dddd. | | Tom Molchan Memo to Board re materials for 6/1/00 meeting | Hearsay. FRE 802. Authenticity, FRE 901. |
| eeee. | February 16, 2000 | Davis Polk & Wardwell memo re Funds Flow for Compaq-Inacom closing | Unqualified expert opinion based on unreliable principles and methods. FRE 403, 702 Irrelevant, cumulative evidence, FRE 402, 403. Hearsay. FRE 802. |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| ffff. | May 2000 | Blackstone Project Addams Reorganization Model | **Unqualified expert opinion based on unreliable principles and methods. FRE 403, 702 Irrelevant, cumulative evidence, FRE 402, 403. Hearsay. FRE 802.** |
| gggg. | | Blackstone Group Jan Actual-April Actual | **Unqualified expert opinion based on unreliable principles and methods. FRE 403, 702 Irrelevant, cumulative evidence, FRE 402, 403. Hearsay. FRE 802.** |
| hhhh. | | Blackstone Group Q2-Q3 Consolidated Summary and backup | **Unqualified expert opinion based on unreliable principles and methods. FRE 403, 702 Irrelevant, cumulative evidence, FRE 402, 403. Hearsay. FRE 802.** |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| iiii. | April 19, 2005 | Bridge Associates Expert Report | **Unqualified expert opinion based on unreliable principles and methods. FRE 403, 702 Irrelevant, cumulative evidence, FRE 402, 403** |
| jjjj. | April 29, 2005 | Weiser LLP expert report | **Unqualified expert opinion based on unreliable principles and methods. FRE 403, 702 Irrelevant, cumulative evidence, FRE 402, 403** |
| kkkk. | May 27, 2005 | Bridge Associates Rebuttal Expert Report | **Unqualified expert opinion based on unreliable principles and methods. FRE 403, 702 Irrelevant, cumulative evidence, FRE 402, 403** |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| llll. | | Murray Devine expert report | **Unqualified expert opinion based on unreliable principles and methods. FRE 403, 702 Irrelevant, cumulative evidence, FRE 402, 403** |
| mmmm. | | First Set of Interrogatories propounded by Plaintiff | |
| nnnn. | | Responses to First Set of Interrogatories propounded by Plaintiff | |
| oooo. | | Plaintiff's Initial Disclosures pursuant to Fed. R. Bankr. P. 7026(a)(1) | |
| pppp. | | Defendant's Initial Disclosures pursuant to Fed. R. Bankr. P. 7026(a)(1) | |
| qqqq. | | First Set of Request for Production of Documents propounded by Plaintiff | |
| rrrr. | | Response to Plaintiff's First Set of Request for Production of Documents | |
| ssss. | | Documents produced by Defendant | |
| tttt. | 3/21/00 | email from Mike Ward to Mike Zava (Bates # 3371) | |
| uuuu. | | Defendant's Second Request for Production of Documents | |
| vvvv. | 3/20/00 | email from Mike Ward to Mike Zava (Bates # 3372) | |
| wwww. | 2/18/00 | email from Mike Ward to Mike Zava (Bates # 3380) | |
| xxxx. | 3/7/00 | email from Mike Ward to Mike Zava (Bates # 3373-3374) | |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| yyyy. | 2/28/00 | email from Mike Ward to Mike Zava (Bates # 3378) | |
| zzzz. | 3/24/00 | email from Mike Ward to Mike Zava (Bates # 3379) | |
| aaaaa. | 2/18/00 | email from Mike Ward to Mike Zava (Bates # 3381) | |
| bbbbb. | 2/18/00 | email from Mike Ward to Mike Zava (Bates # 3382) | |
| ccccc. | 2/8/00 | email from Mike Ward to Mike Zava (Bates # 3385) | |
| ddddd. | | AR Notes(Exhibit 4 to Deposition of M. Zava) | |

