IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: INACOM CORP., et al., Debtors. | Bankruptcy Case No. 00-2426 (PJW) |
| INACOM CORP., on behalf of all affiliated Debtors,<br><br>                 Plaintiff,<br><br>     v.<br><br>TECH DATA CORPORATION,<br><br>                 Defendant. | Civil Action No. 04-148 (GMS)<br><br>[Adversary Proc. No. 02-3496 (PJW)] |

## [PROPOSED] FINAL PRE-TRIAL ORDER

This matter having come on before the court at a pretrial conference held pursuant to Fed.R.Civ.P ("Rule") 16, and Andrew W. Caine of Pachulski, Stang, Ziehl, Young, Jones & Weintraub, 919 Market Street, 17th Floor, Wilmington, Delaware, (302) 652-4100, having appeared as counsel for plaintiff Inacom Corporation, as represented by the duly authorized Plan Administrator ("Plaintiff", "Inacom" or "Debtor"), Charles Tatelbaum and Stephen C. Hunt, of Adorno & Yoss, L.L.P., 350 East Las Olas Blvd., Suite 1700, Ft. Lauderdale, FL 33301, (954) 763-1200 having appeared as counsel for defendant Tech Data Corporation ("Defendant" or "Tech Data") and James F. Harker, of Herlihy, Harker & Kavanagh, 1300 North Market Street, Suite 400, Wilmington, Delaware 19899, (302) 654-3111, Local Counsel for Tech Data ("Defendant" or "Tech Data") (collectively, Plaintiff and Defendant are referred to herein as the "Parties"), the following actions were taken:

# I    STATEMENT OF THE NATURE OF THE ACTION AND BASIS FOR FEDERAL JURISDICTION.

1.    This is an action for avoidance and recovery of alleged preferential transfers under 11 U.S.C. §§ 547 and 550, and the Court has jurisdiction over the parties and claims set forth in this matter pursuant to 28 U.S.C. § 1334(b).  Venue is proper pursuant to 28 U.S.C. § 1409.  This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Jurisdiction and venue are not disputed.

2.    This is an adversary proceeding initiated under 11 U.S.C. § 547 against the Defendant for receipt of preferential transfers.  The reference of this matter was withdrawn to this Court from the United States Bankruptcy Court for the District of Delaware in September 2004.

# II    PROCEDURAL POSTURE

3.    Plaintiff InaCom Corp. and its related debtors each filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") on June 16, 2000 (the "Petition Date").

4.    Plaintiff filed a Complaint for Avoidance and Recovery of Preferential Transfers (the "Complaint") on May 20, 2002 against Defendant.  Plaintiff filed a First Amended Complaint for Avoidance and Recovery of Preferential Transfers (the "Complaint") on June 5, 2002 against Defendant.  Defendant filed its Answer And Affirmative Defenses on April 9, 2004.  No counter-claims have been asserted though Defendant did file a proof of claim in the Debtor's bankruptcy estate.

III    **STIPULATIONS AND STATEMENTS OF FACT.**

   5. The following stipulations and statements were submitted and are attached

to and made a part of this order:

  A. **Uncontested Facts**

**General Background**

   6. In or about November, 1999, Inacom was in the business of providing of

information technology products and technology management services to primarily Fortune 1000

clients. Inacom distributed its products and services through a marketing network of

approximately ninety (90) business centers throughout the United States. Inacom was in two

basic lines of business; computer hardware and peripherals distribution (the "Distribution

Business") and a related technology service and configuration business (the "Service Business").

Through these businesses, Inacom delivered personal computer and related information

technology products to businesses together with related support services.

   7. Tech Data is a corporation formed under the laws of the State of Florida,

with its principal place of business located at 5350 Tech Data Drive, Clearwater, Florida. Tech

Data sells computer products and peripherals, as well as a variety of other electronic products.

   8. For a period of some years prior to the Petition Date, Inacom purchased

product from Tech Data whereby Tech Data would ship product to Inacom on credit.

   9. In early December, 1999, Inacom reached an agreement in principle for

sale of the assets of the Distribution Business to Compaq Computer Corporation ("Compaq").

On January 4, 2000, Inacom signed an Asset Purchase Agreement (the "APA"), and certain

related operational agreements, with Compaq and its acquisition subsidiary ITY Corp.,

subsequently known as Custom Edge, Inc. (also referred to collectively, as "Compaq").

