# Exhibit A

M0728del

1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re: INACOM CORP., et al.,
------------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,
          Plaintiff,    Civ Act No.
    -against-             04-148 GMS
TECH DATA CORP.,           Adversary No.
          Defendant.   02-03496 PJW
------------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,
          Plaintiff,    Civ Act No.
    -against-             04-582 GMS
DELL COMPUTER CORPORATION,  Adversary No.
          Defendant.   02-03499 PJW
------------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,
          Plaintiff,    Civ Act No.
    -against-             04-583 GMS
LEXMARK INTERNATIONAL, INC.,  Adversary No.
          Defendant.   02-03500 PJW
------------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,
          Plaintiff,    Civ Act No.
    -against-             04-593 GMS
INGRAM ENTERTAINMENT, INC.,  Adversary No.
successor in interest to     02-03960 PJW
NASHVILLE COMPUTER LIQUIDATORS,
          Defendant.
------------------------------------x

July 28, 2005

9:11 a.m.

Deposition of JASON FENSTERSTOCK

COMPUTER REPORTING INC.
(212) 986-1344

2

Page 1

```
                           M0728del
23          A.    The Duff & Phelps side of the
24    equation.
25          Q.    Was Mr. Whalen ultimately responsible
```

COMPUTER REPORTING INC.
(212) 986-1344

31

```
1              J. Fensterstock - Unproofread
2     at Duff & Phelps for that analysis?
3           A.    Yes.
4           Q.    Do you intend, at trial, to offer
5     opinions with respect to all of the analyses in
6     the May 2 report?
7           A.    I suspect so, that's conjecture, since
8     I suspect you are going to capitulate before
9     trial.
10          Q.    Let me ask it a different way then,
11    and I always appreciate humor, believe me.
12          A.    For give me for that indulgence.
13          Q.    No forgiveness required.  Assuming
14    this matter proceeds to trial, do you expect to
15    offer opinions with respect to all of these
16    analyses in the May 2nd report?
17          A.    Yes.
18          Q.    To your knowledge does Mr. Whalen hold
19    any opinions with respect to the May 2 report?
20          A.    Yes.
21          Q.    Does he hold any opinions different
22    than yours?
23          A.    No the to my knowledge.
24          Q.    To your knowledge, does Mr. Whalen
25    intend to offer any testimony at trial different
```

Page 28

M0728del

COMPUTER REPORTING INC.
(212) 986-1344

32

1   J. Fensterstock - Unproofread
2 than yours with respect to the May 2 report?
3  A. Not to my knowledge.
4  Q. Are there any matters within the May
5 2nd report for which you are not prepared to offer
6 an opinion?
7  A. I don't think so.
8  Q. With respect to Exhibit 2, the May 27
9 report, if this matter proceeds to trial, do you
10 expect to offer opinions with respect to all of
11 the matters therein?
12  A. Yes.
13  Q. Do you know if Mr. Whalen holds any
14 opinions with respect to the matters in the May 27
15 report?
16  A. I suspect he does.
17  Q. Do you know if Mr. Whalen has any
18 opinions with respect to the matters in the May 27
19 report that are different or additional to yours?
20  A. I suspect not.
21  Q. With respect to the June 21 report, if
22 this matter proceeds to trial, do you expect to
23 offer your opinion with respect to all of the
24 matters therein?
25  A. I suspect so.

COMPUTER REPORTING INC.
(212) 986-1344

33

M0728de1

1       J. Fensterstock - Unproofread
2       Q.    Do you know if Mr. Whalen holds any
3    opinions with respect to the matters in your June
4    21 report?
5       A.    I believe so.
6       Q.    Do you know whether Mr. Whalen holds
7    any opinions with respect to the matters in the
8    June 21 report that are either different or
9    additional to your opinions?
10      A.    I don't believe so.
11      Q.    Let's turn to the May 2 report.
12            MR. CAINE:  Off the record.
13            (Discussion off the record.)
14            (Recess taken.)
15      Q.    Would you please turn to page 3 of
16   your May 2 report. My questions are going to
17   start on the second bullet point, so please read
18   that to yourself.
19            Have you had an opportunity to do so?
20      A.    Yes.
21      Q.    The second sentence begins the
22   circumstances surrounding Inacom as of April 17,
23   2000 provide the bases for our analysis.
24            See that?
25      A.    Yes.

