IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re INACOM CORP., *et al.*, | Bankruptcy Case No. 00-2426 (PJW) |
| INACOM CORP., on behalf of all affiliated Debtors,<br>                  Plaintiff,<br>v.<br>TECH DATA CORPORATION,<br>                  Defendant.<br>AND RELATED THIRD PARTY ACTION. | Civil Action No. 04-148 (GMS)<br>[Bk Adv. Case No. 03-50501 (PJW)]<br><br>[MOTION IN LIMINE NO. 2 OF 3] |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE
RE DEFENDANT'S ARGUMENTS UNDER 547(b)(2) and (5)**

Plaintiff Inacom Corp. files this Motion to exclude evidence regarding the assumption of invoices in connection with the Asset Purchase Agreement ("APA") between Plaintiff and Compaq Computer Corporation ("Compaq"). Even if viewed in a light most favorable to Defendant, this evidence is legally insufficient to block Plaintiff's proof of two contested elements of its prima facie case under Bankruptcy Code section 547(b), and is thus irrelevant and inadmissible under Federal Rules of Evidence 401 and 402. The exclusion of the proposed evidence will not prejudice Defendant, while introduction of the fruitless evidence that will amount to a waste of judicial resources, and will unduly extend the trial and delay its conclusion.

**STATEMENT OF FACTS**

Plaintiff and its related debtors (collectively, the "Debtors") each filed chapter 11 on June 16, 2000. In January, 2000, Inacom provided information technology products and technology management services to primarily Fortune 1000 clients. Inacom maintained approximately ninety (90) business centers throughout the United States, and employed 10,500. Inacom's

business operations were historically divided into two segments, hardware distribution and service.

In Fall, 1999, as the hardware distribution industry continued to suffer, Inacom determined to sell the distribution business, and to restructure around its remaining service business. On January 4, 2000, Inacom and Compaq signed an Asset Purchase Agreement (the "APA"). The complex transaction closed on February 16, 2000.

In sum, in exchange for $369.5 million, Compaq purchased the operating assets of the distribution business, and assumed selected outstanding operational liabilities. Defendant is expected to submit evidence that Schedules to the APA evidence Compaq's obligation to assume Inacom's outstanding accounts payable to Defendant.

In fact, however, schedules exchanged between Inacom and Compaq specifically identify the invoices to be assumed by Compaq; those paid by the preference payments are not included. Moreover, it is undisputed that: (1) Defendant did not at any time agree to release Inacom from its obligation to satisfy invoices unpaid as of February 16, 2000, (2) there is no written agreement between Inacom, Compaq and Defendant regarding the obligations of the parties with respect to any invoices from Defendant to Inacom that remained unpaid as of February 16, 2000, (3) writings from Defendant that acknowledge Inacom's continuing responsibility for the invoices after the APA, and evidence Defendant's efforts to collect payment on the invoices from Inacom, and (4) Defendant accepted payment from Inacom without comment or inquiry.

### THE COURT HAS THE POWER TO EXCLUDE EVIDENCE PROFFERED TO SUPPORT A FUTILE LEGAL THEORY

The Court has authority to exclude evidence based on a motion in limine, pursuant to its "inherent power to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41, 105 S.Ct. 460, 463, fn.2 (1984); *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994).

Motions in limine are well recognized in the case law as a vehicle for "advance planning [that] helps both parties and the court." *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979). *See Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 417 (3rd Cir. 1999).

Federal Rules of Evidence 402 provides that only relevant evidence is admissible. Federal Rules of Evidence 401 defines "relevant evidence" as pertaining to a fact that is "of consequence to the determination of the action."

**Defendant's "Novation" argument to defeat the "antecedent debt" requirement of Section 547(b)(2).** Among the requirements for the plaintiff's prima facie case, Bankruptcy Code section 547(b)(2) requires proof that the payment was made "for or on account of an antecedent debt owed by the debtor before such transfer was made." 11 U.S.C. §547(b)(2). Absent Defendant's "novation" argument, there is no dispute that the invoices paid by the preference payments constitute "antecedent debt" under section 547(b)(2).

