IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re INACOM CORP., *et al.*, | Bankruptcy Case No. 00-2426 (PJW) |
| INACOM CORP., on behalf of all affiliated Debtors,<br>Plaintiff,<br>v. | Civil Action No. 04-148 (GMS)<br>[Bk Adv. Case No. 03-50501 (PJW)] |
| TECH DATA CORPORATION,<br>Defendant. | [MOTION IN LIMINE NO. 3 OF 3] |
| AND RELATED THIRD PARTY ACTION. | |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE WITNESS NOT PREVIOUSLY DISCLOSED OR IDENTIFIED IN DISCOVERY RESPONSES**

Plaintiff Inacom Corp. files this Motion under Federal Rules of Evidence 403 to exclude witnesses listed by Defendant in the parties' joint Pretrial Order, who were not identified by Defendant in its initial disclosures, any subsequent disclosures, or any responses to discovery propounded by Plaintiff that specifically requested identification of all persons with knowledge with respect to the issues in this action. Despite Defendant's clear obligation under Federal Rules of Civil Procedure 26 and 33 to disclose and identify all potential witnesses in this action, Defendant's witness list for the trial of this action includes several previously undisclosed witnesses. Permitting these witnesses to testify would be unfairly prejudicial to Plaintiff, and thus, they should be excluded pursuant to Federal Rules of Evidence 403.

## STATEMENT OF FACTS

Defendant's witness list submitted in connection with the parties' Pretrial Order[1] includes the following witnesses who were not included in Defendant's initial disclosures under Federal Rules of Civil Procedure 26, and were not identified in response to Plaintiff's interrogatories that requested the identity of all persons with any knowledge regarding the issues in this action:

| | |
|---|---|
| Michael Keller (May Call) | Objection – the witness, a Dell employee, lacks personal knowledge as to any fact that is of consequence to the determination of this actions (F.R.E. 401, 402, 602), and was never identified by Defendant as a potential witness in disclosures or discovery. (Fed. R. Civ. P. 26 & 33.) See Motion in Limine. |
| Major Horton (May Call) | Objection – the witness, a Dell employee, lacks personal knowledge as to any fact that is of consequence to the determination of this actions (F.R.E. 401, 402, 602), and was never identified by Defendant as a potential witness in disclosures or discovery. (Fed. R. Civ. P. 26 & 33.) See Motion in Limine. |
| Steve Thomas (May Call) | Objection – the witness, an expert witness disclosed in the Dell action, lacks personal knowledge as to any fact that is of consequence to the determination of this actions (F.R.E. 401, 402, 602), is not qualified to provide expert testimony on any issue of consequence to the determination of this action (F.R.E. 702), and was never identified by Defendant as a potential witness in disclosures or discovery or designated by Defendant as an expert witness. (Fed. R. Civ. P. 26 & 33.) See Motion in Limine. |

---

[1] To add insult to injury, Defendant did not submit its percipient and expert witness lists to Plaintiff until Aug. 12, the Friday before the Monday, Aug. 15 filing deadline for the parties' joint Pretrial Order.

| | |
|---|---|
| Mr. Stephen Gadsey (may call) | **Objection – the witness, an Ingram Entertainment employee, lacks personal knowledge as to any fact that is of consequence to the determination of this actions (F.R.E. 401, 402, 602), and was never identified by Defendant as a potential witness in disclosures or discovery or designated by Defendant as an expert witness. (Fed. R. Civ. P. 26 & 33.) See Motion in Limine.** |
| Kevin Sarkesian (May Call) | **Objection – the witness, a Lexmark employee, lacks personal knowledge as to any fact that is of consequence to the determination of this actions (F.R.E. 401, 402, 602), and was never identified by Defendant as a potential witness in disclosures or discovery. (Fed. R. Civ. P. 26 & 33.) See Motion in Limine.** |

## **THE COURT SHOULD EXCLUDE THE PREVIOUSLY UNDISCLOSED WITNESSES**

The Court has authority to exclude evidence based on a motion in limine, pursuant to its "inherent power to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41, 105 S.Ct. 460, 463, fn.2 (1984); *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994). Motions in limine are well recognized in the case law as a vehicle for "advance planning [that] helps both parties and the court." *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979). *See Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 417 (3rd Cir. 1999).

Federal Rules of Evidence 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *See Aetna Casualty & Surety Co. v. Guynes*, 713 F.2d 1187, 1193 (5th Cir. 1983).

Defendant's newly identified witnesses should be excluded because Plaintiff will suffer unfair prejudice if they are allowed to testify. Plaintiff has not had any notice of these witnesses, and has prepared its case for trial accordingly. While Plaintiff does not concede than any of these witnesses possesses any personal knowledge of or relevant information relating to this action, Plaintiff surmises that Defendant now recognizes that it erred in not retaining any outside expert on the issue of ordinary business terms, and is now inappropriately attempting to introduce testimony not previously disclosed.

## CONCLUSION

Plaintiff respectfully submits that the Court should exclude all witnesses listed by Defendant in the parties' joint Pretrial Order, who were not identified by Defendant in its initial disclosures, any subsequent disclosures, or any responses to discovery propounded by Plaintiff that specifically requested identification of all persons with knowledge with respect to the issues in this action. Permitting these witnesses to testify would be unfairly prejudicial to Plaintiff, and thus, they should be excluded pursuant to Federal Rules of Evidence 403.

Dated: August 15, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

/s/ Laura Davis Jones

Laura Davis Jones (Bar No. 2436)
Sandra McLamb (Bar No. 4283)
919 North Market Street, 16th Floor
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
10100 Santa Monica Blvd., Suite 1100
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Counsel for Plaintiff, INACOM CORP.