# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

In re:

INACOM CORPORATION, *et al.,*

    Debtors.
_____/

INACOM CORPORATION,

    Plaintiff,

v.

TECH DATA CORPORATION,

    Third-Party Plaintiff,

vs.

HEWLETT-PACKARD COMPANY,
COMPAQ COMPUTER CORP.,
ITY CORP., and CUSTOM EDGE, INC.,

    Third-Party Defendants.
_____/

Civil Action No. 1:04-cv-00148-GMS

Bankr. Case No. 00-02426 (PJW)
Adv. Pro. No. 02-03496 (PJW)

## TECH DATA CORPORATION'S RESPONSE TO INACOM CORPORATION'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RE DEFENDANT'S ARGUMENTS UNDER 547(b)(2) and (5)

TECH DATA CORPORATION, the defendant herein (the "Defendant" or "Tech Data"), by and through its undersigned attorneys, resaponding to Inacom Corporation's ("Inacom") Motion In Limine to Exclude Evidence Re Defendant's Arguments Under 547(b)(2) and (5), respectfully states:

## STATEMENT OF FACTS

Tech Data hereby incorporates by reference the facts as set forth in its Proposed Findings of Fact and Conclusions of Law as to Inacom's Complaint.

# ARGUMENT

### I. Inacom Has Failed to Show Cause as to Why Evidence of a Novation Should Be Excluded

Inacom has presented no legal authority sufficient to preclude Tech Data's presentation of evidence of its status as a third-party beneficiary to the Asset Purchase Agreement. It is the position of defendant Tech Data that a novation was formed and that partly in consequence, the invoices paid did not constitute payment of antecedent debt pursuant to Bankruptcy Code Section 547(b)(2).

Plaintiff Inacom's mere recitation of legal elements does not provide sufficient justification for the exclusion of evidence essential to Tech Data's case. The existence of a novation is not, as plaintiff would characterize it, "a matter of law." Under New York law, "[a]n agreement for a novation need not be expressed, it may be implied. The court, as the trier of the facts, must determine the intention of the parties." *Nat'l Equip. Rental, Ltd. v. Sebert Mfg. Corp.*, 248 N.Y.S.2d 374, 376 (N.Y. Sup. Ct. 1964) (citing *Henderson v. Sheppard*, 231 N.Y.S. 89 (N.Y. App. Div. 1931). A novation may discharge obligations under prior agreements, and its efficacy in doing so "may be determined from the writings and conduct of the parties or, in certain cases, from the documents exclusively." *Water St. Dev. Corp. v. City of New York*, 632 N.Y.S.2d 544, 545 (N.Y. App. Div. 1995). Moreover, the assent of a party to a novation "may be proved by circumstantial evidence precisely as other facts may be similarly proved." *De Witt v. Monjo*, 61 N.Y.S. 1046 (N.Y. App. Div. 1900). Notwithstanding Inacom's protests, Tech Data is entitled to present evidence in support of an existing novation at trial, and any

other position would contravene longstanding and readily apparent legal opinions on this issue.

Accordingly, recognition of the contract at issue as a novation is a matter best decided by the trier of fact at a trial upon those facts, taking into consideration the full extent of applicable law.

### II. Inacom's Motion as It Pertains to Section 547(b)(5) Is Completely Irrelevant

Bankruptcy Code Section 547(b)(5) permits a trustee to avoid a preferential transfer if and only if that transfer enables a creditor to receive more than it would have if: (1) the case had been a under chapter 7 and (2) the transfer has not been made. While the authorities cited by Plaintiff educate the reader as to the nature, implications and legislative purpose of Section 547(b), and thereby frustrate the Plaintiff's ability to prove this essential and material element of its case. If, as Tech Data argues, HP assumed the payment obligation from Inacom, then the bankruptcy of Inacom, and any distribution from a hypothetical chapter 7 case are moot issues. Plaintiff's conclusions derived therefrom are erroneous and ought not to be considered by the Court in ruling upon the instant Motion In Limine.

### Conclusion

For the foregoing reasons, Tech Data respectfully requests that this Court deny Inacom's motion *in limine* seeking to preclude introduction of evidence of Tech Data's arguments under Bankruptcy Code Section 547(b).

Dated: August ___, 2005

        HERLIHY, HARKER & KAVANAUGH

        /s/ James F. Harker
        James F. Harker (Bar No. 255)
        Local Counsel for Defendant
        1300 North Market Street, Suite 400
        Wilmington, Delaware 19899
        Telephone: (302) 654-3111

        -and-

        ADORNO & YOSS, LLP
        Charles M. Tatelbaum
        (Admitted Pro Hac Vice)
        Stephen C. Hunt
        (Admitted Pro Hac Vice)
        350 E. Las Olas Boulevard, Suite 1700
        Fort Lauderdale, FL 33301
        Telephone: (954) 763-1200
        Facsimile: (954) 766-7800
        *Attorneys for Third-Party Plaintiff,*
        *Tech Data Corporation*