

1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re: INACOM CORP., et al.,
------------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,
              Plaintiff,    Civ Act No.
    -against-                 04-148 GMS
TECH DATA CORP.,               Adversary No.
              Defendant.   02-03496 PJW
------------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,
              Plaintiff,    Civ Act No.
    -against-                 04-582 GMS
DELL COMPUTER CORPORATION,   Adversary No.
              Defendant.   02-03499 PJW
------------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,
              Plaintiff,    Civ Act No.
    -against-                 04-583 GMS
LEXMARK INTERNATIONAL, INC.,  Adversary No.
              Defendant.   02-03500 PJW
------------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,
              Plaintiff,    Civ Act No.
    -against-                 04-593 GMS
INGRAM ENTERTAINMENT, INC.,   Adversary No.
successor in interest to     02-03960 PJW
NASHVILLE COMPUTER LIQUIDATORS,
              Defendant.
------------------------------------x

July 28, 2005

5:19 p.m.

Deposition of RICHARD A. WHALEN


Computer Reporting Incorporated



501 Fifth Avenue  New York, NY 10017
(212) 986-1344  Fax (212) 983-9149  www.crinyc.com

1              R. Whalen

2    get information that was reasonable knowledge by a

3    willing buyer as of the valuation date, and you

4    should endeavor to get as much information as they

18:09:53  5  can, but things that are put out there, published,

6    become public or become available after the

7    valuation date, you can't use, you can't consider

8    them, unless you pick a new valuation date.

9         Q.   Let's say hypothetically you have a

18:10:25 10   valuation date of June 30?

11        A.   Okay.

12        Q.   And the most recent projection you

13   have in order to perform your analysis, have been

14   completed on January 1st, and those projections

18:10:40 15   relied on actual data prior to January 1st?

16        A.   And the thinking on January 1st.

17        Q.   Right.

18             **MR. POWELL:**  Which January 1st?

19             **MR. CAINE:**  Of the same year.

18:10:52 20            **THE WITNESS:**  Before.

21        Q.   You would use those January 1st

22   projections in preparing your valuation as of June

23   30?

24        A.   Yes, or what I would try and do is

18:11:03 25   update those projections, make sure they are

|  |  |
|---|---|
| 1 | R. Whalen |

2  Blackstone report.  Would it be appropriate to
3  consider the information in the Blackstone report?
4       A.   You don't need it, you already have
18:08:42  5  it.  You mean that particular balance sheet and
6  those balances, current assets, $10, fixed assets,
7  $12.
8       Q.   There may be additional data
9  underlying the balance sheet that's contained in
18:08:53 10  the Blackstone report that you don't see in the
11  balance?
12      A.   I suppose if it is factual data that
13  was around on the valuation date, then I'm
14  thinking no matter where it comes from, you should
18:09:06 15  consider it.  There is a difference between
16  creating a report with all the judgment that goes
17  into it, and the thinking cap on in May of 2000,
18  which is different than perhaps a thinking cap in
19  April, or March, or February.  The difference
18:09:26 20  between assertions made in a report and financial
21  statement data on a page.  Maybe that's where we
22  are diverging here.
23      Q.   We are not, I'm just trying to
24  understand your opinion.
18:09:42 25      A.   I think in general wherever you can