UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:

INACOM CORPORATION, *et al.,*

    Debtors.
_____/

INACOM CORPORATION,

    Plaintiff,

v.

TECH DATA CORPORATION,

    Defendant and
    Third-Party Plaintiff,

v.

HEWLETT-PACKARD COMPANY,
COMPAQ COMPUTER CORP.,
ITY CORP., and CUSTOM EDGE, INC.,

    Third-Party Defendants.
_____/

Civil Action No. 1:04-cv-00148-GMS

Bankr. Case No. 00-02426 (PJW)
Adv. Pro. No. 02-03496 (PJW)

### TECH DATA CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTIONS IN LIMINE

TECH DATA CORPORATION, defendant and third party plaintiff herein ("Tech Data"), as and for its Response in Opposition (the "Response") to Plaintiff's Motion for Leave to File Motions in Limine (the "Motion for Leave"), respectfully states as follows:[1]

Inacom has filed a Motion for Leave to file in limine motions.

Tech Data respectfully submits that a fair reading of the Court's Scheduling Order and Rule 16.4 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules") required Inacom's counsel to circulate any in

---

[1] Because Inacom filed its Motion for Leave on August 15, 2005 without previously circulating it to Tech Data, Tech Data was unable to file its instant Response with the Final Joint Pre-Trial Order.

{210346.0002/N0562784_1}

limine motions to Tech Data far enough in advance of the August 15, 2005 deadline for submitting pre-trial orders such that the in limine motions, as well as briefs supporting or contesting the in limine motions, could be filed simultaneously. Inacom's counsel did not serve Tech Data with its in limine motions, or the instant Motion for Leave, until the August 15, 2005 due date for pre-trial orders. Accordingly, Tech Data was not able to prepare responses to the instant Motion for Leave or the in limine motions for filing contemporaneously with the pre-trial order.

Tech Data was also prejudiced by Inacom's dilatory tactics in calculated late filing of the in limine motions. Such dilatory tactics were engaged in for the purpose of litigation advantage, and suggest an absence of cooperation on the part of Inacom in violation of Local Rules 16.4(b) and 1.3(b). Inacom's counsel should not be rewarded for delaying the filing of its in limine motions and the instant Motion for Leave, nor for its filing of the in limine motions and the Motion for Leave without first conferring with Tech Data so as to permit a contemporaneous responsive filing.

Tech Data therefore respectfully requests that the Motion for Leave be denied for cause shown, and that Inacom's other in limine motions be denied as moot. Tech Data further respectfully requests that the Court fashion an appropriate remedy for Tech Data to redress Inacom's litigation conduct and for such other and further relief to which it is justly entitled.

Dated: August 29, 2005

> Respectfully submitted,
>
> HERLIHY, HARKER & KAVANAUGH
>
> /s/ James F. Harker
> James F. Harker (Bar No. 255)
> 1300 North Market Street, Suite 400
> Wilmington, Delaware 19899

{210346.0002/N0562784_1}

Telephone: (302) 654-3111

and

ADORNO & YOSS, LLP
Charles M. Tatelbaum
(Admitted Pro Hac Vice)
Stephen C. Hunt
(Admitted Pro Hac Vice)
350 E. Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Telephone: (954) 763-1200
Facsimile: (954) 766-7800

*Attorneys for Defendant and Third-Party Plaintiff, Tech Data Corporation*