# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

In re:

INACOM CORPORATION, *et al.,*

    Debtors.

_____/

INACOM CORPORATION,

    Plaintiff,

v.

TECH DATA CORPORATION,

    Defendant and
    Third-Party Plaintiff,

v.

HEWLETT-PACKARD COMPANY,
COMPAQ COMPUTER CORP.,
ITY CORP., and CUSTOM EDGE, INC.,

    Third-Party Defendants.

_____/

Civil Action No. 1:04-cv-00148-GMS

Bankr. Case No. 00-02426 (PJW)
Adv. Pro. No. 02-03496 (PJW)

## TECH DATA CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE WITNESS NOT PREVIOUSLY DISCLOSED OR IDENTIFIED IN DISCOVERY PROCESS

TECH DATA CORPORATION, defendant and third party plaintiff herein ("Tech Data"), as and for its Response in Opposition (the "Response") to Plaintiff's Motion in Limine to Exclude Witness Not Previously Disclosed of Identified in Discovery Process (the "Motion to Exclude Fact Witnesses"), respectfully states as follows:[1]

---

[1] Because Inacom filed its Motion to Exclude Fact Witnesses on August 15, 2005 without previously circulating it to Tech Data, Tech Data was unable to file its instant Response with the Final Joint Pre-Trial Order.

{210346.0002/N0562745_1}

Inacom seeks to exclude the possible testimony of five fact witnesses that were identified by Tech Data as "may call" witnesses in the pre-trial order. These fact witnesses are persons employed by the other defendants in the commonly–tracked cases of <u>Inacom v. Dell Computer</u>, <u>Inacom v. Lexmark International</u> and <u>Inacom v. Ingram Entertainment</u>. While Inacom feigns prejudice and great surprise at the identification of these persons as possible witnesses on behalf of Tech Data, it is respectfully submitted that Inacom's position is without merit and the motion is spurious.[2] Inacom's Motion to Exclude Fact Witnesses should therefore be denied.

The five persons identified by Tech Data as "may call" witnesses in the pre-trial order, that are objectionable to Inacom, are: (1) Michael Keller, (2) Major Horton, (3) Steve Thomas (all three from Dell), (4) Stephen Gadsey, (from Ingram Entertainment), and (5) Kevin Sarkesian, (from Lexmark). These persons were not identified in discovery by Tech Data as fact witnesses—rather, they are witnesses on behalf of the other preference defendants in these jointly-tracked cases. However, upon information and belief, all of these witnesses have already been deposed and thoroughly examined by Inacom in connection with its preference cases against those other defendants. Accordingly, there can be no valid claim of surprise or prejudice by Inacom in connection with these witnesses' "may call" status by Tech Data. In point of fact, even if Inacom's cases against Dell, Ingram, Lexmark and Tech Data are not consolidated for trial,[3] these same witnesses will be sworn and testify on behalf of their respective companies. These witnesses are therefore both competent and possessed with personal knowledge that may

---

[2] In a further exercise of what is apparently "California bankruptcy practice," and in order to compound its feigned claims of surprise and prejudice, Inacom's counsel also complains that it was not provided with Tech Data's witness list until August 12, 2005. However, Inacom belies the fact that it did not provide to Tech Data the substance of its own witness and document disclosures under the pre-trial order until much the same time. And Inacom did not provide any advance notice of its in limine motions until after they were filed on August 15, 2005. It is therefore respectfully suggested that the substance of Inacom's complaints of prejudice and surprise regarding witness disclosures should be regarded by the Court with appropriate skepticism.

[3] Motions to consolidate the cases for purposes of trial are presently pending before the Court, and such a consolidation would, if ordered, render moot Inacom's instant Motion to Exclude Fact Witnesses.

be probative as to the *res gestae* of Tech Data's case.  See FRE 601, <u>United States v. Haro</u>, 573 F.2d 661, 666 (10th Cir.1988), <u>United States v. Lightly</u>, 677 F.2d 1027, 1028 (4th Cir.1982)(competency of witnesses is presumed).  See also, FRE 602, <u>Hallquist v. Local 276, Plumbers and Pipefitters Union</u>, 843 F.2d 18 (1st Cir.1991)(extent of personal knowledge is a jury question), <u>United States v. Peyro</u>, 786 F.2d 826 (8th Cir.1986) and <u>United States v. Gutman</u>, 725 F.2d 417 (7th Cir.1984)(entitlement of witness to testify).

Accordingly, the relevant testimony of these witnesses, who will already be testifying on behalf of other defendants, will not result in undue delay or the needless presentation of cumulative evidence.  To the contrary, enabling Tech Data to rely upon testimony by these witnesses, to the extent applicable, will foster judicial economy by avoiding the need to unnecessarily multiply these proceedings with cumulative testimony by witnesses for each of the defendants on the same or similar topics.  Insofar as Inacom's counsel is obligated to work towards streamlined trial procedures so as to ease the judicial labor of the court, its position against the "may call" status of these five witnesses is incomprehensible.

To the extent that the "may call" status of these witnesses is limited or precluded, Tech Data respectfully reserves the right to call one or more of these witnesses in rebuttal to Inacom's case in chief.

For at least these reasons, Tech Data, Inc. respectfully requests that the Court deny Plaintiff's Motion in Limine to Exclude Witnesses and grant Tech Data, Inc. such other and further relief to which it is justly entitled.

Dated: August 29, 2005

                                                      Respectfully submitted,

HERLIHY, HARKER & KAVANAUGH

/s/ James F. Harker
James F. Harker (Bar No. 255)
1300 North Market Street, Suite 400
Wilmington, Delaware 19899
Telephone: (302) 654-3111

and

ADORNO & YOSS, LLP
Charles M. Tatelbaum
(Admitted Pro Hac Vice)
Stephen C. Hunt
(Admitted Pro Hac Vice)
350 E. Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Telephone: (954) 763-1200
Facsimile: (954) 766-7800

*Attorneys for Defendant and Third-Party Plaintiff, Tech Data Corporation*

4