UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| INACOM CORPORATION, *et al.*, | ) | Lead Case No. 00-02426 (PJW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| INACOM CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-148 (GMS) |
| v. | ) | |
| | ) | |
| TECH DATA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| v. | ) | |
| | ) | |
| HEWLETT-PACKARD COMPANY, | ) | |
| COMPAQ COMPUTER CORPORATION, | ) | |
| ITY CORPORATION, | ) | |
| and CUSTOM EDGE, INC. | ) | |
| | ) | |
| Third Party Defendants. | ) | |
| | ) | |
| INACOM CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-582 (GMS) |
| v. | ) | |
| | ) | |
| DELL COMPUTER CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| INACOM CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-583 (GMS) |
| v. | ) | |
| | ) | |
| LEXMARK INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

|                                              |   |                     |
|----------------------------------------------|---|---------------------|
| v.                                           | ) |                     |
|                                              | ) |                     |
| COMPAQ COMPUTER CORPORATION,                 | ) |                     |
|     Third-Party Defendant. | ) |                     |
|                                              | ) |                     |
| INACOM CORPORATION,                          | ) |                     |
|                                              | ) |                     |
|     Plaintiff,           | ) |                     |
|                                              | ) | C.A. No. 04-593 (GMS) |
| v.                                           | ) |                     |
|                                              | ) |                     |
| INGRAM ENTERTAINMENT, INC.,                  | ) |                     |
|                                              | ) |                     |
|     Defendant.           | ) |                     |

## ORDER

1.     On August 9, 2005, Lexmark International, Inc. ("Lexmark") submitted an Application for a Settlement Conference (D.I. 53) in the action styled *Inacom Corp., et al. v. Lexmark International, Inc.*, C.A. No. 04-583. The application requests the court to schedule a settlement conference before it or the magistrate judge for the Lexmark action, as well as the actions styled *Inacom Corp., et al. v. Tech Data Corp.*, C.A. No. 04-148 (GMS), *Inacom Corp., et al. v. Dell Computer Corp.*, C.A. No. 04-582 (GMS), and *Inacom Corp., et al. v. Ingram Entertainment, Inc.*, C.A. No. 04-593, and the third-party claims brought by Lexmark and Tech Data Corp. ("Tech Data") against Hewlett-Packard Company ("HP"). Lexmark filed its application pursuant to Federal Rules of Civil Procedure 16(a)(5) and (c)(9), and Delaware Local Rules 16.4(a) and 72.1(a).[1]

---

[1] Lexmark's Memorandum (D.I. 54) in support of its application for a settlement conference states that Tech Data Corp. ("Tech Data"), Dell Computer Corp. ("Dell"), and Ingram Entertainment, Inc. ("Ingram") have advised Lexmark that they do not object to its application for a settlement conference. (D.I. 54, at 5.) Additionally, Tech Data filed a joinder (D.I. 74, C.A. No. 04-148 (GMS)) in Lexmark's motion. Thus, it appears to the court that the Inacom

2

2.       Inacom Corp., *et al.* ("Inacom") filed a response (D.I. 83) to Lexmark's application, which asserts that it does not oppose a settlement conference in the Lexmark matter, or any other matter pending before the court, but believes that any settlement negotiations should be handled on an individual case basis, between Inacom and the single defendant that wishes to settle.

3.       HP filed a response (D.I. 87) to Lexmark's application, which asserts that it is willing to attend a settlement conference of the third-party actions filed by Tech Data and Lexmark, but believes that the settlement conference would be most productive if conducted after the pre-trial conference for the cases, which is scheduled for September 19, 2005. The response also asserts that it is not necessary for HP to attend a settlement conference involving Inacom's preference claims.

4.       After having considered the parties' submissions (D.I. 53, 54, 83, 87), relevant law, and both its and the magistrate judge's schedules, the court finds that a settlement conference is not appropriate at this time for several reasons. First, the court is not inclined to remove these cases, which have been pending on the court's docket since their references were withdrawn from the Bankruptcy Court on June 28, 2004 and are scheduled for trial beginning October 17, 2005, from its calendar. Additionally, these cases are currently scheduled for a bench trial, and the court will not sit as a settlement judge in a pending case when it is the fact finder. Lastly, the United States Court for the District of Delaware has one magistrate judge, and her calendar will not accommodate a conference of any form before the scheduled trail date of these matters.[2] That being said, the court

---

defendants all agree that a settlement conference is appropriate.

[2] The court should also point out that the Federal Rules of Civil Procedure and Delaware Local Rules Lexmark cited to support its application do not stand for the proposition that the court has "specific authority" to require the parties to participate in a settlement conference. Federal Rule of Civil Procedure 16(a)(5) provides that the court may direct the attorneys for the parties to appear before it for a conference to "facilitat[e] the settlement of the case." Fed. R.

expects that the parties will continue to negotiate settlement on their own, as well as continue their trial preparations.

Therefore, IT IS HEREBY ORDERED that:

1. Lexmark's Application for a Settlement Conference (D.I. 53) is DENIED without prejudice.

Dated: August **31**, 2005

UNITED STATES DISTRICT JUDGE



FILED

AUG 3 1 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

Civ. P. 16(a)(5) (2005). Federal Rule of Civil Procedure 16(c)(9) provides that the court may consider and take appropriate action with respect to "settlement and the use of special procedures to assist in resolving the dispute *when authorized by local rule.*" Fed. R. Civ. P. 16(c)(9) (2005) (emphasis added). The Delaware Local Rules, however, do not authorize the court to take action to facilitate settlement. The provisions of the Delaware Local Rules cited by Lexmark state only that a party may apply to the court for a pre-trial conference following the completion of discovery, Rule 16.4(a), and that one of the magistrate judge's duties is to conduct alternative dispute resolutions processes, including settlement conferences, Rule 72.1(a). These rules do not grant the court "specific authority" to require parties to participate in a settlement conference.

4