UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| INACOM CORPORATION, *et al.*, | ) | Lead Case No. 00-02426 (PJW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| INACOM CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-148 (GMS) |
| v. | ) | |
| | ) | |
| TECH DATA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| v. | ) | |
| | ) | |
| HEWLETT-PACKARD COMPANY, | ) | |
| COMPAQ COMPUTER CORPORATION, | ) | |
| ITY CORPORATION, | ) | |
| and CUSTOM EDGE, INC. | ) | |
| | ) | |
| Third Party Defendants. | ) | |
| | ) | |
| INACOM CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-582 (GMS) |
| v. | ) | |
| | ) | |
| DELL COMPUTER CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| INACOM CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-583 (GMS) |
| v. | ) | |
| | ) | |
| LEXMARK INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

v.                                              )
                                                )
COMPAQ COMPUTER CORPORATION, )
            Third-Party Defendant.             )
                                                )
_____        )
INACOM CORPORATION,                            )
                                                )
            Plaintiff,                          )
                                                )    C.A. No. 04-593 (GMS)
v.                                              )
                                                )
INGRAM ENTERTAINMENT, INC.,                    )
                                                )
            Defendant.                          )
_____        )


## MEMORANDUM

### I.    INTRODUCTION

In May and June 2002, Inacom Corp., et al. ("Inacom") brought these preference actions,

which arise out of its bankruptcy proceedings, against Tech Data Corporation ("Tech Data"), Dell

Computer Corporation ("Dell"), Lexmark International, Inc. ("Lexmark") and Ingram Entertainment

Inc. ("Ingram") (collectively, the "defendants").[1]  Presently before the court are the defendants

motions for a jury trial of the issues raised by Inacom in its preference actions. Also before the court

are Tech Data's and Lexmark's motions for a jury trial of the issues raised in their third-party

complaints against Compaq Computer Corporation ("Compaq"), ITY Corp. ("ITY"), Custom Edge,

---

[1] The various proceedings are styled as follows: *Inacom Corp., et al. v. Tech Data Corp.*,
C.A. No. 04-148 (GMS), *Inacom Corp., et al. v. Dell Computer Corp.*, C.A. No. 04-582 (GMS),
*Inacom Corp., et al. v. Lexmark International, Inc.*, C.A. No. 04-583 (GMS), and *Inacom Corp.,
et al. v. Ingram Entertainment, Inc.*, C.A. No. 04-593. For convenience, and because the
defendants have adopted the contentions set forth in the Opening Memorandum in Support of
Lexmark's Motion for the Court to Order a Trial by Jury (D.I. 26), the court will cite to case
documents using the D.I. number from the *Lexmark* case, unless otherwise noted in the citation.

Inc. ("Custom Edge"), and Hewlett-Packard Company ("HP").[2] For the following reasons, the court will deny the motions.

## II.   BACKGROUND

On June 16, 2000, Inacom and its Affiliate Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. (D.I. 29, at 2.)  Subsequently, Inacom filed adversary proceeding complaints against the defendants, alleging that they received payments from it within the ninety day period preceding the filing of its bankruptcy petition and, as such, it was entitled to avoid and recover those payments as preferences pursuant to 11 U.S.C. §§ 547 and 550. (*Id.*)   Through these actions, Inacom seeks to recover approximately $16,253,700 from the defendants. The details of Inacom's preference actions are as follows: (1) Inacom filed its complaint against Dell on May 16, 2002, seeking to avoid and recover payments totaling 7,621,014.83; (2) Inacom filed its complaint against Lexmark on May 23, 2002, seeking to avoid and recover payments totaling $2,928,090.91; (3) Inacom filed its complaint against Ingram on May 31, 2002, seeking to avoid and recover payments totaling $1,096,281; and (4) Inacom filed its complaint against Tech Data on June 5, 2002, seeking to avoid and recover payments totaling $4,608,313.

Two of the defendants in the above-captioned actions, Tech Data and Lexmark, filed third-party complaints against HP, seeking reimbursement should the court determine that Inacom can recover the payments the defendants made to it. (D.I. 26, at 4-5.) The third-party complaints allege that Inacom entered into an Asset Purchase Agreement (the "Asset Purchase Agreement") with HP

---

[2] After Lexmark and Tech Data filed their third-party complaints, ITY changed its name to Custom Edge and was merged with Compaq, Compaq being the surviving company. Subsequently, Compaq was merged with HP, HP being the surviving company and successor in interest for ITY, Custom Edge, and Compaq. For convenience, the court will refer to only HP as the third-party defendant.

