UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| INACOM CORP., et al.<br><br>    Plaintiffs<br>v.<br><br>TECH DATA CORPORATION<br><br>    Defendants | Civil Action No. 04-CV-148 (GMS) |
| INACOM CORP., et al.<br><br>    Plaintiffs<br>v.<br><br>DELL COMPUTER CORP.<br><br>    Defendants | Civil Action No. 04-CV-582 (GMS) |
| INACOM CORP., et al.<br><br>    Plaintiff<br>v.<br><br>LEXMARK INTERNATIONAL, INC.<br><br>    Defendant | Civil Action No. 04-CV-583 (GMS) |
| INACOM CORP, et al.<br><br>    Plaintiff<br>v.<br><br>INGRAM ENTERTAINMENT, INC.<br><br>    Defendant | Civil Action No. 04-CV-593 (GMS) |

**TECH DATA CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION
TO JOINT MOTION IN AID OF LITIGANT'S RIGHTS**

TO: HONORABLE GREGORY M. SLEET
    UNITED STATES DISTRICT JUDGE

{210346.0002/N0564115_1}

TECH DATA CORPORATION, as and for its Reply to the Plaintiff's Opposition to the Joint Motion in Aid of Litigant's Rights Seeking Remedies for Plaintiff's Late Production of Certain Discovery Materials [Doc. Nos. 68 and 82], respectfully states as follows:

The most telling aspect of Plaintiff's Opposition to Defendants' Joint Motion Seeking Remedies for Late Production of Certain Discovery Materials (the "Motion") is what the Opposition fails to say, rather than what it does. Tech Data submits that the Plaintiff in hard pressed to counter the instant Motion with any showing of "good cause" for its failure, and the failure of its counsel, to have maintained documents that were reasonably foreseeable of being requested by preference case defendants once they commenced these preference cases.

While Plaintiff asserts that the Motion is an "extreme" remedy because Plaintiff already produced some 23,000 pages of documents, the Opposition conveniently sidesteps the truth that: (1) the vast majority of these 23,000 pages were not produced until *after* the Defendants took the depositions of Plaintiffs' two primary witnesses; and (2) the balance sheets and financial statements upon which Plaintiff's expert bases much of his criticism of the Defendants' experts' solvency opinion was not produced until *after* the expert report disclosure deadline.

The Defendants do not concede the relevancy (and have indeed objected to the admission) of much of the late produced materials. If, however, this self-claimed "critical" evidence is relevant, Plaintiff provides no legitimate reason why it was not produced years ago, and certainly before the depositions and expert reports.

The Plaintiff has continued to conveniently "find" more evidence during the progress of this litigation, as demonstrated by the Plaintiff even in responding to the current pre-trial motions. For example, in Inacom's opposition to the Defendants' Motion to exclude expert witness Dean Vomero's testimony, Inacom attaches certain "charts" as Exhibit B. Those charts purport to criticize the conclusions of the Defendants' expert witnesses, Messrs. Fensterstock and Whalen, because the Defendants' expert report is not based on Inacom's "actual financials" from January - April 2000. However, the "actual data" touted by the Plaintiff is derived from the balance sheets and other financial documents that were not produced to the Defendants, despite prior request, until after the Defendants had already completed and disclosed their expert report. The Plaintiff continues to "find" more evidence, the Defendants continue to be prejudiced. While the compliance of a litigant and its counsel with the procedural obligation of supplemental disclosure is expected, the unavailability of these documents to begin with is both mysterious and inexcusable.

Importantly, the Plaintiff is not a bankruptcy trustee or other neutral party, to whom the task of attempting to avoid certain pre-bankruptcy transactions devolved. The Plaintiff is the real party in interest, possessed of first hand knowledge of the case and of the documents and other evidence needed by the Defendants. And the Plaintiff's counsel has represented Inacom as the bankrupt entity since 2000, when the bankruptcy cases were commenced. Bankruptcy jurisprudence recognizes, in analogous circumstances, that some procedural latitude must be afforded statutory parties like bankruptcy trustees because they enter a debtor's house in troubled circumstances and assume obligations along problems and failures that were not of the their own creation. *See, e.g., In re*

*Everfresh Beverages, Inc.,* 238 B.R. 558 (Bankr.S.D.N.Y. 1999) (The bankruptcy court must take a liberal approach in construing allegations of fraud pleaded by the trustee because the trustee is a third party outsider to the transaction and must plead based upon second hand knowledge); *In re Collins*, 137 B.R. 754 755 (Bankr.E.D.Ark 1992). However, Inacom Corporation and its present counsel are not "third party outsiders" and are not acting on "second hand knowledge." They are possessed with the institutional knowledge of the Plaintiff, and were responsible for maintaining the Plaintiff's business records, especially insofar as they knew those records were likely to be requested once they sued creditors for avoidance of transfers.

To the extent that documents sought by the Defendants were conveniently misplaced or spoliated, the Plaintiff and its present counsel either caused it, or were in a possession to safeguard documents and failed to do so. Insofar as the commencement of avoidance actions is authorized by statute, and a bankruptcy case event anticipated by all debtors in bankruptcy cases, the certainty of which was further recognized long ago by the Plaintiff and its counsel long ago in Inacom Corporation's plan and disclosure statement, the safeguarding of documents that constitute evidence in the process of commencing avoidance actions is a duty that cannot be delegated, the failure of which duty should not be rewarded.

The Defendants have not crafted a draconian motion, but rather a broad prayer for such relief as may be fashioned by the Court in due regard to the circumstances and the relative prejudices to the parties. *In re Lands End Leasing, Inc.,* 220 B.R. 226 (Bankr.D.N.J. 1998)(Sanctions for discovery violations must be just and must specifically relate to the claims at issue.) In this case, it is respectfully submitted that the equities

weigh in favor of the Defendants, and not the Plaintiff. In this regard, it is also respectfully noted that the prejudices certainly militate in favor of granting an appropriate remedy to the Defendants.

It is therefore respectfully submitted that the Motion should be granted.

Dated: September 6, 2005

>Respectfully submitted,
>
>HERLIHY, HARKER & KAVANAUGH
>
>/s/ James F. Harker
>James F. Harker (Bar No. 255)
>1300 North Market Street, Suite 400
>Wilmington, Delaware 19899
>Telephone: (302) 654-3111
>
>and
>
>ADORNO & YOSS, LLP
>Charles M. Tatelbaum
>(Admitted Pro Hac Vice)
>Stephen C. Hunt
>(Admitted Pro Hac Vice)
>350 E. Las Olas Boulevard, Suite 1700
>Fort Lauderdale, FL 33301
>Telephone: (954) 763-1200
>Facsimile: (954) 766-7800
>
>*Attorneys for Defendant and Third-Party Plaintiff,*
>*Tech Data Corporation*