# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

In re:                                    )     Chapter 11
                             )
                             )     Bankruptcy Case No. 00-2426 (PJW)
INACOM CORP., et al.,                     )
         Debtors                           )
_____)
                             )
INACOM CORP., et al.,                     )
                             )
         Plaintiffs,                       )
     v                                   )     Civil Action No. 04-CV-582 (GMS)
                             )
DELL COMPUTER CORP.,                      )
                             )
         Defendants.                       )
_____)

ORAL DEPOSITION OF

**DEAN VOMERO**

July 27, 2005



**FREDERICKS-CARROLL REPORTING & LITIGATION SERVICES, INC.**

| 7719 Wood Hollow Drive ❖ Suite 156 ❖ Austin, Texas 78731 | ❖ | (800) 234-3376 | ❖ | (512)477-9911 | ❖ | (512) 345-1417 | Fax |
|---|---|---|---|---|---|---|---|
| 9 Greenway Plaza ❖ Suite 3112 ❖ Houston, TX 77046 | ❖ | (800) 234-3376 | ❖ | (713) 572-8897 | ❖ | (512) 345-1417 | Fax |
| 909 N.E. Loop 410 ❖ Suite 810 ❖ San Antonio, TX 78209 | ❖ | (800) 767-9161 | ❖ | (210) 222-9161 | ❖ | (210) 225-1476 | Fax |

```
 1                  UNITED STATES DISTRICT COURT
                        DISTRICT OF DELAWARE
 2

 3   ----------------------------- )
     In re: INACOM CORP., et al.  )  Chapter 11
 4          Debtors               )  Bankruptcy Case No.
     ----------------------------- )  00-2426 (PJW)
 5
     INACOM CORP., et al.          )
 6          Plaintiffs            )
          v.                      )  Civil Action No.
 7                                 )  04-CV-148 (GMS)
     TECH DATA CORPORATION         )
 8          Defendant             )
     ----------------------------- )
 9
     INACOM CORP., et al.          )
10          Plaintiffs            )
          v.                      )  Civil Action No.
11                                 )  04-CV-580 (GMS)
     INGRAM MICRO INC.             )
12          Defendant             )
                                   )
13   ----------------------------- )
     INACOM CORP., et al.          )
14          Plaintiffs            )
          v.                      )  Civil Action No.
15                                 )  04-CV-582 (GMS)
     DELL COMPUTER CORP.           )
16          Defendant             )
     ----------------------------- )
17                                 )
     INACOM CORP., et al.          )
18          Plaintiffs            )
          v.                      )  Civil Action No.
19                                 )  04-CV-583 (GMS)
     LEXMARK INTERNATIONAL, INC.   )
20          Defendant             )
     ----------------------------- )
21                                 )
     INACOM CORP., et al.          )
22          Plaintiffs            )
          v.                      )  Civil Action No.
23                                 )  04-CV-584 (GMS)
     RESILIEN, INC.                )
24          Defendant             )
     ----------------------------- )
25
```

```
 1   _____ )
 2   INACOM CORP., et al.         )
              Plaintiff           )
 3        v.                      ) Civil Action No.
                                  ) 04-CV-593 (GMS)
 4   INGRAM ENTERTAINMENT INC.    )
              Defendant           )
 5   _____ )

 6

 7                    * - * - * - * - *

 8

 9          ORAL DEPOSITION OF DEAN VOMERO

10

11        On the 27th day of July, 2005, between the

12   hours of 9:04 a.m. and 5:18 p.m., in the offices of

13   Pachulski, Stang, Ziehl, Young, Jones & Weintraub,

14   P.C., 780 Third Avenue, Suite 3600, New York,

15   New York, before me, WILLIAM M. FREDERICKS, a

16   Certified Shorthand Reporter for the State of Texas,

17   appeared DEAN VOMERO, who, being by me first duly

18   sworn, gave an oral deposition at the instance of

19   Dell, Inc., in said cause, pursuant to the Federal

20   Rules of Civil Procedure.

21

22

23

24

25
```

```
 1              A P P E A R A N C E S

 2

 3   FOR THE PLAINTIFF INACOM CORP.:

 4              MR. ANDREW W. CAINE
               Pachulski, Stang, Ziehl, Young,
 5             Jones & Weintraub
               10100 Santa Monica Boulevard
 6             11th Floor
               Los Angeles, California  90067-4100
 7

 8   FOR THE EXECUTIVE SOUNDING BOARD ASSOCIATION, INC. AS
     PLAN ADMINISTRATOR:
 9
               MR. EARL M. FORTE
10             Blank Rome LLP
               One Logan Square
11             18th & Cherry Streets
               Philadelphia, Pennsylvania 19103-6998
12

13   FOR THE DEFENDANT TECH DATA CORPORATION:

14             MR. STEPHEN C. HUNT
               Adorno & Yoss LLP
15             350 East Las Olas Boulevard
               17th Floor
16             Fort Lauderdale, Florida  33301

17

18   FOR THE DEFENDANT DELL COMPUTER CORPORATION:

19             MR. H. ROBERT POWELL and
               MS. SABRINA L. STREUSAND
20             Hughes & Luce LLP
               111 Congress Avenue
21             Suite 900
               Austin, Texas  78701

22

23   FOR THE DEFENDANT LEXMARK INTERNATIONAL, INC.:

24             MR. CULVER V. HALLIDAY
               Stoll, Keenon & Park, LLP
25             2650 AEGON Center
               400 West Market Street
               Louisville, Kentucky 40202-3377
```

