UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

In re:

INACOM CORPORATION, *et al.,*

    Debtors.
_____/

INACOM CORPORATION, etc.,

    Plaintiff,

v.

TECH DATA CORPORATION,
    Defendant and
    Third-Party Plaintiff,

v.

HEWLETT-PACKARD COMPANY,

    Third-Party Defendant.
_____/

Civil Action No. 1:04-cv-00148-GMS

Bankr. Case No. 00-02426 (PJW)
Adv. Pro. No. 02-03496 (PJW)

### DEFENDANT TECH DATA'S MOTION FOR JUDGMENT PURSUANT TO RULE 52(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE FOR FAILURE TO PRESENT A *PRIMA FACIE* CASE UNDER 11 U.S.C. § 547(b)(2)

TECH DATA CORPORATION, the Defendant and Movant herein ("Tech Data") by and through its undersigned counsel, hereby moves pursuant to Rule 52 of the Federal Rules of Civil Procedure (the "Rules") for entry of judgment in its favor and against Plaintiff Inacom Corporation ("Inacom") on the following grounds:

#### STATEMENT OF MATERIAL FACTS

1. On June 28, 2004, the court's order was entered withdrawing the reference to the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") of a number of adversary proceedings brought by Inacom in its bankruptcy case.

{210346.0002/N0569285_1}

2. On or about May 10, 2005, four defendants in these adversary proceedings (Tech Data, Dell Computer Corporation, Lexmark International, Inc., and Ingram Entertainment Inc.) requested and subsequently received from this Court an Order granting consolidation.

3. The trial of this case began on October 17, 2005.

4. The Plaintiff has rested its case.

5. The Plaintiff has failed to prove that Tech Data was a creditor of Inacom at the time of the claimed voidable transfers.

## RELIEF REQUESTED AND REASONS THEREFOR

7. Tech Data requests entry of judgment in its favor and against the Plaintiff Inacom.

8. To avoid a transfer under 11 U.S.C. § 547(b)(2), Inacom must prove by a preponderance of the evidence that the alleged preferential transfers were made for or on account of an antecedent debt owed by Inacom before the transfers were made.

9. The evidence shows that a novation arose as a result of both the Asset Purchase Agreement and the Assignment and Assumption Agreement between Inacom and Compaq Computer Corporation ("Compaq"). As a result, Inacom was no longer obligated to Tech Data, said debt having been assumed by Compaq.

10. Inacom failed to establish that the allegedly preferential transfers were for or on account of an antecedent debt owed by the debtor as required by 11 U.S.C. § 547(b)(2), and, thus, incapable of establishing a *prima facie* preference case under section 547(b).

11. In the absence of the proof of a *prima facie* case, this action is ripe for judgment pursuant to Rule 52(c).

WHEREFORE, Tech Data respectfully requests that the Court enter an Order granting partial judgment in its favor and against the Plaintiff, and for such other and further relief as the Court may

determine to be just and equitable under the circumstances, including but not limited to attorney's fees and costs.

DATED: October ___, 2005

                        Respectfully submitted,

                        /s/ _____
                        ADORNO & YOSS LLP
                        Charles M. Tatelbaum *(Admitted Pro Hac Vice)*
                        Stephen C. Hunt *(Admitted Pro Hac Vice)*
                        350 E. Las Olas Boulevard, Suite 1700
                        Fort Lauderdale, FL 33301
                        Telephone: (954) 763-1200
                        Facsimile: (954) 766-7800
                        *Attorneys for Defendant,*
                        *Tech Data Corporation*

                        -and-

                        HERLIHY, HARKER & KAVANAUGH
                        James F. Harker (Bar No. 255)
                        1400 North Market Street, Suite 200
                        Wilmington, Delaware 19899
                        Telephone: 302-654-3111
                        *Local Counsel for Defendant,*
                        *Tech Data Corporation*