UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

In re:

INACOM CORPORATION, *et al.,*

    Debtors.
_____/

INACOM CORPORATION, etc.,

    Plaintiff,

v.

TECH DATA CORPORATION,
    Defendant and
    Third-Party Plaintiff,

v.

HEWLETT-PACKARD COMPANY,

    Third-Party Defendants.
_____/

Civil Action No. 1:04-cv-00148-GMS

Bankr. Case No. 00-02426 (PJW)
Adv. Pro. No. 02-03496 (PJW)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT FOR FAILURE TO PRESENT A *PRIMA FACIE* CASE UNDER 11 U.S.C. § 547(b)(2)

Charles M. Tatelbaum
Stephen C. Hunt
ADORNO & YOSS LLP
350 E. Las Olas Boulevard
Suite 1700
Fort Lauderdale, FL 33301
Telephone: (954) 763-1200
Facsimile: (954) 766-7800
*Attorneys for Defendant,
Tech Data Corporation*

James F. Harker (Bar No. 255)
HERLIHY, HARKER & KAVANAUGH
1400 North Market Street, Suite 200
Wilmington, Delaware 19899
Telephone: 302-654-3111
*Local Counsel for Defendant,
Tech Data Corporation*

DATED: October ___, 2005

# TABLE OF CONTENTS

## TABLE OF AUTHORITIES

**CASES** | **Page**

*Argus Mgmt. Group v. J-Von N.A. (In re CVEO Corp.)*,
327 B.R. 724 (Bankr. Del. 2005) .................................................................. 3, 4, 7

*Burrell v. State Farm & Cas. Co.*,
226 F. Supp. 2d 427 (S.D.N.Y. 2002) .................................................................. 6

*Callanan Indus. v. Micheli Contr. Corp.*,
508 N.Y.S.2d 711 (N.Y. App. Div. 1986) ............................................................. 4

*Caro-Galvan v. Curtis Richardson, Inc.*,
993 F.2d 1500 (11th Cir. 1993) ...................................................................... 2, 7

*Child World v. Service Merchandise Co. (In re Child World)*,
173 B.R. 473 (S.D.N.Y. 1994) ............................................................................ 3

*duPont v. Southern Nat'l Bank*,
771 F.2d 874 (5th Cir. 1985), *cert. denied*, 475 U.S. 1085 (1986) .................. 6

*Eberhardt v. Comerica Bank*,
171 B.R. 239 (E.D. Mich. 1994) .......................................................................... 6

*Emerson Elec. Co. v. Farmer*,
427 F.2d 1082 (5th Cir. 1970) ............................................................................ 3

*EXDS, Inc. v. Finisar Corp. (In re EXDS, Inc.)*,
2004 Bankr. LEXIS 315, *4 (Bankr. D. Del. 2004) ............................................ 4

*Grant v. Bullock County of Educ.*,
895 F.Supp. 1506 (M.D. Ala. 1995) .................................................................. 3

*Healey v. Healey*,
594 N.Y.S.2d 90 (N.Y. App. Div. 1993) ............................................................. 4

*Int'l Union of Operating Eng'rs, Local Union 103 v. Indiana Constr. Corp.*,
13 F.3d 253 (7th Cir. 1994) ................................................................................ 2

*J.P. Fyfe, Inc. of Florida v. Bradco Supply Corp.*,
891 F.2d 66 (3d Cir. 1989) ................................................................................. 4

*Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*,
348 F. Supp. 2d 165 (S.D.N.Y. 2004) ................................................................. 6

*Lithuanian Commerce Corp. v. Sara Lee Hosiery*,
47 F. Supp. 2d 523 (D. N.J. 1999) ..................................................................... 2

*Maryland Cas. Co. v. W.R. Grace & Co.*,
1995 U.S. Dist. LEXIS 13715, *33–4 (S.D.N.Y. 1995) ..................................... 6

*Mcneil v. Cusato,*
  1998 Del. Super. LEXIS 725, *9 (Del. Super. Ct. 1998) ................................................. 4

*Nat'l Tour Assoc., Inc. v. Rodriguez,*
  221 B.R. 1012 (M.D. Fla. 1998) ................................................................................. 2, 7

*Newark Branch, NAACP v. City of Bayonne,*
  134 F.3d 113 (3d Cir. 1998) ............................................................................................ 2

*Regency Holdings (Cayman), Inc. v. Microcap Fund, Inc. (In re Regency Holdings (Cayman), Inc.),*
  216 B.R. 371 (Bankr. S.D.N.Y. 1998) ............................................................................ 2