## TAB 4
## DEFENDANT'S EXHIBIT LIST

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-1 | 00/00/0000 | Collection of Invoices from Dell to InaCom | Horton 3 | Irrelevant. F.R.E. 401, 402 |
| D-2 | | Deleted | | |
| D-3 | 00/00/0000 | Disc containing all Dell Invoices | | Irrelevant. F.R.E. 401, 402 |
| D-4 | 00/00/0000 | Disc containing sample of Purchase Orders | | Irrelevant. F.R.E. 401, 402 |
| D-5 | 00/00/0000 | Inacom Fiscal Year 2000 Projections | 000252 Willetts 2 | Authenticity F.R.E. 901; Hearsay F.R.E. 802 |
| D-6 | 00/00/0000 | Inacom Revenue Projections | 016402 Willetts 3 | Authenticity F.R.E. 901; Hearsay F.R.E. 802 |
| D-7 | 00/00/0000 | Proposed Relationship between DB Groups and Compaq's Covenants | DE 003393 Wood 7 · | Authenticity F.R.E. 901; Hearsay F.R.E. 802 . |
| D-8 | 00/00/0000 | IBM Floor Plan Side Letter | 01132-01139 | Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402 |
| D-9 | 00/00/0000 | Consent to Use of Name (ITY) | 01463 | |
| D-10 | | Deleted | | |
| D-11 | | Deleted | | |
| D-12 | | Deleted | | |
| D-13 | 00/00/0000 | Agenda *May be limited offer or used for impeachment/rebuttal* | DB 013680 - 013681 | Authenticity F.R.E. 901; Hearsay F.R.E. 802 |
| D-14 | 00/00/0000 | Business Record Affidavit of Deutsche Bank, AG New York Branch | | |
| D-15 | 00/00/0000 | Deleted | | |
| D-16 | 00/00/0000 | Redacted Arthur Anderson document | FTI 001054 - 001073 | Authenticity F.R.E. 901; Hearsay F.R.E. 802 |
| D-17 | 00/00/0000 | Income Approach | HL 00111-00113 | Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402 |
| D-18 | 00/00/0000 | Inacom Corp. Assumptions and Convenants [sic], | HL 00132 – 136 | Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402 |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-19 | 00/00/0000 | Inacom Projected Financial Statements SG&A Recap | HL 00193 | **Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402** |
| D-20 | 00/00/0000 | Deleted | | |
| D-21 | 00/00/0000 | Outsourcing/Agency Agreement between InaCom and Compaq | | **Irrelevant F.R.E. 411, 402** |
| D-22 | | Kevin Edwards email to Mike Baker, et al, subject: "Italy A/R Findings" and attachment | CPQ 2848 - 2849 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802** |
| D-23 | 08/10/1994 | Remarketer/Integrator Agreement (Vanstar) | | **Irrelevant. F.R.E. 401, 402** |
| D-24 | | Remarketer/Integrator Agreement (Inacom) | | **Irrelevant. F.R.E. 401, 402** |
| D-25 | 01/01/1998 | Inacom Corp. Audit Difference Analysis | 00591 | **Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402** |
| D-26 | 12/26/1998 | 10K for fiscal year end December 26, 1998 | | **Irrelevant. F.R.E. 401, 402** |
| D-27 | 04/09/1999 | Credit Agreement among Various Lending Institutions, IBM Credit Corp., Banque Nationale De Paris, and Deutsche Bank, AG, New York Branch | HL00506 – HL00782 Wood 1 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802. Irrelevant F.R.E. 401, 402** |
| D-28 | | Deleted | | |
| D-29 | 06/30/1999 | Technology Research Report InaCom (ICO) | HL01785 – HL01791 | **Irrelevant F.R.E. 401, 402** |
| D-30 | 07/01/1999 | A.G. Edwards Article - InaCom | HL01819 – HL01828 | **Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402** |
| D-31 | | Deleted | | |
| D-32 | 07/25/1999 | Attachment F Collateral Management Report | DB 014064 Oshlo 11 | **Authenticity F.R.E. 901; Irrelevant F.R.E. 401, 402** |
| D-33 | 09/01/1999 | Inacom Corp 10Q for September 1999 | | |
| D-34 | | Deleted | | |
| D-35 | 12/14/1999 | "Inacom Restructures Operations to Drive Growth in eBusiness Infrastructure Management" | HL01153 – HL01156 Gagliardi 8 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |
| D-36 | 12/17/1999 | Inacom Bank Presentation | DB 008792 - 008833 | |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-37 | 12/28/1999 | News Article – Inacom Plans to Restructure to Survive | Gagliardi 1 | **Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402** |
| D-38 | 12/28/1999 | Inacom Compaq Presentation | DE 002285 - 002301 | |
| D-39 | 12/29/1999 | Houlihan Lokey Howard & Zukin engagement letter, associated materials, report and presentation | HL 0000 – 00248 | **Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402** |
| D-40 | | 1999 Monthly Financial Statements | ICN 07601 07647 | |
| D-41 | 12/31/1999 | Inacom and Subsidiaries – Condensed and Consolidated Statement of Income – Restated 1996-1999 | ICN 00870 | |
| D-42 | 12/31/1999 | Inacom and Subsidiaries – Condensed and Consolidated Margin Analysis – Restated 1996 -1999 | ICN 00871 | |
| D-43 | 12/31/1999 | Inacom and Subsidiaries – Comparative Consolidated Statement of Income 1996 -1999 | ICN 05390 | |
| D-44 | 12/31/1999 | Inacom and Subsidiaries – Comparative Consolidated Margin Analysis –1996 -1999 | ICN 05391 | |
| D-45 | 01/01/2000 | Inacom Corp.   Projected Financial Statements – Scenario:  Base Case | HL00133-HL00135 *HL00170* Dugan 4 Samuelson 7 | **Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402** |
| D-46 | | Deleted | | |
| D-47 | | 2000 Monthy Income Statements | ICN 07578 - 07600 | |
| D-48 | 01/01/2000 | 2000 Calendar & Holiday Schedule | | **Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402** |
| D-49 | 01/02/2000 | Inacom Compaq Presentation | DE 009906 - 009923 | |
| D-50 | 01/03/2000 | Memorandum to T. Gahan from J. Stuart re Inacom Amendment for Compaq Purchase of Assets | DE 003219 – 003220 Wood 5 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |
| D-51 | 01/04/2000 | 8-K January 4, 2000 | 2363 - 2424 | |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-52 | 01/04/2000 | Third Amendment and Waiver | DB 014995 - 015021 00953 – 00974 Fitzpatrick 14 Oshlo 2 Samuelson 1 Wood 2 | |
| D-53 | 01/04/2000 | Asset Purchase Agreement | 00674-00737 Fitzpatrick 20 | **Incompleteness of writing. F.R.E. 901, 1001. Motion in limine.** |
| D-54 | 01/04/2000 | Goldman Sachs Project Rodeo | 016354 - 016378 0000095 – 000120 Willetts 1 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |
| D-55 | 01/04/2000 | InaCom Corp. Executive Officer's Certificate relating to the 01/04/00 Asset Purchase Agreement | 01335 | |
| D-56 | | Deleted | | |
| D-57 | 01/19/2000 | Houlihan Lokey Handwritten Notes of Conferences 02/01/2000 02/11/1999 | HL00264 HL00269 HL00328 – HL00329 Fitzpatrick 23 | **Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402** |
| D-58 | 01/19/2000 | Houlihan Lokey - Handwritten Notes of Conferences | HL 00264 - 00336 | **Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402** |
| D-59 | 01/20/2000 | Inacom Credit Report | DE 010301 - 010308 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802** |
| D-60 | 02/01/2000 | Inacom Corp. Officer's Certificate w/Ex. A – 'complete and accurate copy of the Pro Forma Financial Statements of the Company. | 01337 – 01344 Gagliardi 6 Krikorian 11 | |
| D-61 | | Deleted | | |
| D-62 | 02/10/2000 | Release of Liens (Deutsche Bank to InaCom) | 00998 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |
| D-63 | 02/14/2000 | White and Case fax and comments of Commitment Letter and Term Sheet | DB 009957 - 009968 | **Irrelevant. F.R.E. 401, 402. Motion in Limine.** |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| **D-64** | 02/14/2000 | Form 10-K for P/E 12/25/99 | 00128 – 00133<br>Fitzpatrick 22 | **Incomplete document. F.R.E. 1001; Irrelevant F.R.E. 401, 402** |
| **D-65** | 02/15/2000 | Fourth Amendment and Waiver | DB 009947 - 009956<br>00976 – 00993<br>Fitzpatrick 15<br>Gagliardi 10<br>Oshlo 5<br>Samuelson 2<br>Wood 3 | |
| **D-66** | 02/15/2000 | $55.5 Million Dollar Revolving Credit Facility Commitment Letter by Compaq | 01067 – 01110<br>Fitzpatrick 18<br>Wells 10 | |
| **D-67** | | Deleted | | |
| **D-68** | | Deleted | | |
| **D-69** | 02/16/2000 | Form 8-K | 00134 – 00204<br>Oshlo 3<br>Samuelson 8<br>Wells 9 | |
| **D-70** | | Deleted | | |
| **D-71** | 02/15/2000 | E-mail to W. Caswell from R. Wood w/handwritten notes re Proposal re Compaq Covenants | DB 009944 – 009946<br>Wood 8 | **Irrelevant. F.R.E. 401, 402. Motion in Limine.** |
| **D-72** | | Deleted | | |
| **D-73** | 02/15/2000 | Correspondence from Deutsche Financial Services to C. Mayer Re: Payoff Letter – InaCom Corp. | 01112 – 01113 | **Irrelevant. F.R.E. 401, 402** |
| **D-74** | 02/15/2000 | Bill of Sale – InaCom & ITY | 01443-01456 | |
| **D-75** | 02/15/2000 | Memo From Deutsche Bank to Inacom Bank Group Subject: 2/15/00 Conference Call with attachments | DE 002353 – 02364 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802** |
| **D-76** | | Deleted | | |
| **D-77** | 02/16/2000 | Services, Supply and Sales Agreement between Compaq and InaCom w/Ex. 1: Procurement Services; Ex. 2: Fee Schedule; and Ex. 3 Rules of Engagement for Field Purpose, Appendix – List of Accounts; Ex. 4 Operating Agreements | CA1-CA18<br>00817-00834<br>*00753\**<br>Dugan 5<br>Fitzpatrick 16<br>Kerkman 1<br>Samuelson 9<br>Wells 8 | |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| D-78 | 02/16/2000 | Separation and Sharing Agreement between Compaq and InaCom w/Ex. 1 Compaq/Inacom Inventories; Ex. 2 Shared Services – Field Finance Ops | 00873-00943 Dugan 6 Oshlo 18 Samuelson 10 | |
| D-79 | 02/16/2000 | Service Level Agreement with Compaq Computer Corporation | 00836 – 00871 Fitzpatrick 17 | |
| D-80 | 02/16/2000 | HL Opinion Letter | HL00038 – HL00041 | **Irrelevant. F.R.E. 401, 402** |
| D-81 | | Deleted | | |
| D-82 | 02/16/2000 | Funds Flow re Compaq-Inacom Closing | 01429-01433 Gagliardi 11 Oshlo 6 | **Irrelevant. F.R.E. 401, 402** |
| D-83 | 02/16/2000 | Intercreditor Agreement | Oshlo 17 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |
| D-84 | 02/16/2000 | First Amendment to Asset Purchase Agreement | IN 00013 - 00015 | |
| D-85 | 02/16/2000 | Fifth Amendment and Waiver to Agreement for Inventory Financing | 01123 – 01130 | |
| D-86 | | Deleted | | |
| D-87 | 02/16/2000 | Willkie Farr & Gallagher Letter to BOD InaCom Corp. and Compaq Re: Asset Purchase Agreement dated 01/04/00 | 01310-01316 | **Attorney-client privilege** |
| D-88 | 02/16/2000 | Richards, Layton & Finger Letter to BOD InaCom Corp. and Compaq | 01318-01328 | **Attorney-client privilege** |
| D-89 | 02/16/2000 | Assignment and Assumption Agreement between Inacom and Compaq | 01330-01333 | **Irrelevant. F.R.E. 401, 402** |
| D-90 | 02/16/2000 | InaCom Corp. Secretary's Certificate w/Ex. A, By-Laws of InaCom Corp. and Ex. B BOD Meeting of 01/04/00 | 01346-01358 | |
| D-91 | 02/16/2000 | ITY Corp. Executive Officer's Certificate | 01360 | |
| D-92 | 02/16/2000 | ITY Corp. Secretary's Certificate w/Ex.A Bylaws of ITY Corp. and Ex. B ITY Corp. Consent in Lieu of Meeting of the BOD and Asset Purchase Agreement | 01362-01375 01376-01427 | |
| D-93 | 02/16/2000 | Transfer Agreement between InaCom and ITY | 01439-01441 | |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| D-94 | | Inacom News – Memo from Gagliardi to Inacom Team Re: Compaq Transaction Close | Inacom 03752 | |
| D-95 | | Deleted | | |
| D-96 | | Deleted | | |
| D-97 | | Deleted | | |
| D-98 | | Deleted | | |
| D-99 | 02/26/2000 | Inacom Borrowing Base Certificate | DB 014103 - 014106 Inacom 000160 – 000163 Oshlo 4 Wood 9 | |
| D-100 | 02/26/2000 | Schedule A-2 Borrowing Base Inventory Period Ending 02/26/00 | ICN 16564 | |
| D-101 | 02/20/2000 | Board of Directors Meeting Agenda | ICN 01613 - 01637 | |
| D-102 | 02/28/2000 | Inacom Board of Directors Minutes of Meetings 02/28/2000 **102A** - 03/17/00 **102B** - 03/22/00 *The following exhibits may be limited offer for impeachment/ rebuttal.* **102C** - 04/26/00 **102D** - 05/01/00 **102E** - 05/15/00 **102F** - 05/22/00 **102G** - 06/01/00 **102H** - 06/06/00 **102I** - 06/08/00 **102J** - 06/15/00 **102K** -06/23/00 **102L** - 07/06/00 **102M** - 07/25/00 | ICN 19506 – 19511 | |
| D-103 | 02/28/2000 | Minutes of Meeting of the Inacom Corp. Board of Directors | ICN 19549 – 19555 Gagliardi 9 | |
| D-104 | 03/02/2000 | 8K | 00134 and 00204 | **Irrelevant. F.R.E. 401, 402** |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| **D-105** | 03/09/2000 | Inacom's 1998/99 Performance *May be limited offer or used for impeachment/rebuttal* | DE 012444 – 012454 Wood 6 | **Authenticity F.R.E. 901; Incompleteness of document F.R.E. 1001; Irrelevant F.R.E. 401, 402** |
| **D-106** | 03/10/2000 | Letter re Invoice payment due | HL00009-10 Fitzpatrick 19 | **Irrelevant. F.R.E. 401, 402** |
| **D-107** | 03/14/2000 | John Dugan email to Galen Meysenburg and attachments | INACOM 033898 - 33900 | **Authenticity F.R.E. 901; Irrelevant F.R.E. 401, 402** |
| **D-108** | 03/17/2000 | Inacom News – Memo from Gagliardi to Inacom Team Re: Announcement from G. Gagliardi | Inacom 037534 – 037537 | |
| **D-109** | 03/24/2000 | Memo to Tom from Dick re Accessing Compaq Revolving Credit Facility | 014001 – 014002; ICN 14296 – 14297 Oshlo15 | |
| **D-110** | 03/24/2000 | Press Release: *Inacom to Restate Prior Periods for Previously Announced Special Charges* | DB 008602 | |
| **D-111** | 03/25/2000 | Inacom Corp and Subsidiaries Financial Statements | ICN 00479 - 00483 Dugan 1 Samuelson 4 | |
| **D-112** | 03/25/2000 | Inacom Corp and Subsidiaries Condensed and Consolidated Balance Sheet (Unaudited) 03/00, March Detail, and Inacom Corp and Subsidiaries Condensed and Consolidated Balance Sheet (Unaudited) 03/25/99) | 00380 – 00382 (Second Page different than ICN Bates docs) | |
| **D-113** | 03/25/2000 | Borrowing Base/Non-Default Certificate | DE 001835 – 001838 Oshlo 7 Wood 10 | |
| **D-114** | 03/29/2000 | Inacom Payments Under Sixth Amendment | ICN 15843 – 15844 Oshlo 13 | |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-115 | 03/31/2000 | Inacom Corp. Simple Balance Sheet as of 03/31/00 | ICN 22655 – 22676, 024494-024502, 024504-024515 Dugan 2 Samuelson 5 | |
| D-116 | | Deleted | | |