        10.    The Asset Purchase transaction closed on February 16, 2000. In general,

in exchange for $369.5 million, Compaq purchased the inventory, supply agreements, customer

contracts, leases, furniture, fixtures and equipment of the Distribution Business, and assumed

certain related outstanding liabilities. Compaq hired essentially all of the Debtors' employees

and management personnel associated with the Distribution Business, and maintained operations

from the same business premises.

        11.    Prior to filing bankruptcy, Inacom attempted to sell the remaining Service

Business.

        12.    On June 16, 2000 (the "Petition Date"), Inacom and a number of related

entities (the "Debtors") filed petitions under Chapter 11 of the Bankruptcy Code.

**The Parties' Relationship and the Challenged Transfers**

        13.    Within the 90 days prior to the Petition Date (March 17-June 16, 2000),

the Debtors made payments to Tech Data in the amount of $4,606,288.97 (the "Transfers"),

which are more specifically described in Exhibit "A" attached hereto at Tab 1. .

        14.    The Transfers were received by, and conferred a material benefit upon

Tech Data.

        15.    All of the Transfers were made in reference to specific invoices issued to

Inacom by Tech Data for its products previously sold, delivered, and accepted by Inacom, which

invoices are identified on Tab 2. Tech Data does not stipulate that Inacom was indebted to Tech

Data on account of these invoices at the time that the Transfers were made.

16.     All of the Transfers were payments from funds on hand in the Debtors'

bank accounts.

17.     Defendant was the initial transferee of the Transfers.

**B.     Contested Issues of Fact and Law to be Litigated**

18.     The parties' respective Proposed Findings of Fact and Conclusions of Law

were filed concurrently with the submission of this Pretrial Order.  To the extent not otherwise

stipulated in this Pretrial Order, all proposed findings of fact and conclusions of law are

contested.  The ultimate issues in dispute are as follows:

- •    Inacom Contends:

    a.     Debtors were insolvent at all relevant times during the preference

    period, and Defendant cannot rebut the presumption of insolvency

    provided in 547(f);

    b.     All of the Transfers were made to Defendant for its benefit as a

    creditor of the Debtors, on account of antecedent debt owing from

    the Debtors to Defendant;

    c.     The Transfers enabled Defendant to receive more than it would if

    the case were under chapter 7, the Transfers had not been made,

    and Defendant received payment of the outstanding debt to the

    extent provided by the Bankruptcy Code;

    d.     Defendant did not give subsequent new value to the Debtors'

    pursuant to Bankruptcy Code Section 547(c)(4); and

e.    The relief requested in the Complaint should not be denied, in whole or in part, based upon any other defense;

f.    Neither Defendant nor any other party was an intended third party beneficiary to the APA, which specifically provides as such;

g.    None of the invoices paid by the Transfers were assumed in the APA, of which Defendant was clearly and expressly aware in correspondence that it authored;

h.    There was never any writing between Inacom, Defendant and Compaq relieving Inacom of responsibility to satisfy outstanding invoices to Defendant;

i.    With respect to additional factual and legal contentions, Plaintiff refers to its Proposed Findings of Fact and Conclusions of Law, filed concurrently herewith.

• Tech Data Contends:

a.    The Transfers were not made to or for the benefit of a creditor, within the meaning of Section 547(b)(1) of the Bankruptcy Code;

b.    The Transfers were not made for or on account of an antecedent debt owed by the transferor debtor before such transfers were made, within the meaning of Section 547(b)(2) of the Bankruptcy Code;

c.    The Transfers were not made while the transferor debtor was

insolvent, within the meaning of Section 547(b)(3) of the

Bankruptcy Code;

d.    The relief requested in the Complaint should be denied, in whole

or in part, because the Transfers did not enable Tech Data to

receive more than it would have received if the case were a chapter

7 case, if the Transfers had not been made, and if Tech Data

received payment of such debt to the extent provided by the

Bankruptcy Code;

e.    Inacom is not entitled to the recovery of any alleged Transfers

pursuant to Section 550 of the Bankruptcy Code;

f.    Tech Data was a direct, intended third party beneficiary of the

APA. If Tech Data was not an intended third party beneficiary of

the APA, it was an implied third party beneficiary of the APA;

g.    The APA was, among other things, a contract for the sale of goods,

within the meaning of Article 2 of the Uniform Commercial Code;

h.    The APA selected New York law as the applicable law for the

APA;