COMPUTER REPORTING INC.
(212) 986-1344

34

1       J. Fensterstock - Unproofread
2       Q.    What circumstances were you referring
3    to?

M0728de2

1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re:  INACOM CORP., et al.,
------------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                      Civ Act No.
                Plaintiff,               04-148 GMS
        -against-                        Adversary No.
TECH DATA CORP.,                         02-03496 PJW
                Defendant.
------------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                      Civ Act No.
                Plaintiff,               04-582 GMS
        -against-                        Adversary No.
DELL COMPUTER CORPORATION,               02-03499 PJW
                Defendant.
------------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                      Civ Act No.
                Plaintiff,               04-583 GMS
        -against-                        Adversary No.
LEXMARK INTERNATIONAL, INC.,             02-03500 PJW
                Defendant.
------------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                      Civ Act No.
                Plaintiff,               04-593 GMS
        -against-                        Adversary No.
INGRAM ENTERTAINMENT, INC.,              02-03960 PJW
successor in interest to
NASHVILLE COMPUTER LIQUIDATORS,
                Defendant.
------------------------------------x

                    July 28, 2005

                    5:19 p.m.


            Deposition of RICHARD A. WHALEN



                COMPUTER REPORTING INC.
                   (212) 986-1344

0                                                            2


                        Page 1

M0728de2

1      R. Whalen - Unproofread
2  operating?
3      A.   I can't think of a particular example.
4      Q.   With respect to your engagements in
5  which you valued a company at a date in the past,
6  did any of those companies cease doing business
7  for any reason other than a sale within six months
8  after the valuation dates?
9      A.   Probably.
10     Q.   Do you recall any of them?
11     A.   I can't think of an example.
12     Q.   Do you recall any of the circumstances
13 of any of them?
14     A.   I can't think of an example of a
15 company that ceased to exist within six months of
16 a valuation I performed.  However, I have been
17 doing business valuations and valuations of
18 intangible assets for 15 years or so, and in those
19 hundreds of assignments, I would imagine there
20 were probably some companies that went away,
21 hopefully after they paid our bill, and then I
22 kind of lose track sometimes.
23     Q.   As you sit here today, you don't
24 recall any specific instances in which that
25 happened?

COMPUTER REPORTING INC.
(212) 986-1344

13

1      R. Whalen - Unproofread
2      A.   You are correct.
3      Q.   As you sit here today I assume you

Page 11

M0728de2

4   can't recall any instances in which you performed
5   a valuation of a company at a date in the past
6   where the company ceased doing business for any
7   reason other than a sale within two months of the
8   valuation?
9       A.   That stands to reason.
10      Q.   Do you have an understanding as to the
11  areas in which you are expected to testify if this
12  litigation goes to trial?
13      A.   I think so.
14      Q.   What are those areas?
15      A.   I believe I'll be asked to testify
16  about the three valuation approaches, about how
17  they came together, the preparation methodologies,
18  in the discounted cash flow approach, about the
19  numbers used, and the market data considered in
20  the comparable company approach, and market Comp
21  approach, about the comparable companies chosen
22  and the process by which we took our universe and
23  made it into our sample, and in the transactions
24  approach, the methodology by which we accumulated
25  our data points, and then of course the

COMPUTER REPORTING INC.
(212) 986-1344

14

1           R. Whalen - Unproofread
2   triangulation of those values, coming it a
3   conclusion.
4       Q.   Do you intend to offer any opinions
5   other than those expressed in the report that is
6   identified as Exhibit 1 here, the report of May 27

Page 12

M0728de2

7   by Sasco Hill, that's been marked as Exhibit 2,
8   and the report dated June 21, by Sasco hill that's
9   been marked as Exhibit 3?
10      A.   I don't intend to, unless I'm asked.
11      Q.   Do you intend to offer any opinions
12  that are different than those that you understand
13  Mr. Fensterstock intend to give?
14      A.   No, no different.
15      Q.   Do you intend to offer any opinion
16  that are in addition to any that you understand
17  Mr. Fensterstock intends to give?
18      A.   No, nothing in addition.
19      Q.   I'm going to show you, next, what's
20  been marked as Exhibit 8 to Mr. Fensterstock's
21  deposition. That is the Bridge May 27 report.
22      A.   Yes.
23      Q.   Have you seen this before?
24      A.   Yes, I have.
25      Q.   Have you read it before?

COMPUTER REPORTING INC.
(212) 986-1344

15

1           R. Whalen - Unproofread
2       A.   Yes, I have.
3       Q.   Have you undertaken any analysis with
4   respect to the matters contained herein?
5       A.   Some.
6       Q.   As you sit here today, do you recall
7   any particular issues upon which you haven't
8   engaged an analysis?
9       A.   I think the main analysis we did on

Page 13