Defendant will argue, however, that its version of the evidence suggests that Compaq agreed to assume responsibility to satisfy Defendant's unpaid invoices to Inacom, and thus, the APA constitutes a novation between the parties (Defendant, Inacom and Compaq), such that Inacom was no longer liable to Defendant for the invoices when the preference payments were made. As a result, Defendant will argue, the outstanding indebtedness of Inacom to Defendant was extinguished, removing any "antecedent debt" to which to apply the preference payments.

Defendant's theory fails as a matter of law because (a) the APA merely effected a financial agreement between Compaq and Inacom, and thus, did not relieve Inacom of its liability to Defendant on the unpaid invoices, and (2) the APA does not constitute a "novation" between the three parties, which would be necessary to release Inacom.

Absent a novation, the original obligor remains liable for performance of any delegated duty, e.g., the responsibility to pay a debt to another. *Holland v. Fahnestock*, 210 F.R.D. 487, 498 (S.D.N.Y. 2002). "The act of delegation…does not relieve the delegant of the ultimate responsibility to see that the obligation is performed. If the delegate fails to perform, the delegant remains liable." *Contemporary Mission, Inc. v. Famous Music Corp.*, 557 F.2d 918, 924 (2d Cir. 1977).

Under New York law[1], a novation requires four elements: (1) a previously valid obligation; (2) agreement of all parties to a new contract; (3) extinguishment of the old contract; and (4) a valid new contract." *Atlantic Mutual Ins. Co., v. Balfour MacLaine Int'l Ltd.*, 85 F.3d 68, 82-83 (2d Cir. 1996). "New York courts have set a stringent standard for novation." *Holland v. Fahnestock & Co.*, 210 F.R.D. 487, 499 (S.D.N.Y. 2002).

There was no agreement between Defendant, Inacom and Compaq with respect to liability for invoices for goods delivered by Defendant to Inacom. Thus, even if Defendant can prove that Compaq assumed such responsibility under the APA, Inacom remained liable for the invoices, and the preference payments on these invoices were clearly made on account of "antecedent debt."

**Defendant's "third party source" argument to defeat Section 547(b)(5).** Bankruptcy Code section 547(b)(5) requires proof that, if the defendant had not received the preference payments, its outstanding prepetition claim for the unpaid invoices would recover less than full payment from the plaintiff's estate in a chapter 7 bankruptcy proceeding. For purposes of the

---

[1] Pursuant to Section 13.05, the APA is governed by New York law.

analysis required under Section 547(b)(5), only payment from the debtor's estate is considered. The right to or prospect of payment from other sources is not to be considered. *In re Powerine Oil Co.*, 59 F. 3d 969, 972-973 (9th Cir. 1995); *In re Virginia-Carolina Fin. Corp.*, 954 F.2d 193, 199 (4th Cir. 1992). *See, Union Bank v. Wolas*, 502 U.S. 151, 160-161, 112 S. Ct. 527 (1991).

Thus, even if Defendant can overcome several factual and legal obstacles to prove that, under the APA, Compaq became responsible for Defendant's invoices paid by the preference payments, AND that Defendant was entitled to enforce that obligation in direct action against Compaq, the argument does not defeat Plaintiff's claim under section 547(b)(5).[2]

## **CONCLUSION**

As a matter of law, evidence relating to the purported assumption of debt by Compaq in the APA is legally irrelevant to the application of Section 547(b)(2) and (5). Exclusion of the evidence will not cause any prejudice to Defendant, and will greatly serve judicial economy and the interests of the Court and the parties.

---

[2] Correspondence clearly establishes that Defendant knew that Inacom would remain responsible for payment of the subject invoices. Moreover, Absent Defendant's "third party source" theory, it is undisputed that 547(b)(5) is easily established based on the estate's inability to pay non-priority unsecured claims in full.

42125-003\DOCS_DE:110821.1                                     5

Dated: August 15, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

/s/ Sandra McLamb

Laura Davis Jones (Bar No. 2436)
Sandra McLamb (Bar No. 4283)
919 North Market Street, 16th Floor
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
10100 Santa Monica Blvd., Suite 1100
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Counsel for Plaintiff, INACOM CORP.