(then Compaq) on January 4, 2000. (*Id.* at 4; C.A. No. 04-148, D.I. 53, at 2.) The complaints further allege that HP agreed to assume responsibility for payment of Inacom's accounts payable obligations to certain vendors, including Lexmark and Tech Data. (D.I. 25, at 4.) Thus, both parties seek damages for breach of the Asset Purchase Agreement as third-party beneficiaries.

On June 28, 2004, the court entered an Order withdrawing the reference of these adversary proceedings to the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). (D.I. 1.)

The court conducted a scheduling teleconference with the parties on September 27, 2004, during which Lexmark advised the court that it was "considering" moving for a trial by jury. (D.I. 26, at 2.) Following the scheduling conference, the parties submitted a Scheduling Order (D.I. 17), which the court entered on October 4, 2004. Pursuant to the Scheduling Order, fact discovery was to be completed on January 25, 2005 and the trial date was set for October 17, 2005. Subsequently, the parties filed a stipulated amended scheduling order (D.I. 22) to extend the fact discovery cut-off and other pretrial deadlines, which the court entered on February 11, 2005. By the terms of the amended scheduling order, the fact discovery cut-off was extended to March 31, 2005 and expert exchanges were extended to April 25, 2005. The bench trial on these matters remains scheduled to begin on October 17, 2005.

## III.  DISCUSSION

The defendants have moved the court for a jury trial on Inacom's preference actions pursuant to Federal Rule of Civil Procedure 39(b). Additionally, Tech Data and Lexmark have moved the

4

court for jury trials on their third-party claims against HP.[3]

The defendants contend that jury trials of the issues raised in Inacom's preference actions, as well as Tech Data's and Lexmark's third-party complaints, are appropriate for several reasons. First, Lexmark, Dell, and Ingram contend that because they did not file claims in Inacom's bankruptcy case they did not waive their right to a jury trial in the preference actions. (D.I. 26, at 2.) Additionally, Tech Data and Lexmark contend that the third-party breach of contract claims are clearly issues of law, triable of right by a jury. (*Id.* at 7.) The defendants next contend that although they did delay in bringing their motions, the delay was due to more than mere inadvertence or mistake. That is, the reason for the delay was that the Bankruptcy Court, in which Inacom's actions were originally brought, cannot conduct jury trials. (*See id.* at 2, 9.) Therefore, any demand for a jury trial at the inception of the case would have been meaningless. (*See id.*) Lastly, the defendants contend that even if the court finds that the delay was due to inadvertence or mistake, four of the five factors enunciated by the Third Circuit in *United States Securities and Exchange Commission v. The Infinity Group Co.*, 212 F.3d 180, 196 (3d Cir. 2000), weigh in favor of granting their motions for a jury trial. (*Id.* at 2-3.)

Conversely, Inacom asserts that the defendants' motions should be denied because they have delayed too long in bringing them. (*See* D.I. 29, at 3-4.) Inacom further asserts that the delay is "unexcused" and "based solely upon mere inadvertence." (*Id.* at 1.) Lastly, Inacom asserts that the defendants cannot meet the five factor test for relief from their waivers of a jury trial set forth in *Infinity*. (*See id.*)

_____

[3] Tech Data's motion is directed to only its third-party claims against HP because it has submitted a proof of claim in the Inacom bankruptcy case, thereby waiving its right to trial by jury for Inacom's preference action.

HP, third-party defendant, asserts that the Asset Purchase Agreement contains a provision waving a jury trial, which is binding on Lexmark and Tech Data. (*See* C.A. No. 04-148, D.I. 53, at 2, 4-5.) HP also asserts that Lexmark and Tech Data further waived any right to a jury trial through their delay in making a demand. (*See id.* at 6.) With respect to the delay, HP maintains that "the court should view the[] jury demands for exactly what they are – last minute efforts to extract improper settlement leverage over HP by causing delay and raising the cost to try the cases." (*Id.* at 7.)

Demands for a jury trial are governed by Federal Rules of Civil Procedure 38 and 39. Federal Rule of Civil Procedure 38 states, in pertinent part:

> (b) Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). . . .
> . . .
>
> (d) The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury. . . .