4

```
 1            A P P E A R A N C E S  (Continued)

 2

    FOR THE DEFENDANT INGRAM ENTERTAINMENT INC.:
 3

            MR. JONATHAN P. HERSEY
 4          Sheppard Mullin Richter & Hampton LLP
            650 Town Center Drive
 5          4th Floor
            Costa Mesa, California  92626-1993
 6

 7  ALSO PRESENT:

 8          Mr. Jason F. Fensterstock.

 9

10                    * - * - * - * - *

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

5

```
 1              I N D E X

 2   Appearances.................................... 3, 4

 3   DEAN VOMERO
         Examination by Mr. Powell.................... 7
 4       Examination by Mr. Hunt..................... 251

 5   Signature and Changes.......................... 265
     Reporter's Certificate......................... 267
 6

 7
                    E X H I B I T S
 8
     NUMBER                                     PAGE
 9
          1........................................ 26
10        2........................................ 47
          3........................................ 47
11        4........................................ 51
          5........................................ 62
12        6........................................ 64
          7........................................ 68
13        8........................................ 69
          9........................................ 69
14       10........................................ 69
         11........................................ 70
15       12........................................ 70
         13........................................ 71
16       14........................................ 71
         15........................................ 71
17       16........................................ 72
         17........................................ 72
18       18........................................ 74
         19........................................ 74
19       20........................................ 94
         21........................................ 96
20       22........................................ 103
         23........................................ 104
21       24........................................ 130
         25........................................ 133
22       26........................................ 133
         27........................................ 133
23       28........................................ 141
         29........................................ 144
24       30........................................ 147
         31........................................ 179
25       32........................................ 181
```

6

```
1                E X H I B I T S  (Continued)

2    NUMBER                                           PAGE

3         33.............................................  196
          34.............................................  203
4         35.............................................  203
          36.............................................  212
5         37.............................................  214
          38.............................................  215
6         39.............................................  216
          40.............................................  239
7         41.............................................  241
          42.............................................  241
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                        **DEAN VOMERO,**

2  having been first duly sworn, testified as follows:

3                        EXAMINATION

4  BY MR. POWELL:

5      Q.    Would you tell us your name, please, sir.        09:04

6      A.    Dean Vomero.

7      Q.    Mr. Vomero, my name is Bob Powell and I

8  represent Dell, Inc., in this case, and in the next

9  few hours I'm going to ask you some questions about

10 the opinions that you've formed in this case, and I     09:04

11 want to ask you that if at any time during this

12 deposition you don't understand a question that I

13 might ask that you stop me right then and ask me to

14 explain or clarify the question.

15                  Will you do that for me?                  09:04

16     A.    Certainly.

17     Q.    And can I assume that if you don't ask me to

18 explain or clarify the question that you do understand

19 the question?

20     A.    Yes.                                            09:04

21     Q.    Okay.  And you understand your testimony

22 today is under oath and it has the same force,

23 significance and effect as if you were testifying in a

24 courtroom before a judge and a jury?

25     A.    Yes.                                            09:04

1  Objection, no foundation.

2      A.    In our view, because of the inability of the

3  entity to generate cash, whether it was -- we didn't

4  look at it from either perspective.  It was not in our

5  view relevant.                                          01:15

6      Q.    (BY MR. POWELL)  Did you use a liquidation

7  value in your assessment of any of the assets in the

8  April 19th report?

9              MR. CAINE:  Objection to form.

10     A.    Again, the standard is converting the asset    01:15

11  to cash, and I believe in the report at times we have

12  interchanged that standard or defined it as

13  liquidation value; but, again, not -- whether it was a

14  going concern or not wasn't relevant to us.

15     Q.    (BY MR. POWELL)  Well, are you saying          01:15

16  basically you decided the value according to a

17  liquidation value?

18              MR. CAINE:  Objection to form.

19     A.    If you're defining liquidation value as

20  converting the assets to cash in a reasonable period   01:16

21  of time, that was, again, our standard.

22              (Discussion off the record.)

23     Q.    (BY MR. POWELL)  As of February the 16th,

24  Inacom was essentially a new business.  Would you

25  agree with that?                                        01:16

```
 1   your valuation.  So which was it?
 2               MR. CAINE:  Objection to form.
 3        A.   We considered it, but it wasn't a material
 4   portion of our -- it wasn't material to us reaching
 5   any of our conclusions.                                04:00
 6        Q.   (BY MR. POWELL)  So according to your
 7   methodology, it's okay to use 20-20 hindsight in
 8   reaching a valuation as of a particular date?
 9               MR. CAINE:  Objection to form.
10   Objection, no foundation.                              04:01
11               MR. FORTE:  Objection, argumentative.
12        A.   No, we used all available facts that we had.
13        Q.   (BY MR. POWELL)  Including facts occurring
14   after the event of valuation?
15               MR. CAINE:  Objection, no foundation.      04:01
16        A.   Correct.  And...
17               THE WITNESS:  Could we take a short
18   break?
19               MR. POWELL:  Sure.  Absolutely.
20               (Recess.)                                  04:20
21        Q.   (BY MR. POWELL)  Mr. Vomero, let's look at
22   Exhibit No. 3, your report dated May the 27th, 2005,
23   please, and let's look at Page 6.
24               By the way, how much were you all paid
25   for your two reports?                                  04:21
```