*Rego v. ARC Water Treatment Co.,*
  181 F.3d 396 (3d Cir. 1999) ............................................................................................ 2

*Smith v. Creative Fin. Mgmt. Inc. (In re Virginia-Carolina Fin. Corp.),*
  954 F.2d 193 (4th Cir. 1992) ........................................................................................... 4

*Stokes v. Perry,*
  1997 U.S. Dist. LEXIS 20197 (S.D.N.Y. 1997) .......................................................... 2, 6

*The Fonda Group, Inc. v. Marcus Travel (In re The Fonda Group, Inc.),*
  108 B.R. 956 (Bankr. D. N.J. 1989) ................................................................................ 4

*United States ex rel. Ervin and Assocs., Inc. v. The Hamilton Sec. Group, Inc.,*
  298 F. Supp. 2d 91 (Dist. D.C. 2004) ............................................................................. 6

*Waslow v. The Interpublic Group of Cos. (In re M Group, Inc.),*
  308 B.R. 697 (Bankr. D. Del. 2004) ............................................................................... 3

## STATUTES

United States Bankruptcy Code Section 547(b) ................................................... 1, 2, 3, 6

United States Bankruptcy Code Section 547(b)(2) ..................................................... 1, 3, 5

## RULES

Federal Rule of Civil Procedure 52(c) ..................................................................... passim

Local Rule of Civil Practice and Procedure 7.1.3 ................................................................ 1

## I. INTRODUCTION

In support of its simultaneously filed motion pursuant to Federal Rule of Civil Procedure 52(c) for judgment in favor of Defendant Tech Data Corporation ("Tech Data"), Defendant respectfully submits this memorandum of law in accordance with Rule 7.1.3 of the Local Rules of Civil Practice and Procedure. It is the position of Tech Data that Plaintiff Inacom Corporation ("Inacom") has failed to establish a *prima facie* case under Section 547(b) of the United States Bankruptcy Code, and such failure being fatal to the Plaintiff's cause of action, this matter is ripe for judgment, at the conclusion of Inacom's case presentation.

## II. NATURE AND STAGE OF THE PROCEEDINGS

On June 28, 2004, the court's order was entered withdrawing the reference to the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") of a number of adversary proceedings brought by Inacom in its bankruptcy case. On or about May 10, 2005, four defendants in these adversary proceedings (Tech Data, Dell Computer Corporation, Lexmark International, Inc., and Ingram Entertainment Inc.) requested and subsequently received from this Court an Order granting consolidation.

Trial of this case began on October 17, 2005, without a jury. Inacom, as Plaintiff, has concluded its case presentation, has been fully heard on its case in chief and has rested.

## III. SUMMARY OF THE ARGUMENT

For purposes of avoiding allegedly preferential transfers, the burden of proving each of the elements of Section 547(b)(2) falls to the Plaintiff. Where such a burden is

not carried, no *prima facie* case is established, and no judgment for the Plaintiff under Section 547(b) can be possible. Where no such verdict can be possible, judgment for Tech Data is appropriate and furthers the interests of both expeditious litigation and judicial economy. For the reasons set forth below, judgment should be granted in favor of Tech Data.

## IV. STANDARD FOR GRANTING JUDGMENT

A motion for judgment pursuant to Rule 52(c) "should be granted where the plaintiff fails to make out a prima facie case, or despite a prima facie case, the court determines that the preponderance of evidence goes against the plaintiff's claim." *Regency Holdings (Cayman), Inc. v. Microcap Fund, Inc. (In re Regency Holdings (Cayman), Inc.)*, 216 B.R. 371, 375 (Bankr. S.D.N.Y. 1998). When a party which has failed to establish a *prima facie* case, a court may enter judgment as a matter of law during a trial without a jury once that party has been fully heard on the issue. FED. R. CIV. P. 52(c). *See also Rego v. ARC Water Treatment Co.*, 181 F.3d 396 (3d Cir. 1999); *Newark Branch, NAACP v. City of Bayonne*, 134 F.3d 113 (3d Cir. 1998); *Int'l Union of Operating Eng'rs, Local Union 103 v. Indiana Constr. Corp.*, 13 F.3d 253, 257 n.3 (7th Cir. 1994); *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 47 F. Supp. 2d 523 (D. N.J. 1999); *Stokes v. Perry*, 1997 U.S. Dist. LEXIS 20197 (S.D.N.Y. 1997). A court need not weigh the evidence for or against a particular party when applying Rule 52(c), and need merely determine whether the plaintiff has established a *prima facie* case. *Nat'l Tour Assoc., Inc. v. Rodriguez*, 221 B.R. 1012, 1015 (M.D. Fla. 1998) (*citing Caro-Galvan v.*

*Curtis Richardson, Inc.*, 993 F.2d 1500 (11th Cir. 1993)). In its evaluation of the evidence, a court should draw no special inferences in favor of the non-moving party. *Grant v. Bullock County of Educ.*, 895 F. Supp. 1506, 1509 (M.D. Ala. 1995) (*citing Emerson Elec. Co. v. Farmer*, 427 F.2d 1082, 1086 (5th Cir. 1970)).