| D-117 | 03/31/2000 | Fifth Amendment and Waiver | DE 001601 – 001611 DE 010719 - 010730 Oshlo 19 Wood 24 | |
| D-118 | 03/31/2000 | Inacom Loan History | DE 011211 Wood 13 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802** |
| D-119 | 03/31/2000 | Letter to J. Stuart of DB from R. Oshlo re Meeting regarding Inacom developments | DB 012557 – 012558 Wood 16 | |
| D-120 | | Deleted | | |
| D-121 | | Deleted | | |
| D-122 | 04/04/2000 | Memo to Tom from Dick re HP Agreement | Inacom-003257 Oshlo 14 | |
| D-123 | | Deleted | | |
| D-124 | 04/11/2000 | N. L. Murray e-mail with attachments | INACOM 023470 - 23484 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802** |
| D-125 | | Deleted | | |
| D-126 | | Deleted | | |
| D-127 | 04/14/2000 | Sixth Amendment and Waiver | DE 010820 – 010833 Oshlo 20 Wood 25 | |
| D-128 | 04/17/2000 | E-mail from G. Shefrin to M. Cheever re Usage and availability under $225M Revolver | DE 012332 Wood 12 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| **D-129** | 04/18/2000 | Inacom News Articles | INACOM 037538, 038050-038057 Gagliardi 13 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |
| **D-130** | 04/18/2000 | Inacom Consolidating Balance Sheet As of March 31, 2000 | 00412 – 00455 | |
| **D-131** | 04/22/2000 | Borrowing Base Certificate | DE 000559 – 000562 Oshlo 8 Wood 11 | |
| **D-132** | 04/22/2000 | Inacom Corp. and Subsidiaries Financial Statements | ICN 00484 - 00487 | |
| **D-133** | | Deleted | | |
| **D-134** | | Deleted | | |
| **D-135** | | Deleted | | |
| **D-136** | 04/27/2000 | Letter to Inacom T. Fitzpatrick from C. Anderson re improper payment on collections into Inacom's account | DE 000541 Gagliardi 4 Wood 18 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802** |
| **D-137** | 04/27/2000 | Inacom – Running is everything Bank Presentation | DE 004400 – 004414 Gagliardi 7 | |
| **D-138** | 04/28/2000 | Form Notice of Borrowing | DE 000702 – 000703 Oshlo 21 | |
| **D-139** | | Deleted | | |
| **D-140** | | Deleted | | |
| **D-141** | | Deleted | | |
| **D-142** | 05/01/2000 | Compaq correspondence to Fitzpatrick Re: Revolving Credit Facility Commitment Letter | CPQ/BG 0001073 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802** |
| **D-143** | 05/01/2000 | Letter to C. Anderson from R. Wood re allegations made by Compaq | DE 000542 Wood 19 | **Irrelevant. F.R.E. 401, 402** |
| **D-144** | 05/01/2000 | Inacom Compensation Committee | ICN 01527 – 01536 Gagliardi 12 | **Irrelevant. F.R.E. 401, 402** |
| **D-145** | 05/02/2000 | R. Wood e-mail to A. Stewart Subject: Inacom Loan Payments with preliminary report | DE 012687 - 012690 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |
| **D-146** | | Deleted | | |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| D-147 | 05/09/2000 | Correspondence from Deutsche Bank to Gagliardi *May be limited offer or used for impeachment/rebuttal* | DE 010498 – 010499 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802** |
| D-148 | 05/10/2000 | Treasury Released Checks by Date | FTI 000752 – 000755 Dugan 9 Horton 6 Oshlo 10 Pearson 1 | |
| D-149 | | Deleted | | |
| D-150 | 05/15/2000 | Wavro/Compaq correspondence to Fitzpatrick Re: Revolving Credit Facility Commitment Letter | CPQ/BG 0001057 Gagliardi 5 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802** |
| D-151 | 05/24/2000 | Waiver and Agreement | DE 001415 - 001431 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |
| D-152 | 05/26/2000 | Wood correspondence to Anderson regarding continuation of investigation | DE 002845 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802 Irrelevant. F.R.E. 401, 402** |
| D-153 | | Deleted | | |
| D-154 | | Deleted | | |
| D-155 | 06/06/2000 | Notice of funds misdirected to Lockbox | DE 000106 Wood 21 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802 Irrelevant. F.R.E. 401, 402** |
| D-156 | 06/07/2000 | Letter confirming misdirected funds have been properly deposited. | DE 000107 Wood 22 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802 Irrelevant. F.R.E. 401, 402** |
| D-157 | | Deleted | | |
| D-158 | | Deleted | | |
| D-159 | 06/19/2000 | Affidavit of Thomas J. Fitzpatrick in Support of First Day Orders *May be limited offer or used for impeachment/rebuttal* | | |
| D-160 | | Deleted | | |
| D-161 | | Inacom Projected Financial | INACOM | |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| | | Statements Proforma Transaction – Balance Sheet, printed 6/23/00, | 040606 – 040608 | |
| D-162 | | Deleted | | |
| D-163 | 08/09/2000 | U.S. Bankruptcy Court; In re: Inacom Corp.; Monthly Operating Report – June 2000 Reporting Period | 02106 – 02116 Kirkorian 3 | |
| D-164 | 08/17/2000 | U.S. Bankruptcy Court; In re: Inacom Corp.; Monthly Operating Report – July 2000 Reporting Period | 03006 – 03029 Kirkorian 4 | |
| D-165 | | Deleted | | |
| D-166 | 09/19/2000 | U.S. Bankruptcy Court; In re: Inacom Corp.; Monthly Operating Report – August 2000 Reporting Period | 03117 – 03126 Kirkorian 5 | |
| D-167 | 10/01/2000 | U.S. Bankruptcy Court; In re: Inacom Corp.; Monthly Operating Report – September 2000 Reporting Period | 03261 – 03270 Kirkorian 6 | |
| D-168 | | Deleted | | |
| D-169 | | Deleted | | |
| D-170 | | Deleted | | |
| D-171 | | Deleted | | |
| D-172 | 08/17/2001 | Response of Inacom Corp. to the Compaq Entities' First Set of Interrogatories to Defendants | | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |
| D-173 | | Deleted | | |
| D-174 | 02/04/2002 | Response of Inacom Corp. to the Compaq Entities' Second Set of Interrogatories to Defendants | | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |
| D-175 | 03/02/2002 | Mini-script of T. Fitzpatrick 03/02/02 deposition previously marked as Krikorian 10 with attached Ex. #'s 66, 25, and 30. *May be limited offer or used for impeachment/rebuttal* | Fitzpatrick 10 Krikorian 10 | **Authenticity. F.R.E. 901; Incompleteness of document F.R.E. 1001** |
| D-176 | | Deleted | | |
| D-177 | | Deleted | | |
| D-178 | 08/19/2002 | Settlement Agreement between Dell and Inacom | | **Irrelevant. F.R.E. 401, 402** |
| D-179 | | Deleted | | |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-180 | 09/13/2002 | Dell/Inacom Invoice and Payment Chart for 1998, 1999 and 2000 | | **Irrelevant. F.R.E. 401, 402** |
| D-181 | 01/31/2003 | Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code With Respect to Joint Plan of Liquidation ***May be limited offer or used for impeachment/rebuttal*** | Fitzpatrick 21 | |
| D-182 | | Deleted | | |
| D-183 | | Deleted | | |
| D-184 | | Deleted | | |
| D-185 | 03/31/2005 | Horton emails and attachments | 00001 – 00086 00001-00033 Horton 7 Horton 8 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802 Irrelevant. F.R.E. 401, 402** |
| D-186 | | Deleted | | |
| D-187 | 05/26/2005 | Letter to C. Anderson re investigation | DE 002845 Wood 23 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802 Irrelevant. F.R.E. 401, 402** |
| D-188 | | Deleted | | |
| D-189 | | Deleted | | |
| D-190 | 04/28/2005 | John LaRocca Expert Report | | **Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine.** |
| D-191 | | LaRocca Work Paper | | **Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine.** |
| D-192 | | Lason, Inc. Frequency Analysis Before the Preference Period Pgs. 1 - 3 | | **Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine.** |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-193 | | Lason, Inc. Frequency Analysis<br>    During the Preference Period Pg.<br>1 | | Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-194 | | Lason, Inc. Payments Made<br>    Before the Preference Period Pgs.<br>1 – 17 | | Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-195 | | Lason, Inc. Payments Made<br>    During the Preference Period Pgs.<br>1 – 5 | | Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-196 | | Lason, Inc. Ordinary Course<br>    Preference Analysis Pg. 1 | | Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-197 | | Jacom Computer Services, Inc.<br>Frequency<br>  Analysis Before the Preference<br>Period<br>  Pgs. 1 - 4 | | Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-198 | | Jacom Computer Services, Inc.<br>Frequency<br>  Analysis During the Preference<br>Period<br>  Pgs. 1 - 3 | | Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-199 | | Jacom Computer Services, Inc.<br>Payments<br>  Made Before the Preference Period<br>  Pgs. 1 - 67 | | Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-200 | | Jacom Computer Services, Inc. Payments Made During the Preference Period Pgs. 1 - 10 | | Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-201 | | Jacom Computer Services, Inc. Ordinary Course Preference Analysis – 05/06/04 | | Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-202 | | Jacom Computer Services, Inc. Ordinary Course Preference Analysis – 10/13/04 | | Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-203 | 04/28/2005 | Stephen Thomas' Expert Report | | Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-204 | | MicroAge Pre-Preference Period Analysis | | Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-205 | | MicroAge Preference Period Analysis | | Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-206 | | Inacom Payments Made Before the Preference Period – Pgs. 1 - 548 | | Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| D-207 | | Inacom Payments Made During the Preference Period – Pgs. 1 - 22 | | Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-208 | | Inacom Frequency Analysis Before the Preference Period Pgs. 1 – 6 | | Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-209 | | Inacom Frequency Analysis During the Preference Period Pgs. 1 – 2 | | Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-210 | | Inacom Ordinary Course Preference Analysis Pgs. 1 - 2 | | Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-211 | | Inacom Total "Unordinary" Invoices Paid during Preference Period Via Check | | Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-212 | | Inacom Computation of "Unordinary" Portion of Preference Payments Via Check | | Irrelevant. F.R.E. 401, 402. Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-213 | | Inacom Potential Paid New Value | | Irrelevant. F.R.E. 401, 402. |
| D-214 | 05/02/2005 | Duff & Phelps, LLC Sasco Hill Advisors, Inc. Inacom Corp. Valuation Analysis | | |
| D-215 | | Deleted | | |
| D-216 | 06/21/2005 | Inacom Supplemental Report by Sasco Hill Advisors, Inc. | | |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-217 | 07/05/2005 | Duff & Phelps LLC Sasco Hill Advisors, Inc. Inacom Corp. Valuation Analysis | | **Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33.** |
| D-218 | | "Inacom Corp Aggregate Equity Value as of April 22, 2000 ($ in thousands)" on p. 4 from July 5, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis (With All Bridge Changes). | | **Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33.** |
| D-219 | | Inacom Corp. Historical Revenues (in millions) & Margins" on p. 9 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-220 | | "Historical Service Business Gross Margins" p. 10 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-221 | | "Inacom Corp. Historical Profitability (in millions)" p. 11 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-222 | | "Information Technology Spending Worldwide (millions of dollars) p. 12 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-223 | | "Inacom Corp. Discounted Cash Flow Analysis ($ in millions" p. 24 from July 5, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis (With All Bridge Changes) (without handwriting). | | **Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33.** |
| D-224 | | "Inacom Corp. Comparable Company Analysis April 22, 2000" p. 26 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-225 | | "Inacom Corp. Comparable Company Analysis April 22, 2000" p. 27 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-226 | | "Inacom Corp. Projected Normalized EBITDA ($ in millions)" p. 30 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-227 | | "Method 1: Revenues based on the Company's 1999 Service Revenues ($ in millions)" p. 31 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-228 | | "Method 2: Revenues based on the Company's 2000 and 2001 Projections ($ in millions)" p. 32 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-229 | | "Method 3: Based on the Company's results for the 4-week period ending 4/22/00 + Compaq Contracted Sales" p. 33 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-230 | | "Inacom Corp. Comparable Company Analysis as of April 22, 2000 ($ in thousands)" p. 34 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-231 | | "Information Technology M&A Activity ($ in millions)" p. 36 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-232 | | "Inacom Corp. Transaction Analysis as of April 22, 2000 ($ in thousands)" p. 37 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| D-233 | | "Inacom Corp. Enterprise Value Conclusion as of April 22, 2000 (in thousands)" p. 38 from July 5, 2005 Duff & Phelps LLC/Sasco Hill Advisors, Inc. Inacom Corp. Valuation Analysis (With all Bridge Changes). | | **Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33.** |
| D-234 | | "Inacom Corp.  Aggregate Equity Value as of April 22, 2000 ($ in thousands)" p. 39 from July 5, 2005 Duff & Phelps LLC/Sasco Hill Advisors, Inc. Inacom Corp. Valuation Analysis (With all Bridge Changes). | | |
| D-235 | | "Changes in Working Capital (Accounts Receivable) ($ in millions)" (without handwriting) p. 42 from July 5, 2005  Duff & Phelps LLC/Sasco Hill Advisors, Inc. Inacom Corp. Valuation Analysis (With all Bridge Changes). | | **Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33.** |