i.    The APA satisfies the requirements of the statute of frauds under

applicable law, including New York law;

j.  The APA satisfies the requirements of the parol evidence rule under applicable law, including New York law, to bar the use of external evidence in interpretation of the contract;

k.  The Francis Letter relates back to the APA and confirms that HP had assumed Inacom's account payable obligations to Tech Data, and also acts as an independent contract between HP and Tech Data;

l.  Tech Data has satisfied its burden of rebutting the presumption of insolvency, and shifted the burden of proof on insolvency to Inacom, which Inacom cannot prove;

m.  Inacom is incapable of establishing a prima facie case for Tech Data's liability under Section 547(b) of the Bankruptcy Code;

n.  Inacom is not entitled to recover damages from Tech Data pursuant to Section 547 of the Bankruptcy Code, nor is it entitled to recover damages pursuant to any other legal or equitable theory;

o.  With respect to additional factual and legal contentions, Tech Data respectfully refers the Court to its Proposed Findings of Fact and Conclusions of Law, filed concurrently herewith.

## IV    WAIVER OF CLAIMS AND DEFENSES

19.  Inacom does not waive any claims.

20.  Tech Data hereby waives the defenses previously stated as its First Affirmative Defense (contemporaneous exchange for new value), Second Affirmative Defense

(subsequent new value), Third Affirmative Defense (ordinary course of business), Fourth

Affirmative Defense (no dividend to creditors), Eighth Affirmative Defense (reasonably

equivalent value), and Twelfth Affirmative Defense (standing), but expressly reserves the

remaining Affirmative Defenses set forth in its Answer. Tech Data conditionally waives its

Sixth Affirmative Defense (limitations), but only insofar as that applies affirmative defense

applies to Inacom's Complaint for damages under Section 547 of the Bankruptcy Code, and

preserves the defense for all other purposes.

      21.    Tech Data does not waive any of its claims against third party defendant

HP.

**V**    **EXHIBITS**

      22.    Attached hereto at Tab 2 and Tab 3 are the schedules, submitted by

Plaintiff and Defendant, respectively, of all exhibits (except for rebuttal exhibits), including

documents, summaries, charts and other items expected to be offered in evidence and any

demonstrative evidence to be offered during trial, along with corresponding statements of any

objections to the authenticity thereof.

**VI**    **POTENTIAL WITNESSES**

      23.    Attached hereto at Tab 4 and Tab 5 are lists submitted by Plaintiff and

Defendant, respectively, of the names of the potential witnesses to be called by each party, with a

corresponding statement of any objections to calling, or to the qualifications of, any witness

identified on the other party's list.

## VII    EXPERT WITNESSES

24.    As this matter is not proceeding as a jury trial, the parties have not attached agreed statements setting forth the qualifications of their expert witnesses in a form that may be read to the jury at the time that the expert witness takes the stand. Attached hereto at Tabs 6 and 7 are lists submitted by Plaintiff and Defendant, respectively, of the names of the potential expert witnesses to be called by each party, with a corresponding statement of any objections to calling, or to the qualifications of, any witness identified on the other party's list. Tech Data will be providing concurrently herewith a statement regarding its expert witnesses in a form that may be read to the jury, to which Inacom has not given its agreement.

## VIII    DEPOSITIONS TO BE READ INTO EVIDENCE

25.    Attached hereto at Tab 8 and Tab 9 are lists submitted by Plaintiff and Defendant, respectively, of all depositions, or portions thereof, (except those used for impeachment or rebuttal), which the parties reserve the right to read into evidence, and corresponding statements of objection thereto.

## IX    ITEMIZED STATEMENT OF SPECIAL DAMAGES

26.    Plaintiff seeks the avoidance and recovery of the payments listed on Exhibit "A" attached at Tab 1. Plaintiff seeks prejudgment interest from the date of the filing of the Complaint.

## X    JURY/NON-JURY TRIAL – FINDINGS AND CONCLUSIONS

27.    This action has been and is set for a bench trial. Lexmark Data filed a Motion For The Court To Order A Trial By Jury (the "Motion"), to which Tech Data joined, and to which Plaintiff filed opposition. Lexmark's Motion is currently pending on the Court's

docket. Since the action currently sits as a non-jury trial, each party shall separately file

proposed Findings of Fact and Conclusions of Law concurrently with the submission of this

Pretrial Order. Defendant intends to submit currently with this Pre-trial Order its proposed trial

brief, jury instructions and verdict form.