Fed. R. Civ. P. 38(b) and (d). Federal Rule of Civil Procedure 39, however, provides that, "[i]ssues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Fed. R. Civ. P. 39(b). In the present cases, none of the defendants demanded a jury trial within ten days after service of the last pleading. Thus, the defendants must rely on the court's discretion to grant relief pursuant to Federal Rule of Civil Procedure 39(b).

According to the Third Circuit in *United States Securities and Exchange Commission v. The Infinity Group Co.*, 212 F.3d 180, 196 (3d Cir. 2000), district courts are to consider five factors in determining whether to grant an untimely jury demand: (1) whether the issues are suitable for a jury; (2) whether granting the motion would disrupt the schedule of the court or the adverse party; (3) whether any prejudice would result to the adverse party; (4) how long the party delayed in bringing the motion; and (5) the reasons for the failure to file a timely demand. *Infinity*, 212 F.3d at 195-96. After having considered the facts of the present cases, the court concludes that the defendants have failed to establish sufficient reason to justify granting their untimely request for a jury trial of the preference action and third-party issues.

With respect to the first *Infinity* factor, the court concludes that the issues in both the preference actions and third-party claims are suitable for a jury. The preference actions present issues that are suited to a jury because creditors, such as the defendants, have a seventh amendment right to a jury trial regarding whether payments made constitute an avoidable preference. *See Travelers Int'l AG v. Robinson*, 982 F.2d 96, 98 (3d Cir. 1992). This right is not waived for purposes of a Rule 39(b) inquiry, unless the creditors have filed claims of proof against the bankruptcy estate. *See id*; *see also Langenkamp v. Culp*, 498 U.S. 43, 44-45, 111 S.Ct. 330, 331, 112 L.Ed.2d. 343, 348 (1990). In the present case, only Tech Data has submitted a proof of claim in the Inacom bankruptcy case and waived its entitlement to move for a jury trial of the preference action issues. Additionally, Tech Data's and Lexmark's third-party breach of contract claims are legal claims and, therefore, suitable for a jury. *See Amoco Oil Company, v. Torcomian*, 722 F.2d 1099, 1104 (3d Cir. 1983) ("A routine claim such as that . . . for damages stemming from breach of contract is legal.") Accordingly, the defendants have presented issues that are suited to a jury.

7

The second and third *Infinity* factors militate against granting the defendants' motions, as discovery is completed, trial for these cases is scheduled to begin on October 17, 2005, and Inacom, as well as HP, would be prejudiced because they have directed discovery and their actions in these cases on the premise that the matters would be tried by the court.[4] That is, Inacom and HP have "already made strategic decisions with respect to the scope of discovery based on the assumption of a bench trial." *Katzenmoyer v. City of Reading*, No. Civ. A. 00-CV-5574, 2001 WL 1175139, at * 1 (E.D. Pa. Aug. 6, 2001). Additionally, Inacom notes that if the court granted a jury trial it "will have to scramble to address retention of an expert to review the issue [, the legislative intent behind 11 U.S.C. § 547 and preference actions,] and render an opinion," while preparing for trial. (D.I. 29, at 7.) Because discovery is complete and trial is to begin on October 17, 2005, Inacom and HP will likely have insufficient time to accommodate a change from a bench trial to a jury trial. *See Katzenmoyer*, 2001 WL 1175139, at *1.

Likewise, the fourth factor weighs against granting the defendants' motions. The defendants contend that while they "may have delayed two years in bringing its motion, the delay is not significant" because Inacom and HP have adequate time to prepare for trial. (D.I. 26, at 9.) The court disagrees. Many courts have denied a party's untimely jury request when the delay was shorter than the delays in the present cases. *See Katzenmoyer*, 2001 WL 1175139, at * 2 (denying motion

---

[4] Lexmark's motion was filed on February 9, 2005, prior to the discovery cut-off date of March 31, 2005. However, this fact is of no moment because, as of the date that briefing was completed on Lexmark's motion, Inacom and HP had already made strategic decisions under the assumption, which the court finds reasonable, of going forward with a bench trial. Dell's, Ingram's, and Tech Data's motions were filed after the completion of discovery, on May 12, 2005, May 26, 2005, and July 15, 2005, respectively. Thus, granting their motions would be more prejudicial to Inacom and HP – an effect which Lexmark confirms in its opening memorandum by noting that "[p]rejudice is usually only found if a motion for a jury trial is made *after the completion of discovery* and on the eve of trial." (D.I. 26, at 8) (emphasis added).