**V. ARGUMENT AND AUTHORITIES**

A.   **Inacom Has Failed to Establish a Prima Facie Case Under § 547(b)(2), and Judgment Should Be Rendered in Favor of Tech Data**

Section 547(b) of the Bankruptcy Code permits a trustee to avoid certain pre-petition transfers as being preferential. Section 547(b) sets forth five enumerated elements, each of which must be proven, in order for the court to avoid the claimed preferential transfer. A transfer may not be avoided under Section 547(b) of the Bankruptcy Code unless "each and every element is proven." *Argus Mgmt. Group v. J-Von N.A. (In re CVEO Corp.)*, 327 B.R. 724, 728 (Bankr. Del. 2005) (*quoting Waslow v. The Interpublic Group of Cos. (In re M Group, Inc.)*, 308 B.R. 697, 700 (Bankr. Del. 2004)). Section 547(b)(2) describes one of these elements, requiring that the transfer to be avoided have been made "for or on account of an antecedent debt owed by the debtor before such transfer was made." 11 U.S.C. § 547(b)(2). No prima facie case can be established without an affirmative showing by the plaintiff that Section 547(b)(2) is applicable, and only when a plaintiff or trustee "puts forth sufficient proof to establish a *prima facie* preference, the burden shifts, and the creditor is given the opportunity to establish by preponderance of the evidence that one of the enumerated exceptions in 11 U.S.C. § 547(c) applies." *Child World v. Service Merch. Co. (In re Child World)*, 173

B.R. 473, 476 (S.D.N.Y. 1994) (*citing J.P. Fyfe, Inc. of Florida v. Bradco Supply Corp.*, 891 F.2d 66, 69–70 (3d Cir. 1989)).

"Although the term antecedent debt' is not defined by the Bankruptcy Code, a debt is antecedent' when the debtor becomes legally bound to pay before the transfer is made." *Argus Mgmt. Group*, 327 B.R. at 729 (*quoting The Fonda Group, Inc. v. Marcus Travel (In re The Fonda Group, Inc.)*, 108 B.R. 956, 959 (Bankr. D. N.J. 1989)). "A common sense approach for determining whether a loan repayment is 'for . . . [an antecedent] debt owed by the debtor' is to consider whether the creditor would be able to assert a claim against the estate, absent the repayment." *EXDS, Inc. v. Finisar Corp. (In re EXDS, Inc.)*, 2004 Bankr. LEXIS 315, *4 (Bankr. D. Del. 2004) (*quoting Smith v. Creative Fin. Mgmt. Inc. (In re Virginia-Carolina Fin. Corp.)*, 954 F.2d 193, 197 (4th Cir. 1992)).

It is Tech Data's position that the evidence presented fully supports the conclusion that at the time of the allegedly preferential transfers, the debt owed by Inacom to Tech Data had been the subject of a novation as of the date of the closing on the sale of assets, and had become the responsibility of Compaq as of that date. Under both New York and Delaware law, four elements are required to show the existence of a novation: "(1) a previously valid obligation; (2) agreement of all parties to a new contract; (3) extinguishment of the old contract; and (4) a valid new contract." *Healey v. Healey*, 594 N.Y.S. 2d 90, 91 (N.Y. App. Div. 1993) (*quoting Callanan Indus. v. Micheli Contr. Corp.*, 508 N.Y.S. 2d 711, 712 (N.Y. App. Div. 1986)); *Mcneil v. Cusato*, 1998 Del. Super. LEXIS 725, *9 (Del. Super. Ct. 1998). Pursuant to the Assignment and

Assumption Agreement signed by Inacom on or about the same date as the Asset Purchase Agreement:

> Buyer does hereby accept all the right, title and interest of Seller in, to and under all of the Purchased Assets (except as foresaid) and Buyer assumes and **agrees to pay**, perform and discharge promptly and fully when due all of the Assumed Liabilities.

In Schedule 2.03, appended to the Assignment and Assumption Agreement, lists Tech Data accounts payable as "Assumed Liabilities." Simply put: Compaq and Inacom expressly consented to a new agreement whereby Compaq would assume full liability for Inacom's accounts payable owed to Tech Data, and under any definition pursuant to New York law, this agreement constituted a novation.