| D-236 | | "Changes in Working Capital (Account Payable and Debt) ($ in millions)" (without handwriting) p. 44 from July 5, 2005 Duff & Phelps LLC/Sasco Hill Advisors, Inc. Inacom Corp. Valuation Analysis (With all Bridge Changes). | | **Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33.** |
| D-237 | | "Inacom Corp. and Subsidiaries Comparative Consolidated Balance Sheet Provided by the Company April 22, 2000 ( In 000s)" p. 46 from July 5, 2005  Duff & Phelps LLC/Sasco Hill Advisors, Inc. Inacom Corp. Valuation Analysis (With all Bridge Changes). | | **Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33.** |
| D-238 | | "Inacom Corp. and Subsidiaries Comparative Consolidated Balance Sheet With Adjustments To Debt & Equity April 22, 2000 ( In 000s)" p. 47 from July 5, 2005  Duff & Phelps LLC/Sasco Hill Advisors, Inc. Inacom Corp. Valuation Analysis (With all Bridge Changes). | | **Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33.** |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| D-239 | | "Inacom Corp. and Subsidiaries Fair Market Value Consolidated Balance Sheet April 22, 2000 ( In 000s)" p. 48 from July 5, 2005 Duff & Phelps LLC/Sasco Hill Advisors, Inc. Inacom Corp. Valuation Analysis (With all Bridge Changes). | | **Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33.** |
| D-240 | | "Inacom Corp. and Subsidiaries Comparative Consolidated Statement of Income – Restated Years Ended December 31, 1996 – 1999 (In 000s)" p. A-1 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-241 | | "Inacom Corp. and Subsidiaries Comparative Consolidated Margin Analysis – Restated Years Ended December 31, 1996 – 1999" p. A-2 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-242 | | "Inacom Corp. and Subsidiaries Comparative Consolidated Statement of Income Years Ended December 31, 1996 – 1999 (In 000s)" p. A-3 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-243 | | "Inacom Corp. and Subsidiaries Comparative Consolidated Margin Analysis Years Ended December 31, 1996 – 1999" p. A-4 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-244 | | "Inacom Corp. and Subsidiaries Comparative Consolidated Balance Sheet December 31, 1996 – 1999 (In 000s)" p. A-5 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-245 | | "Inacom Corp. and Subsidiaries Comparative Consolidated Cash Flow Statement Years Ended December 31, 1996 – 1999 (In 000s)" p. A-6 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-246 | | "Inacom Corp. Projected Financial Results Fiscal Years April 22, 2000 to December 31, 2000 and Years Ending December, 2001 – 2009 (in $ millions)" p. B-1 from Inacom Supplemental Report By Sasco Hill Advisors, Inc. June 21, 2005. | | |
| D-247 | | "Inacom Corp. Projected Financial Results Fiscal Years April 22, 2000 to December 31, 2000 and Years Ending December, 2001 – 2009 (in $ millions)" p. B-2 from Inacom Supplemental Report By Sasco Hill Advisors, Inc. June 21, 2005. | | |
| D-248 | | "Inacom Corp. Projected Financial Results Fiscal Years April 22, 2000 to December 31, 2000 and Years Ending December, 2001 – 2009 (in $ millions)" p. B-3 from Inacom Supplemental Report By Sasco Hill Advisors, Inc. June 21, 2005. | | |
| D-249 | | "Inacom Corp. Projected Financial Results Fiscal Years April 22, 2000 to December 31, 2000 and Years Ending December, 2001 – 2009 (in $ millions)" p. B-4 from Inacom Supplemental Report By Sasco Hill Advisors, Inc. June 21, 2005. | | |
| D-250 | | "Inacom Corp. Comparable Public Company Analysis" pp. C-1 – C-11 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-251 | | "Inacom Corp. – Service Business Overview" p. D-1 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-252 | | "Comparable Company Analysis" pp. D-2 – D-9 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-253 | | "Inacom Corp. Common Sized Income Statement For Comps Fiscal Years Ended December 31, 1999" p. E-1 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-254 | | "Inacom Corp. Common Sized Balance Sheet For Comps Fiscal Years Ended December 31, 1999" p. E-2 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-255 | | "Inacom Corp. Balance Sheet As a Percentage of Sales For Comps Fiscal Years Ended December 31, 1999" p. E-3 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-256 | | "Inacom Corp. Common Sized Income Statement For Comps Fiscal Years Ended December 31, 1998" p. E-4 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-257 | | "Inacom Corp. Common Sized Balance Sheet For Comps Fiscal Years Ended December 31, 1998" p. E-5 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-258 | | "Inacom Corp. Balance Sheet As a Percentage of Sales For Comps Fiscal Years Ended December 31, 1998" p. E-6 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| D-259 | | "Inacom Corp. And Subsidiaries Comparative Consolidated Balance Sheet April 22, 2000 and March 25, 2000 (In 000s)" p. F-1 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-260 | | Standard & Poor's Industry Surveys, Computers: Commercial Services, December 16, 1999. | | **Authenticity. F.R.E. 901. Hearsay, F.R.E. 802. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Irrelevant. F.R.E. 401, 402** |
| D-261 | | Delete | | |
| D-262 | | Slides sent by Inacom Corp, 1/03/00: Transaction Overview, Inacom Pre-Transaction, Post-Transaction, Compaq Fulfillment Agreement, Compaq Service Agreement, Inacom Highlights, Management Team, Highlights, Inacom Projected Financial Statements Balance Sheet, Inacom Projected Financial Statements Income Statement, Inacom Revenue Projections, Inacom Projected Financial Statements Balance Sheet*, Inacom Projected Financial Statements Cash Flow Statement, Changes to Bank Facility, Bates number 016391 – 16405 | | |
| D-263 | | Prudential Information Technology Services: Monthly Update dtd 1/1/99 | HL01584 – HL01629 | **Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402. Hearsay F.R.E. 802** |
| D-264 | | DLJ Technology Services Research dtd 2/26/99 | HL01732 – HL01781 | **Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802** |
| D-265 | | Prudential Information Technology Services: Monthly Update dtd 3/1/99 | HL01630 – HL01649 | **Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802** |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-266 | | Prudential Information Technology Services: Weekly Update dtd 3/15/99 | HL01684 – HL01687 | Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802 |
| D-267 | | Hambrecht & Quist Technology Research Report: Inacom dtd 6/30/99 | HL01782 – HL01794 | Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802 |
| D-268 | | CSFB Desk Notes: Inacom dtd 8/31/99 | HL01795 – HL01804 | Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802 |
| D-269 | | Hambrecht & Quist ICO: Y2K-Related Slowing to Moderate Sales and Earnings in Next Two Quarters dtd 10/28/99 | HL01142 – HL01144 | Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802 |
| D-270 | | Hambrecht & Quist ICO: New Management, New Strategy and Restructuring dtd 12/15/99 | HL01133 – HL01139 | Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802 |
| D-271 | | PainWebber PC Outlook: January 2000 dtd 1/10/2000 | HL01258 – HL01440 | Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802 |
| D-272 | | Prudential PC Hardware/Enterprise/PC Channel/Data Storage dtd 2/8/2000 | HL01178 – HL01255 | Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802 |
| D-273 | | Dataquest Corporate Strategy and Objectives dtd 8/2/99 | HL01829 – HL01849 | Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802 |
| D-274 | | Advest, Inc. ICO: Becoming a Service Company dtd 1/6/2000 | HL01170 – HL 01172 | Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802 |
| D-275 | | Risk Management Association of Lending and Credit Risk Professionals "Annual Statement Studies for 1999-2000 for companies with SIC 7371 and SIC 8383 | | Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Irrelevant. F.R.E. 401, 402. Hearsay F.R.E. 802 |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| D-276 | | Risk Management Association Annual Statement Studies: 2000-2001 and 1999-2000 | | **Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Irrelevant. F.R.E. 401, 402. Hearsay F.R.E. 802** |
| D-277 | | John T. Frasca Resume | Frasca 8 | |
| D-278 | | Stephen Thomas Curriculum Vitae | Thomas Report | **Irrelevant. F.R.E. 401, 402; Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in Limine.** |
| D-279 | | Richard Whalen, Curriculum Vitae | | |
| D-280 | | Jason Fensterstock, Curriculum Vitae | | |
| D-281 | | Fact Set Mergerstat – Deal Synopsis and Business Descriptions Deal ID" 47646MM.   Deal Data: Mergerstat 08/12/2005 | . | **Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802** |
| D-282 | | Compilation of Statistics for SIC Code 737, Statistics for SIC Code 7371, 7372, 7373, 7374 Ibbotson Associates.    Cost  of  Capital Yearbook  Quarterly  Supplement December 2000 and 2004 | | **Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802** |
| D-283 | | InaCom Corp COMPARABLE PUBLIC COMPANY ANALYSIS Selections Based on Business Descriptions April 22, 2000 Pgs. 1- 3 | | **Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802** |
| D-284 | | Comparable Company Analysis Business Descriptions Pgs. 1 – 2 | | **Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802** |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| D-285 | | Inacom Corp. Comparable Company Analysis Pgs. 1 – 12 | | Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802 |
| D-286 | | Inacom - Report's Comparable Transactions and Inacom Report's Comparable Companies. Pgs. 1 – 2 | | Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802 |
| D-287 | | Individual Companies Income Statement – Annual Pgs. 1-36 | | Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802 |
| D-288 | | Business Description InaComp Corp. Source: Compustat 04/07/2005 | | Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802 |
| D-289 | | Industry Premiums – *Industry Analysis* (W-1) | | Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802 |
| D-290 | | Industry Premiums – *Industry Analysis www.mergerstat.com* (79) | | Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802 |
| D-291 | | FactSet Mergerstat – Premium Report Deal Data Mergerstat. 04/13/2005 | | Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802 |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| D-292 | | Industry Spotlights – *Industry Analysis www.mergerstat.com* (65) | | **Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802** |
| D-293 | | InaCom Corp. Consolidated Balance Sheet Apr -00 | | |
| D-294 | | InaCom Corp. Consolidated Balance Sheet Mar -00 | | |
| D-295 | | InaCom Corp. Consolidated Balance Sheet Feb -00 | | |
| D-296 | | InaCom Corp. Consolidated Balance Sheet Jan -00 | | |
| D-297 | | InaCom Corp. Consolidated Balance Sheet Dec -99 | | |
| D-298 | | Inacom Corporation Comparative Summary Balance Sheet, Common Size Balance Sheet (% of Total Assets) and Comparative Summary Income Statement, | HL 00080 – 00082 | |
| D-299 | | CSFB Inacom: Strong Buy dtd 10/28/99 | HL01146 – HL01152 | **Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402. Hearsay F.R.E. 802** |
| D-300 | | 8K Mar 00 Compaq Computer Corporation, Exhibit 1 Forecasts of Estimate Revenue by Services Categories | 00160 - 00161 | **Irrelevant. F.R.E. 401, 402. Hearsay F.R.E. 802** |
| D-301 | | NCL Accounts Receiveable Trial Balance Report (All Invoices) | IE 0023-39 | **Authenticity, F.R.E. 901. Hearsay F.R.E. 802. Irrelevant. F.R.E. 401, 402** |
| D-302 | | NCL Accounts Receivable Aged Invoice Report (All Open Invoices – Aged As of: 12/31/99) | IE 0040-42 | **Authenticity, F.R.E. 901. Hearsay F.R.E. 802.Irrelevant. F.R.E. 401, 402** |
| D-303 | 4/3/2000 | NCL-Broker Aged AR – Detail by Days Past Due | IE 0043-47 | **Authenticity, F.R.E. 901. Hearsay F.R.E. 802.Irrelevant. F.R.E. 401, 402** |
| D-304 | | Collection of checks, invoices and deposit reports for payments by Inacom to NCL | IE 0048-511 | **Authenticity, F.R.E. 901. Hearsay F.R.E. 802. Irrelevant F.R.E. 401, 402** |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-305 | | NCL Inacom Invoice Payment Detail | IE 0512-518 | Authenticity, F.R.E. 901. Hearsay F.R.E. 802. Irrelevant. F.R.E. 401, 402 |
| D-306 | | Collection of NCL Accounts Receivable and Accounts Payable Aging Reports (February 1999 through April 2000) | IE 0519-550 | Authenticity, F.R.E. 901. Hearsay F.R.E. 802. Irrelevant. F.R.E. 401, 402 |
| D-307 | 12/17/1999 | NCL Board Meeting Presentation | IE 0551- 0564 | Authenticity, F.R.E. 901. Hearsay F.R.E. 802. Irrelevant. F.R.E. 401, 402 |
| D-308 | | Nashville Data Check Processing Span (Days) | | Authenticity, F.R.E. 901. Hearsay F.R.E. 802. Irrelevant. F.R.E. 401, 402. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. |
| D-309 | | Tables and Charts prepared by Steve Gadsey summarizing payment history of Inacom to NCL before and during preference period | | Authenticity, F.R.E. 901. Hearsay F.R.E. 802. Irrelevant. F.R.E. 401, 402 |
| D-310 | 02/17/2000 | Francis letter to Tech Data Corp. re: Compaq subsidiary Custom Edge, Inc. | Francis __ Frasca __ Wells __ | Irrelevant. F.R.E. 401, 402.  Hearsay F.R.E. 802. Motion in limine |
| D-311 | 02/03/2000 | John Frasca email to Tech Data Corp. re: Inacom's January 2000 SEC Form 8-Kand attachments | Francis __ Frasca __ Wells __ Kerkman __ | Irrelevant. Hearsay F.R.E. 802. F.R.E. 401, 402. motion in limine |
| D-312 | | Tech Data internal ANM account notes and emails | | Irrelevant. F.R.E. 401, 402.  motion in limine. |
| D-313 | 02/15/00 | Letter from William Schuette to Dick Oshlo | | Authenticity, F.R.E. 901. Hearsay F.R.E. 802. Authenticity, F.R.E. 901. Hearsay F.R.E. 802. Irrelevant. F.R.E. 401, 402 |
| D-314 | 02/16/00 | Letter from William Francis to Misty Atchinson | | Irrelevant. F.R.E. 401, 402. Hearsay F.R.E. 802 |