## XI      HISTORY AND STATUS OF SETTLEMENT NEGOTIATIONS

28.     The parties have met and conferred in good faith in an attempt to settle the

action prior to the submission of the Joint Pre-Trial Order. On July 12 and 13, 2005, the Parties

engaged in a mediation before the Hon. Roger Whelan (U.S.B.C. – Ret.), but could not reach an

agreed resolution. The possibility of settlement of this case has, and continues to be discussed

between the parties.

## XII     COMPLETION OF DISCOVERY

29.     Inacom has agreed to allow further limited depositions of Laz Krikorian

(Inacom's former Controller) and Thomas Fitzpatrick (Inacom's former CFO) on September 14

and 15, 2005. Discovery has otherwise been completed, including the depositions of expert

witnesses. Absent good cause shown, no further discovery shall be permitted.

## XIII    MOTIONS IN LIMINE

30.     A list of any motions *in limine* filed by the Parties concurrent with the

submission of this Pretrial Order are attached at Tab 10 and Tab 11, respectively.

## XIV     TYPE AND LENGTH OF TRIAL

31.     Depending on the outcome of rulings on pending motions and motions *in
limine*, as well as the number of witnesses called to testify, the trial could take 2-5 days.

32.    Also pending before this Court are three related, additional preference actions brought by, or on behalf of, Inacom: Civil Case No. 04-CV-593 (GMS), against Ingram Entertainment, Inc. ("Ingram"); Civil Case No. 04-CV-583 (GMS), against Lexmark International, Inc. ("Lexmark"); and Civil Case No. 04-CV-582 (GMS), against Dell Computer Corporation. ("Dell"). These three cases, as well as the instant case, are set for pre-trial conference before the Court on September 19, 2005 and for trial on the merits on October 17, 2005.

33.    On May 10, 2005, Lexmark, Dell, Ingram, and Tech Data filed a Joint Motion for the Court to Consolidate for Trial ("Motion to Consolidate"), moving the Court to consolidate the four cases for trial. On May 20, 2005, Inacom filed a response to the Motion to Consolidate, indicating that it did not oppose a joint evidentiary hearing on the issue of solvency. In addition to seeking consolidation of the actions, Dell, Lexmark and Ingram have filed Motions Requesting a Jury Trial. Tech Data filed a separate joinder to the Motions Requesting a Jury Trial. The Motion to Consolidate and the Defendants' requests for jury trial are pending.

## XV    CONTROLLING EFFECT OF PRETRIAL ORDER

This Order will control the course of the trial and may not be amended except by consent of the Parties and the Court, or by order of the Court to prevent manifest injustice.

Date: _____

_____
Honorable Gregory M. Sleet
United States District Judge

| | |
|---|---|
| PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB, P.C. | ADORNO & YOSS, LLP |
| *(signature)* | |
| Laura Davis Jones (Bar No. 2436) | Charles M. Tatelbaum (Fla. Bar No. 177540) |
| Sandra McLamb (Bar No. 4283) | (Admitted *Pro Hac Vice*) |
| Pachulski, Stang, Ziehl, Young, | Stephen C. Hunt  (Fla. Bar No. 191582) |
| Jones &Weintraub, P.C. | (Admitted *Pro Hac Vice*) |
| 919 North Market St., 16th Floor | 350 E. Las Olas Boulevard, Suite 1700 |
| Wilmington, Delaware 19899 | Fort Lauderdale, FL 33301 |
| Tel.: (302)652-4100 | Telephone: (954) 763-1200 |
| And | Facsimile:  (954) 766-7800 |
| | |
| | And |
| | |
| Andrew W. Caine, Esq. | HERLIHY, HARKER & KAVANAUGH |
| Jeffrey P. Nolan, Esq. | |
| Pachulski, Stang, Ziehl, Young, | /s/ James F. Harker |
| Jones &Weintraub, P.C. | James F. Harker (Bar No. 255) |
| 10100 Santa Monica Blvd., 11th Floor | 1300 North Market Street, Suite 400 |
| Los Angeles, California 90067 | Wilmington, Delaware 19899 |
| Tel.: (310) 277-6910 | Telephone:  (302) 654-3111 |
| | |
| Counsel for Plaintiff | Counsel for Defendant, |
| InaCom Corp. | Tech Data Corporation |