brought three months after the beginning of discovery and four months prior to trial); *Ballas v. City of Reading*, No. Civ. A. 00-CV-2943, 2001 WL 683805, at * 1 (E.D. Pa. June 12, 2001) (denying jury request that was six months late and filed one month before trial); *McGuinn v. Allstate Ins. Co.*, C.A. No. 97-5661, 1998 U.S. Dist. LEXIS 5720, at * 3 (E.D. Pa. Apr. 13, 1998) (denying jury request filed five months after deadline). Here, the court finds that a delay of over two years is highly significant and, as discussed above, prejudicial to Inacom and HP.

With respect to the fifth and final factor, the defendants contend that they did not file timely demands for jury trials because the actions began as adversary proceedings filed with the Bankruptcy Court, and their demands would have been ineffective in the Bankruptcy Court, which cannot conduct jury trials. (D.I. 26, at 9.) The court is not persuaded, because defendants in adversary proceedings will often file timely demands for a jury trial and, subsequently, move to withdraw the reference to the district court in order to pursue the demand. Additionally, absent from Lexmark's opening memorandum, and the defendants' argument, is any explanation why they did not file the motions after the court withdrew the reference, or shortly after the September 27, 2004 teleconference, during which Lexmark informed the court that it was "considering" moving for a trial by jury of the preference action and third-party issues. Surely, the reason for these delays has nothing to do with the fact that the Bankruptcy Court cannot conduct jury trials. As such, the court concludes that the defendants' delay in bringing their motions was due to mere inadvertence or mistake, which "does not justify granting a party's untimely demand for a jury trial." *Advanced Pulver Sys., Inc.*, No. Civ. A. 01-CV-3459, 2002 WL 32349816, at * 2 (E.D. Pa. Mar. 13, 2002). Therefore, while the first *Infinity* factor weighs in favor of granting the defendants' motions, the

9

remaining four factors do not.  Accordingly, the court will deny the defendants' motions.[5]

Dated: September ___6___, 2005



UNITED STATES DISTRICT JUDGE

**FILED**

SEP   6  2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

[5] The court need not address HP's contentions regarding the jury trial waiver provision of the Asset Purchase Agreement because it has already determined that Tech Data and Lexmark have failed to establish sufficient reason to justify granting their untimely requests for a jury trial of the third-party issues.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| INACOM CORPORATION, *et al.*, | ) | Lead Case No. 00-02426 (PJW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| _____ | ) | |
| INACOM CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-148 (GMS) |
| v. | ) | |
| | ) | |
| TECH DATA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| v. | ) | |
| | ) | |
| HEWLETT-PACKARD COMPANY, | ) | |
| COMPAQ COMPUTER CORPORATION, | ) | |
| ITY CORPORATION, | ) | |
| and CUSTOM EDGE, INC. | ) | |
| | ) | |
| Third Party Defendants. | ) | |
| _____ | ) | |
| INACOM CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-582 (GMS) |
| v. | ) | |
| | ) | |
| DELL COMPUTER CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| INACOM CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-583 (GMS) |
| v. | ) | |
| | ) | |
| LEXMARK INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

v.                                  )
                                    )
COMPAQ COMPUTER CORPORATION, )
        Third-Party Defendant.      )
_____ )
INACOM CORPORATION,                 )
                                    )
        Plaintiff,                  )
                                    )          C.A. No. 04-593 (GMS)
v.                                  )
                                    )
INGRAM ENTERTAINMENT, INC.,         )
                                    )
        Defendant.                  )
_____ )

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED that:

    1.    Lexmark's Motion for the Court to Order a Trial by Jury (C.A. No. 04-583, D.I. 25) is DENIED.

    2.    Dell's Demand for Trial by Jury (C.A. No. 04-582, D.I. 37) is DENIED.

    3.    Ingram's Motion for Jury Trial (C.A. No. 04-593, D.I. 26) is DENIED.

    4.    Tech Data's Joinder in Request for Trial by Jury by Defendant's Lexmark, Dell, and Ingram (C.A. No. 04-148, D.I. 50) is DENIED.

Dated: September **6** , 2005

UNITED STATES DISTRICT JUDGE

FILED

SEP  6 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2