Since a novation results in the extinction of the preexisting agreement, and in this case would by implication result in a loss of privity for Inacom, Inacom has not proven that Tech Data would have been able to assert a legitimate claim against Inacom's estate as required by Section 547(b)(2).

Rule 52(c) of the Federal Rules of Civil Procedure provides:

> (c) Judgment on Partial Findings. If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party with respect to a claim, that cannot under the controlling law be maintained or defeated without a favorable finding on that issue, or the court may decline to render any judgment until the close of the all the evidence. Such a judgment shall be supported by findings of fact and conclusions of law as required by subdivision (a) of this rule.

FED. R. CIV. P. 52(c). *See also Burrell v. State Farm & Cas. Co.*, 226 F. Supp. 2d 427, 433 (S.D.N.Y. 2002) ("Rule 52(c) allows for the entry of judgment as a matter of law only during non-jury trials ....").

Rule 52(c) permits the Court to grant judgment on partial findings when "(1) the party pursuing the claim has not demonstrated the elements of the claim either in fact or in law; or (2) the evidence of the party pursuing the claim has established one of the opposing party's defenses as a matter of fact or law." 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 52.50[2] (3d ed. 2002) (*citing duPont v. Southern Nat'l Bank*, 771 F.2d 874, 879 (5th Cir. 1985), *cert. denied*, 475 U.S. 1085 (1986); *Eberhardt v. Comerica Bank*, 171 B.R. 239, 243 (E.D. Mich. 1994)). Judgment under Rule 52(c) is applicable in the instant case as "[j]udgment for the defendant under Rule 52(c) is appropriate where the plaintiff has failed to make out a *prima facie* case but the court determines that a preponderance of the evidence goes against the plaintiff's claim." *Stokes v. Perry*, 1997 U.S. Dist. LEXIS 20197, *25-6 (S.D.N.Y. 1997). Furthermore, "[a] motion under [Rule 52(c)] is usually made at the close of the plaintiff's case where the plaintiff has failed to carry its burden of proof." *Maryland Cas. Co. v. W.R. Grace & Co.*, 1995 U.S. Dist. LEXIS 13715, *33–4 (S.D.N.Y. 1995) (*citing* 1991 Advisory Committee Note to Rule 52(c)). *See also United States ex rel. Ervin and Assocs., Inc. v. The Hamilton Sec. Group, Inc.*, 298 F. Supp. 2d 91 (Dist. D.C. 2004); *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 348 F. Supp. 2d 165 (S.D.N.Y. 2004). Lastly, "[a] court is **not** required to weigh the evidence for or against a particular party when considering partial judgment under F.R. Civ. P. 52(c), but rather to

determine when the Plaintiff has met its burden of proof in establishing a *prima facie* case." *Nat'l Tour Assoc., Inc. v. Rodriguez*, 221 B.R. 1012, 1015 (M.D. Fla. 1998) (*citing Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500 (11th Cir. 1993)) (emphasis added).

As stated previously, a transfer may not be avoided under Section 547(b) of the Bankruptcy Code unless "each and every element is proven." *Argus Mgmt. Group*, 327 B.R. at 728. In failing to prove that the transfers were on account of antecedent dates, as required by section 547(b)(2), Inacom has failed to carry its burden of proof, and, accordingly, judgment should be rendered in favor of Tech Data pursuant to Rule 52(c).

## VI. CONCLUSION

The burden of establishing a *prima facie* case is and remains that of the Plaintiff, Inacom, and having failed to do so, it is appropriate that this Court grant partial judgment pursuant to Rule 52(c) of the Federal Rules of Civil Procedure in favor of Tech Data. Based upon the matters contained in the concurrently filed Motion and this supporting Memorandum of Law, Tech Data respectfully submits that it is entitled to partial judgment under Rule 52(c) as a matter of law.

DATED:

        ADORNO & YOSS LLP
        Attorneys for the Defendant,
        Tech Data Corporation


        By:_____
        Charles M. Tatelbaum
        Florida Bar No. 177540
        Stephen C. Hunt
        Florida Bar No. 191582
        350 East Las Olas Blvd., Suite 1700
        Fort Lauderdale, Florida 33301
        Telephone: 954-763-1200
        Telecopier: 954-766-7800

        -and-

        HERLIHY, HARKER & KAVANAUGH
        James F. Harker (Bar No. 255)
        (Local Counsel for Defendant,
        Tech Data Corporation)
        1400 North Market Street, Suite 200
        Wilmington, Delaware 19899
        Telephone: 302-654-3111