TAB 5

## PLAINTIFF'S LIST OF PERCIPIENT WITNESSES

| WITNESS | NATURE OF OBJECTION (IF ANY) |
|---|---|
| Elaine Agee (WILL CALL) | |
| Michael Newsom (WILL CALL) | |
| Tom Fitzpatrick (WILL CALL) | |
| Richard Oshlo (MAY CALL) | |
| Laz Krikorian (WILL CALL) | |
| Jay Samuelson (MAY CALL) | |
| John Frasca (MAY CALL) | |
| John Frasca (MAY CALL) | **Objection, cumulative. FRE 403.** |
| Leon Kerkman (MAY CALL) | |
| Scott Similink (MAY CALL) | |
| Gerald Gagliardi (MAY CALL) | |
| John Dugan (MAY CALL) | |
| William Francis (MAY CALL) | |
| Robert Wood (MAY CALL) | |
| Nancy Pearson (MAY CALL) | |
| Susan Willets (MAY CALL) | |
| Ben Wells (MAY CALL) | |
| Steve Gadsey (MAY CALL) | |

| | |
|---|---|
| Dave Lemon (MAY CALL) | |
| Neil Gilmour (MAY CALL) | |
| Phil Garzolie (MAY CALL) | |
| Jason Willets (MAY CALL) | |
| Brenda Hubble  (MAY CALL) | |

## TAB 6

## DEFENDANT'S LIST OF PERCIPIENT WITNESSES

| WITNESS | NATURE OF OBJECTION(IF ANY) |
|---|---|
| Mr. Mike Ward (will call) | |
| Mr. Mike Zava (will call) | |
| Mr. Stephen Gadsey (may call) | Objection – the witness, an Ingram Entertainment employee, lacks personal knowledge as to any fact that is of consequence to the determination of this actions (F.R.E. 401, 402, 602), and was never identified by Defendant as a potential witness in disclosures or discovery or designated by Defendant as an expert witness. (Fed. R. Civ. P. 26 & 33.) See Motion in Limine. |
| Mr. Michael Keller (will call) | Objection – the witness, a Dell employee, lacks personal knowledge as to any fact that is of consequence to the determination of this actions (F.R.E. 401, 402, 602), and was never identified by Defendant as a potential witness in disclosures or discovery or designated by Defendant as an expert witness. (Fed. R. Civ. P. 26 & 33.) See Motion in Limine. |
| Mr. Major Horton (may call) | Objection – the witness, a Dell employee, lacks personal knowledge as to any fact that is of consequence to the determination of this actions (F.R.E. 401, 402, 602), and was never identified by Defendant as a potential witness in disclosures or discovery or designated by Defendant as an expert witness. (Fed. R. Civ. P. 26 & 33.) See Motion in Limine. |
| Mr. Steve Thomas (may call) | Objection – the witness, an expert witness disclosed in the Dell action, lacks personal knowledge as to any fact that is of consequence to the determination of this actions (F.R.E. 401, 402, 602), is not qualified to provide expert testimony on any issue of consequence to the determination of this action (F.R.E. 702), and was never |

|  |  |
|---|---|
|  | **identified by Defendant as a potential witness in disclosures or discovery or designated by Defendant as an expert witness. (Fed. R. Civ. P. 26 & 33.)  See Motion in Limine.** |
| Mr. Kevin Sarkeisan (may call) | **Objection – the witness, a Lexmark employee, lacks personal knowledge as to any fact that is of consequence to the determination of this actions (F.R.E. 401, 402, 602), and was never identified by Defendant as a potential witness in disclosures or discovery or designated by Defendant as an expert witness. (Fed. R. Civ. P. 26 & 33.)  See Motion in Limine.** |

Ms. Elaine Agee (may call)

Mr. Thomas Fitzpatrick (may call)

Mr. Lazarus Krikorian (may call)
Mr. Richard Oshlo (may call)

Mr. Gerald Gagliardi (may call)

Mr. Ben Wells (may call)

Any other percipient witness who appears at trial on Plaintiff's behalf (may Call)

## TAB 7
### PLAINTIFF'S EXPERT WITNESSES

| WITNESS | NATURE OF OBJECTION (IF ANY) |
|---|---|
| Dean Vomero | Unqualified expert opinion based on unreliable principles and methods. FRE 403, 702, Irrelevant, cumulative evidence, FRE 402, 403 |
| Frank X. Devine | Unqualified expert opinion based on unreliable principles and methods. FRE 403, 702, Irrelevant, cumulative evidence, FRE 402, 403 |
| Stuart A. Gollin | Unqualified expert opinion based on unreliable principles and methods. FRE 403, 702, Irrelevant, cumulative evidence, FRE 402, 403, Not identified as expert witness against Tech Data, Fed.R.Civ.P. 26. |
| Any expert designated by Defendant | |

TAB 8

## DEFENDANT'S EXPERT WITNESSES

| WITNESS | NATURE OF OBJECTION (IF ANY) |
|---|---|
| Mr. Jason Fensterstock (will call | |
| Mr. Richard Whalen (will call | **Objection – the witness, identified on the issue of insolvency, has no opinions to offer that are different or additional to those of Jason Fensterstock, designated as an expert on the same issue (F.R.E. 403). See Motion in Limine.** |
| InaCom's expert witnesses (to the extent such witnesses are permitted to offer testimony in this matter, may call) Hewlett-Packard Company's expert witnesses (to the extent such witnesses are permitted to offer testimony in this matter may call) | |

## TAB 9

## <u>INACOM'S DEPOSITION DESIGNATIONS</u>

Plaintiff makes the following deposition transcript designations. Plaintiff reserves the right to make additional designations for witnesses identified by Defendant as "Will Call" who do not appear for live testimony at trial. Plaintiff reserves the right to make counter-designations to Defendant's designations, and also reserves the right to use any transcript for rebuttal, impeachment or other purposes permitted by the Federal Rules of Civil Procedure.

**INACOM: DEPOSITION TESTIMONY TO BE READ AT TRIAL**

**Witness:**          **William Francis**

| Page No. | Line No. |
|----------|----------|
| 15-16 | 6-9 |
| 16-18 | 25-6 |
| 19 | 6-13 |
| 25 | 8-21 |
| 29-31 | 23-4 |
| 59-60 | 18-5 |
| 63 | 7-17 |
| 69 | 5-17 |
| 70-71 | 21-3 |

INACOM V: DEPOSITION TESTIMONY TO BE READ AT TRIAL

Witness:              Gerald Gagliardi
Deposition Taken:     April 6, 2005

| Page No. | Line No. | Page No. | Line No. |
|----------|----------|----------|----------|
| 1        | All      | 106-107  | 15-14    |
| 9-11     | 7-11     | 109-112  | 22-4     |
| 12-13    | 13-2     | 112      | 5-14     |
| 13       | 8-16     | 119-123  | 11-21    |
| 14-15    | 21-1     | 143-146  | 4-2      |
| 16-17    | 8-8      | 146-147  | 3-11     |
| 18-19    | 24-21    | 147-148  | 12-18    |
| 23-24    | 1-18     | 149-153  | 24-17    |
| 37-38    | 5-20     | 155-159  | 3-2      |
| 47-48    | 17-20    | 159-161  | 3-8      |
| 61       | 16-24    | 162-167  | 15-7     |
| 64-65    | 18-4     | 167      | 8-24     |
| 67-68    | 17-23    | 168-172  | 7-12     |
| 69       | 4-22     | 172-174  | 13-24    |
| 71-72    | 19-16    | 175      | 1-6      |
| 79       | 2-23     | 175-176  | 7-18     |
| 81       | 14-24    | 177-179  | 3-9      |
| 84-86    | 21-10    | 179-184  | 10-22    |
| 91-100   | 19-15    | 185-186  | 6-3      |
| 100-102  | 21-9     | 188-189  | 4-1      |
| 102-104  | 15-2     | 203-204  | 3-18     |
| 104-105  | 20-23    | 207-209  | 20-4     |

**Deposition of Michael Ward**

| Pg -Lines | 95; 6-21 |
|---|---|
| 1-4; 9-14 | 96-97; 2-3 |
| 7-8; 16-10 | 97-98; 21-24 |
| 9-11; 23-2 | 100; 16-25 |
| 14; 6-25 | 102-103; 2-15 |
| 15; 1-25 | 105-108; 11-18 |
| 17-18;23-9 | 110-111; 2-16 |
| 18-28; 10-15 | 111-112; 17-9 |
| 30; 3-19 | 113-116; 20-24 |
| 32; 19-25 | 117-118; 21-10 |
| 33; 9-18 | 118-120; 24-2 |
| 33-34; 19-17 | 122; 17-20 |
| 35-42; 21-10 | |
| 43-44; 19-16 | |
| 45-16-24 | |
| 48-49;21-16 | |
| 50-51; 22-16 | |
| 52-53; 23-7 | |
| 53; 8-24 | |
| 73; 3-19 | |

**81; 12-19**

**82-83; 17-18**

**87-88; 25-10**

**89-93; 23-18**

**93-95; 19-5**

INACOM V. DEPOSITION TESTIMONY TO BE READ AT TRIAL

Witness:              Jay Samuelson
Deposition Taken:     March 25, 2005

| Page No. | Line No. | Page No. | Line No. |
|----------|----------|----------|----------|
| 7 | 8-10 | 97-98 | 11-24 |
| 8-17 | 21-22 | 106-107 | 21-23 |
| 17-19 | 23-13 | 109-112 | 12-6 |
| 20-21 | 2-1 | 113-115 | 20-3 |
| 21 | 2-14 | 115-116 | 13-2 |
| 22-28 | 3-21 | 117-119 | 5-12 |
| 29-30 | 17-21 | 119-121 | 21-9 |
| 31 | 12-24 | 121-122 | 20-6 |
| 32-34 | 9-24 | 122-123 | 10-24 |
| 35-38 | 9-20 | 123-124 | 25-15 |
| 38-42 | 21-15 | 125-128 | 18-3 |
| 43-44 | 1-22 | | |
| 54 | 9-13 | | |
| 58 | 8-18 | | |
| 58-59 | 19-14 | | |
| 60-61 | 24-10 | | |
| 61-62 | 23-14 | | |
| 63-64 | 16-9 | | |
| 67-68 | 12-11 | | |
| 71 | 10-21 | | |
| 74-75 | 21-23 | | |
| 84 | 4-9 | | |

<u>**INACOM: DEPOSITION TESTIMONY TO BE READ AT TRIAL**</u>

**Witness:**        <u>**Robert Wood**</u>

|<u>Page No.</u>|<u>Line No.</u>|
|---|---|
|**148**|**9-25**|
|**150**|**18**|
|**153**|**13**|

**INACOM: DEPOSITION TESTIMONY TO BE READ AT TRIAL**

**Witness:**    **Michael Zava**

| Page No. | Line No. | Page No. | Line No. |
|----------|----------|----------|----------|
| 1-4 | 8-13 | 171 | 1-7 |
| 6-7 | 22-8 | 173-174; | 20-2 |
| 9-10 | 25-11 | 177 | 8-16 |
| 30 | 8-17 | | |
| 36-38 | 20-13 | | |
| 41-42 | 12-14 | | |
| 42-43 | 15-12 | | |
| 45-47 | 1-25- | | |
| 50-51 | 5-5 | | |
| 64 | 11-21 | | |
| 77-78 | 24-8 | | |
| 78-79 | 16-6 | | |
| 91-92 | 21-13 | | |
| 105-108 | 1-4 | | |
| 109 | 9-17 | | |
| 117-118 | 2-7 | | |
| 129-130 | 20--1 | | |
| 130 | 12-23 | | |
| 145 | 17-21 | | |
| 146 | 7-10 | | |
| 149 | 1-14 | | |
| 157-159 | 3-14 | | |

**Deposition of Nancy R. Pearson:**
**Deposition Taken:**    March 25, 2005

| Page No. | Line No. |
|----------|----------|
| 1-8 | (case caption)-22 |
| 10-12 | 19-15 |
| 14 | 4-9 |
| 17 | 6-8 |
| 19-22 | 12-11 |
| 25-26 | 14-8 |
| 27-28 | 23-19 |
| 30-35 | 15-4 |
| 36 | 11-22 |

| Page No. | Line No. |
|----------|----------|
| 38-39 | 1-9 |
| 40-41 | 21-8 |
| 43 | 3-17 |
| 47-48 | 20-6 |
| | |
| | |
| | |
| | |
| | |

**Deposition of Karen Wallingford:**
**Deposition Taken:**    March 22, 2005

| Page No. | Line No. |
|----------|----------|
| 1-8 | Case caption - 6 |
| 11-13 | 12-11 |
| 15 | 7-16 |
| 20-23 | 20-15 |
| 24-25 | 23-11 |
| 26 | 9-23 |
| 27-28 | 21-2 |
| 28 | 19-25 |
| 31-32 | 3-3 |

| Page No. | Line No. |
|----------|----------|
| 32-33 | 6-7 |
| 33-37 | 22-2 |
| 38 | 22-25 |
| 39 | 7-18 |
| 40 | 10-18 |
| 42-43 | 10-4 |
| | |
| | |
| | |

**INACOM : DEPOSITION TESTIMONY TO BE READ AT TRIAL**

**Witness:**            **John Alan Dugan**
**Deposition Taken:**   **March 23, 2005**

| Page No. | Line No. |
|----------|----------|
| 1-6 | Case Caption to 4 |
| 8-9 | 23-12 |
| 17-22 | 21-25 |
| 27 | 4-16 |
| 33-34 | 25-16 |
| 48-49 | 11-6 |
| 50-51 | 1-11 |
| 56 | 10-18 |
| 89 | 10-20 |
| 98 | 22-25 |
| 99 | 1-14 |
| 99-100 | 17-7 |
| 103 | 14-17 |
| 103-104 | 20-1 |
| 115 | 4-16 |
| 116 | 2-5 |
| 116 | 17-25 |
| 117 | 6-25 |
| 118-119 | 16-1 |
| 120 | 11-13 |
| 120-121 | 15-16 |
| 121 | 15-19 |

| Page No. | Line No. |
|----------|----------|
| 121-122 | 22-9 |
| 122-123 | 20-3 |
| 123-124 | 9-10 |
| 140-141 | 22-1 |
| 141 | 3-13 |
| 141-142 | 15-5 |
| 142 | 7-10 |

1.     Counter Designations to any designation made by Defendant.

2.     Inacom reserves the right to designate deposition testimony for any witness identified by Defendant herein that Defendant does not call for live testimony at trial.

3.     Inacom reserves the right to offer deposition testimony to rebut the testimony offered at trial by any witness called by Defendant.

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DESIGNATIONS

1.     Defendant objects to Plaintiff's designation of any deposition transcript for any witness that Plaintiff has designated as "Will Call," and which Plaintiff has therefore represented will be available to provide live testimony during trial. *See* Fed. R. Civ. P. 32 (a).

2.     Defendant reasserts any and all objections raised by counsel for Ingram Entertainment, Lexmark International, Tech Data Corporation, Dell, Inc., or any other defendant, on the record and in response to a question asked by Plaintiff's counsel.

3.     Defendant objects to the designation of any portion of a transcript that includes an objection or colloquy by Plaintiff's counsel in response to a question asked by counsel for Ingram Entertainment, Lexmark International, Tech Data Corporation, Dell, Inc., or any other defendant, when Plaintiff has itself now designated the question and witness's testimony. For example, in several instances, Plaintiff has designated testimony from a witness in response to a question asked by Defendant's counsel. During the deposition, Plaintiff's counsel interposed an objection or made a statement on the record in response to that question. Yet, Plaintiff now designates the question and answer for reading into evidence. By designating these questions and answers, Plaintiff has waived the previous objections, which should not be read into evidence along with the testimony. *See*, *e.g.*, Plaintiff's designation of waived objections in portions of the Samuelson transcript at 24:22 – 25:2; 25:7 – 25:10; 32:14-18; 33:12; 37:18-19; 42:12-15; 67:17-18; 68:3-5; and 75:6-8.

4.     Defendant retains the right to require Plaintiff to offer into evidence any part of any transcript designated by Plaintiff which ought in fairness be considered by the trier of fact. Defendant further retains the right to offer any other part of any transcript designated by Plaintiff. Fed. R. Civ. P. 32(a)(4).

5.     Defendant reserves the right to object at the trial or hearing to the receipt in evidence of any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying. Fed. R.

Civ. P. 32(b).

## TAB 10

## DEFENDANT'S DEPOSITION DESIGNATIONS

Defendant and Third Party Plaintiff Tech Data Corporation respectfully submits the following deposition record excerpts in further support of its Answer and Affirmative Defenses to the First Amended Complaint of Plaintiff Inacom Corp., etc. and its Third Party Complaint against Hewlett-Packard Company, et al. In addition to the page/line designations set forth, Tech Data Corporation also respectfully states the following:

(i) Tech Data reserves the right to make any counter designations to any designations made by Inacom or by the Hewlett-Packard Company, pursuant to Federal Rule of Civil Procedure 32(a)(4);

(ii) Tech Data reserves the right to designate depositions or portions thereof of any witness identified by Inacom or Hewlett-Packard Company in its respective Pre-Trial Order as a "will call" witness that Inacom does not actually call for live testimony at trial;

(iii) Tech Data reserves the right to offer deposition testimony to rebut the testimony offered at trial by any witness(es) called by Inacom or Hewlett-Packard Company or for impeachment purposes; and

(iv) Tech Data reserves the right to further supplement or seek leave of Court to further supplement this designation prior to the entry of the Pre-Trial Order by the Court.

## JOHN ALAN DUGAN:

| Page:Line | Page:Line |
|---|---|
| 6:7 – 6:10 | 17:21 – 21:10 |
| 22:19 – 22:25 | 25:22 – 26:10 |
| 28:14 – 29:24 | 35:16 – 36:11 |
| 36:23 – 36:24 | 37:3 – 37:6 |
| 38:5 – 38:13 | 39:2 – 40:2 |
| 46:20 – 48:7 | 48:11 – 48:18 |
| 48:24 – 49:6 | 57:7 – 58:1 |
| 72:3 – 72:17 | 73:4 – 74:21 |
| 75:4 – 75:13; 75:16 | 76:18 – 76:19; 76:22 |
| 76:24 – 78:16 | 79:5 – 79:8 |
| 79:10 – 79:11 | 79:13 – 79:16 |
| 80:15 – 80:22 | 81:6 – 81:8 |
| 83:2 – 84:14 | 87:11 – 87:16 |
| 87:18 – 87:20; 88:5 | 91:22 – 91:25 |
| 92:2 – 93:9 | 95:9 – 96:24 |
| 105:17 – 107:16 | 115:12 – 115:16 |
| 118:15 – 118:19 | 118:24 – 119:20 |

## JOHN T. FRASCA:

| Page:Line | Page:Line |
|---|---|
| 8:9 – 8:11 | 8:19 – 9:17 |
| 11:15 – 12:21 | 14:12 – 14:14 |
| 15:2 – 15:12 | 16:1 – 16:21 |
| 26:25 – 27:4 | 29:18 – 30:2 |
| 31:21 – 32:1 | 32:25 – 33:11 |
| 33:17 – 33:21 | 35:9 – 35:11 |
| 39:5 – 40:4 | 41:15 – 42:3 |
| 42:10 – 42:21 | 43:22 – 44:5 |
| 46:9 – 46:14 | 47:2 – 48:12 |
| 48:15 – 48:16 | 49:19 – 50:1 |
| 50:5 – 50:22 | 53:2 – 53:14 |
| 55:23 – 56:2 | 57:3 – 57:7 |
| 57:9 – 58:16 | 59:5 – 59:20 |
| 59:23 – 60:13 | 66:20 – 68:17 |
| 69:5 – 70:22 | 71:9 – 71:10 |
| 71:12 – 72:4 | 72:23 – 73:8 |
| | 72:23 – 73:8 |

**LEON KERKMAN:**

**Page:Line**

6:8 – 6:9
12:6 – 13:21
30:25 – 31:16
56:5-56:19
60:24 – 61:3
64:5 – 64:13

**Page:Line**

11:7 – 11:18
14:16 – 16:8
48:24 – 49:9
57:11 – 58:8
63:25 – 64:4

**NANCY PEARSON:**

**Page:Line**

6:8 – 6:10
10:10 – 11:1
12:8 – 12:22
16:16 – 17:20
19:7 – 19:11
20:3 – 21:1
24:15 – 24:20
25:14 – 25:17
26:20 – 27:17
30:3 – 30:11
34:10 – 34:25
47:1 – 47:16
54:19—55:3

**Page:Line**

7:12 – 8:10
11:5 – 11:15
13:1 – 13:24
18:2 – 19:1
19:17 – 19:24
21:9 – 21:18
25:1 – 25:3
25:20 – 25:22
27:23 – 28:19
32:17 – 32:21
40:12 – 40:20
49:15 – 52:7

**JAY SAMUELSON:**

**Page:Line**

7:8 – 7:10
15:24 – 16:10
19:7 – 19:13
20:14 – 20:21
25:5 – 25:6
26:11 – 27:4
29:17 – 29:21
32:9 – 33:11
34:12 – 34:24

**Page:Line**

15:5 – 15:12
17:23 – 18:24
20:1 – 20:6
22:3 – 24:21; 25:3
25:11 – 25:15
29:8 – 29:11; 29:15
30:4 – 30:21
33:14 – 34:5
35:9 – 36.3

| | |
|---|---|
| 36:7 – 36:17 | 36:20 – 38:23 |
| 39:1 – 40:4 | 41:12 – 42:11 |
| 43:1 – 45:3 | 44:9 – 45:3 |
| 45:15 – 45:23 | 45:25 – 46:7 |
| 54:9 – 54:13 | 58:19 – 58:25 |
| 59:3 – 59:19 | 59:21 – 59:24 |
| 60:24 – 61:5 | 61:23 – 62:14 |
| 63:16 – 64:5 | 65:22 – 67:7 |
| 74:12 – 74:16 | 77:13 – 78:1; 78:5 |
| 78:7 – 78:9 | 78:12 – 78:13 |
| 78:18 – 78:22 | 79:9 – 79:18 |
| 79:23 – 80:18 | 80:21 – 81:8 |
| 81:11 – 83:11 | 83:18 – 83:21 |
| 84:1 – 84:2 | 96:12 – 96:14 |
| 96:22 – 97:3 | 98:5 – 98:24 |
| 99:4 – 100:3 | 100:18 – 103:5 |
| 104:20 – 105:2 | 113:2 – 113:15 |

## KAREN WALLINGFORD:

| Page:Line | Page:Line |
|---|---|
| 6:17 – 6:19 | 14:2 – 15:18 |
| 16:3 – 16:9 | 21:1 – 21:5 |
| 21:15 – 21:16 | 21:18 – 21:20; 21:24 |
| 24:23 – 25:4 | 25:7 – 25:11 |
| 25:21 – 26:6 | 48:14 – 48:23 |

## BEN K. WELLS:

| Page:Line | Page:Line |
|---|---|
| 8:3 – 8:6 | 11:3 – 11:7 |
| 11:11 – 11:13 | 11:18 – 13:6 |
| 14:2 – 14:15 | 49:18 – 49:25 |
| 50:6 – 51:5 | 51:11 – 52:8 |
| 52:12 – 52:17 | 53:1 – 53:25 |
| 54:1 – 54:2 | 54:21 – 55:20 |
| 59:11 – 59:12 | 59:15 – 60:8 |
| 61:6 – 61:8 | 61:14 – 61:22 |
| 63:4 – 63:13 | 66:13 – 67:1 |
| 66:15 – 67:1 | 67:8 – 69:10 |
| 67:14 – 67:16 | 67:18 – 69:10 |
| 72:20 – 73:9 | 73:10 – 73:25 |

74:8 – 74:12                    74:15 – 74:25
75:9 – 75:15                    76:1 – 76:9
76:15 – 77:3

## SUSAN WILLETTS:

**Page:Line**                   **Page:Line**

8:21 – 8:24                     13:19 – 14:18
16:22 – 22:1                    22:10 – 25:1
26:1 – 26:20                    27:3 – 27:11
27:18 – 28:2                    29:18 – 31:14
31:18 – 32:5                    32:13 – 33:12
34:7 – 34:11                    36:7 – 38:8
38:20 – 39:5                    40:2 – 40:7
40:9 – 40:11; 40:15            40:17 – 41:4
41:8 – 42:4                     42:8 – 43:23
44:6 – 45:4                     46:12 – 46:19
47:3 – 48:1                     48:10 – 49:4
49:13 – 50:21                   51:12 – 52:2
52:13 – 52:24                   53:1 – 53:8
53:15 – 53:24                   54:14 – 55:3
55:20 – 56:13                   57:18 – 60:8; 60:11
60:13 – 63:3                    63:17 – 64:3
65:16 – 66:1                    66:17 – 67:10
68:2 – 68:5                     68:17 – 69:5
74:15 – 77:5

## ROBERT M. WOODS:

**Page:Line**                   **Page:Line**
7:2 – 7:5                       11:12 – 11:25
12:2 - 12:9                     12:20 – 12:25
13:2 - 13:12                    13:24 – 13:25
14:3 - 14:17                    14:23 – 14:25
15:2 - 15:14                    15:16 – 15:25
16:2 – 16:4                     16:7 – 16:25
17:2 – 17:5                     20:16 – 20:24; 21:2
21:19 – 21:25                   22:2 – 22:6
22:9 – 22:10                    23:2 – 23:4
23:7 – 23:14                    24:24 – 24:25
25:2 – 25:12                    25:21 – 25:25
26:2 – 26:6                     29:7 – 29:10
29:14 – 29:25                   30:2 – 30:4
32:2 – 32:25                    33:5 – 33:15

| | |
|---|---|
| 33:18 – 33:24 | 34:2 – 34:17 |
| 35:7 – 35:19 | 45:20 – 45:25 |
| 46:2 – 46:12 | 46:23 – 46:24 |
| 47:2 – 47:13 | 47:22 – 47:25 |
| 48:2 – 48:6 | 48:10 – 48:13 |
| 48:17 – 48:23 | 50:8 – 50:10 |
| 50:17 – 50:25 | 51:3 – 51:12 |
| 54:12 – 54:25 | 55:2 – 55:3 |
| 58:7 – 58:18 | 59:5 – 59:6 |
| 59:8 – 59:9 | 59:15 – 59:22 |
| 60:2 – 60:25 | 61:2 – 61:4 |
| 61:18 – 61:20 | 61:23 – 61:25 |
| 62:2 – 62:3 | 62:11 – 62:25; 63:2 |
| 63:18 – 63:25 | 64:2 – 64:25 |
| 65:2 – 65:4 | 65:15 – 65:22 |
| 72:23 – 72:25 | 73:2 – 73:4 |
| 73:6 – 73:10 | 73:21 – 73:24 |
| 74:2 – 74:10 | 75:17 – 75:20 |
| 76:23 – 76:25 | 77:2 – 77:24 |
| 78:2 – 78:17 | 78:25 – 79:14 |
| 80:21 – 80:23; 80:25 | 81:2 – 81:3 |
| 81:6 – 81:11 | 81:24 – 81:25 |
| 82:2 – 82:15 | 82:19 – 82:22 |
| 82:24 – 82:25 | 83:2 – 83:6 |
| 83:11 – 83:25 | 84:2 – 84:6 |
| 84:11 – 84:22 | 84:24 – 84:25 |
| 85:2 – 85:3 | 85:5 – 85:25 |
| 86:2 - 86:7 | 86:9 – 86:14 |
| 86:16 – 86:23; 86:25 | 87:2 – 87:11 |
| 87:13 –88:6 | 89:19 – 89:25 |
| 90:2 – 90:10 | 90:14 – 90:25 |
| 91:2 – 91:23 | 96:8 – 96:25 |
| 97:2 – 97:8 | 97:10: 97:15 |
| 97:17 – 97:18 | 98:18 – 98:23; 98:25 |
| 107:22 – 107:25 | 108:2 – 108:8 |
| 108:21 – 108:25; 109:3 | 109:18 – 109:20 |
| 109:24 – 109:25 | 110:2 – 110:9 |
| 110:12 – 110:25 | 111:2 – 111:5 |
| 111:21 – 111:25 | 112:2 – 112:14 |
| 112:16 – 112:21 | 112:23 – 112:25 |
| 113:2 – 113:4; 113:6 | 129:4 – 129:20 |
| 129:22 – 129:25 | 130:2 – 130:6 |
| 130:8 – 130:23; 130:25 | 131:2 – 131:9; 131:11 |
| 137:14 – 137:20 | 137:22 – 137:25 |
| 138:2 – 138:5 | 138:20 – 138:25 |
| 139:2 – 139:7 | 139:9 – 139:21 |

| | |
|---|---|
| 139:23 – 139:25 | 140:2 – 140:14 |
| 140:16 – 140:21; 140:24 | 141:17 – 141:25 |
| 142:2 – 142:3 | 142:5 – 142:25 |
| 143:2 – 143:4 | 143:6 – 143:11 |

## SCOTT SIMMILINK:

| Page:Line | Page:Line |
|---|---|
| 6:8—6:10 | 18:13—18:20 |
| 19:2—19:4 | 20:22—21:8 |
| 23:11—23:16 | 35:11—35:20 |
| 35:23—35:24 | |

## NONDAS (NONI) L. VITOLS:

| Page:Line | Page:Line |
|---|---|
| 6:13 – 6:15 | 7:24 – 8:7 |
| 9:1 – 9:11 | 9:15 – 10:25 |
| 12:21 – 13:7 | 13:24 – 14:3 |

## LAZARUS KRIKORIAN:

| Page:Line |
|---|
| 80:5 – 80:16 |

## WILLIAM FRANCIS:

| Page:Line | Page:Line |
|---|---|
| 17:9 – 17:25 | 18:1 – 18:25 |
| 19:1 – 19:16 | 21:2 – 21:15 |
| 24:15 – 24:18 | 39:21 – 39:25 |
| 40:1 – 40:13 | 40:17 – 40:25 |
| 41:1 – 41:23 | |

**GERALD A. GAGLIARDI:**

| Page:Line | | Page:Line |
|---|---|---|
| 9:7 – 11:11 | | 73:11 – 74:17 |
| 13:8-20 | | 74:23 – 76:4 |
| 15:22-24 | | 76:6 – 78:19 |
| 16:7-10 | | 79:2 – 81:24 |
| 16:12 – 17:3 | | 83:8 – 87:17 |
| 17:20 – 18:19 | | 87:19 – 88:4 |
| 18:24 – 19:21 | | 89:13 – 90:22 |
| 21:14 – 25:4 | | 91:3 – 102:20 |
| 26:8 – 29:4 | | 102:23 – 108:4 |
| 29:6 – 30:12 | | 108:17 – 112:9 |
| 30:14 – 31:24 | | 112:11 – 113:14 |
| 32:9-23 | | 116:20-21 |
| 33:18 – 35:5 | | 116:23 – 129:23 |
| 35:12 – 39:5 | | 130:1 – 131:7 |
| 40:1-16 | | 131:18 – 135:20 |
| 40:18-24 | | 135:22 – 136:16 |
| 41:6-15 | | 137:13 – 139:6 |
| 43:21 – 45:6 | | 139:13 – 140:21 |
| 47:17 – 48:3 | | 141:8 – 142:20 |
| 48:5 – 50:3 | | 143:3 – 147:11 |
| 52:6 – 54:10 | | 148:19 – 155:17 |
| 54:12 – 54:19 | | 156:13 – 161:14 |
| 54:21 – 55:11 | | 161:24 – 162:10 |
| 55:14 – 57:9 | | 181:5 – 184:12 |
| 57:20 – 58:19 | | 185:6 – 188:6 |
| 58:21 | | 189:13 – 190:4 |
| 60:10 – 61:7 | | 190:23 – 191:7 |
| 62:1-11 | | 195:14 – 196:16 |
| 62:13 – 64:1 | | 196:18 – 197:4 |
| 64:3 – 65:4 | | 207:20 – 209:4 |
| 67:4 – 71:9 | | 210:8-16 |
| 71:11 – 73:4 | | |

## TAB 11

## PLAINTIFF'S MOTIONS *IN LIMINE*

Motions in limine filed by Plaintiff in connection with the parties' Pretrial Order:

1.    PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE CUMULATIVE EXPERT TESTIMONY RE INSOLVENCY

2.    PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RE DEFENDANT'S ARGUMENTS UNDER 547(B)(2) and (5)

3.    PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE WITNESSES NOT PREVIOUSLY DISCLOSED OR IDENTIFIED IN DISCOVERY

# TAB 12

## DEFENDANT'S MOTIONS *IN LIMINE*

Defendant is not filing any motions *in limine*.

Defendant is separately filing a motion in aid of litigant's rights seeking remedies for prejudice to Defendant resulting from the Plaintiff's late production of certain documents and discovery materials that defendant may seek to rely upon at trial.